# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA

EDWARD R. FLYNN, TERRY S. SEYLER and )
GENE E. DAISEY, Individually and on behalf of )
all others similarly situated, )
)
)
Plaintiffs, )
)
v. )
)
MANUFACTURERS AND TRADERS TRUST )
COMPANY a/k/a M&T BANK )
Defendant. )
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION

Filed and Attested by the
Office of Judicial Records
12 SEP 2017 04:44 pm
M. BRYANT

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED.

Counsel of Record for Plaintiffs:
Richard Shenkan
Pa. Id. No. 79800
Shenkan Injury Lawyers, LLC.
6550 Lakeshore St.
West Bloomfield, MI 48323
T: (248) 562-1320
F: (888) 769-1774

**NOTICE TO PLEAD**

To Defendants: You are hereby notified to file a
written response to the within pleading within twenty
(20) days of service hereof or a judgment may be
entered against you.

SHENKAN INJURY LAWYERS, LLC.
_____
Richard Shenkan

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once.  If you do not have a lawyer or if you cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association Lawyer
Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notifiicacion . Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende , la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion . Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisioner de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demands a un abogado immediatamente.. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o flame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

SHENKAN INJURY LAWYERS, LLC.

BY: _____
     Richard Shenkan
     *Attorney for Plaintiff*

### CLASS ACTION COMPLAINT

1.    Representative Plaintiffs Edward Flynn ("Flynn"), Terry S. Seyler ("Seyler") and Gene E. Daisey ("Daisey" and collectively with Flynn and Seyler, "Plaintiffs"), on behalf of themselves and all others similarly situated, hereby file this Class Action Complaint against Defendant M&T Bank Corp ("M&T" or the "Bank") and allege as follows:

## I.    INTRODUCTION

2.    When a secured lender exercises its self-help remedy to repossess its motor vehicle collateral from its consumer debtor, the creditor must adhere to stringent mandatory statutory disclosures to comply with the Pennsylvania Uniform Commercial Code ("UCC"), individually, and in *pari materia* with the Motor Vehicle Sales Finance Act ("MVSFA"). This consumer protection class action seeks monetary relief to redress the Bank's pattern and practice of failing to provide statutorily compliant, commercially reasonable, notices when repossessing and reselling a financed vehicle.

## II.    PARTIES

3.    Edward R. Flynn is an adult individual who, at all times relevant to this Complaint, resided at 218 William Street, Lilly, PA 15938. Plaintiff presently resides in Jacksonville, North Carolina.

4.    Terry S. Seyler is an adult individual who, at all times relevant to this Complaint, resided at 1421 Pine Crest Dr., South Williamsport, PA 17702.

5.    Gene E. Daisey is an adult individual who at all times relevant to this Complaint, resided at 770 Slocum Road Wapwallopen, PA 18660.

6.    Manufacturers and Traders Trust Company, a/k/a M&T Bank (the "Bank") is a regional Bank with its principal office located at One M&T Plaza, Buffalo, New York 14203.

7.    The Bank regularly conducts business throughout Pennsylvania, including in Philadelphia County, where it has the following six locations:

- 117 South 18th Street, Philadelphia, PA 19103

Case ID: 170902754

- 3351 Aramingo Ave, Philadelphia, PA 19134

- 6301 Woodland Ave, Philadelphia, PA 19142

- 7121 Frankford Ave, Philadelphia, PA 19135

- 6500 Castor Ave, Philadelphia, PA 19149

- 9375 Bustleton Ave, Philadelphia, PA 19115

8.     At all relevant times, the Bank was the holder, by way of assignment, of purchase money security agreements between other entities and consumers, for the purchase of vehicles.

9.     Through these assignments, the Bank became the secured party as to each of these consumer vehicle loans.

10.     At all relevant times, the Bank has been the assignee and holder of such loans, secured by Plaintiffs' and putative class members' vehicles at the time each of the subject statutory notices were sent.

## III.  DEFINITIONS

11.     As used in this Complaint, the term "Notice of Repossession" has the same meaning as the term "notification of disposition," as that term is used in 13 Pa.C.S. §§9611 and 9614, and "notice of repossession" as that term is used in 12 Pa. C.S. §6254 and 69 P.S. §623(D) as applicable for certain class members.

12.     As used in this Complaint, the term "Post-Sale Notice" has the same meaning as the term "Explanation of Calculation of Surplus or Deficiency" as that term is used in 13 Pa.C.S. §9616.

## IV.  FACTS

### A.  Terry Seyler

13.     In approximately 2011, the Bank, as secured creditor, caused Seyler's vehicle to be repossessed.

14.     In late 2011, after the repossession, the Bank or its agents sent Seyler a Notice of Repossession.

Case ID: 170902754

15.     Seyler does not possess a copy of this Notice of Repossession, but it is the same or substantially the same form as the Notice of Repossession attached as **Exhibit 1**.

16.     The Bank used the form document Notice of Repossession until July 2012 (hereinafter the "Old Repo Notice"). This Notice of Repossession which the Bank sent to Seyler is in the possession of the Bank and will be obtained in discovery.

17.     Shortly after the sale of Seyler's vehicle, the Bank sent Seyler a Post-Sale Notice. Seyler does not possess a copy of this Post-Sale Notice, but this notice is substantially the same form as the Post-Sale Notice attached as **Exhibit 2**, which is a form Post-Sale Notice that the Bank used (or is using). This document is in the possession of the Bank and will be obtained in discovery.

18.     The portions of these exemplar Notice of Repossession and Post-Sale Notice which are redacted in black consist of the items of personally identifiable information or other information unique to each class member such as their respective repossessed vehicle and account.

19.     Seyler also does not have a copy of the retail installment contract relating to his repossessed vehicle. The document is in the possession of the Defendant and will be obtained in discovery.

## B.  **Gene Daisey**

20.     In February of 2013, the Bank, as secured creditor, caused Daisey's vehicle to be repossessed.

21.     On or about February 19, 2013, the Bank or its agents sent Daisey a Notice of Repossession, attached as **Exhibit 3** (hereafter "New Repo Notice.")

22.     **Exhibit 4** is the form Notice of Repossession which the Bank used after July 2012 (hereinafter the "New Repo Notice").

23.     The portions of this exemplar Notice of Repossession redacted in black are the items of personally identifiable information and other information unique to each class member such as their respective repossessed vehicle and account.

Case ID: 170902754

24.     Daisey also does not have a copy of the retail installment contract relating to his repossessed vehicle. The document is in the possession of the Defendant and will be obtained in discovery.

### C.  Edward Flynn

25.     In approximately October of 2012, the Bank, as secured creditor, caused Flynn's vehicle to be repossessed.

26.     Soon afterwards, the Bank or its agents sent Flynn a Notice of Repossession based on the form of the New Repo Notice.

27.     Flynn does not have a copy of the Notice of Repossession which in the possession of the Bank and will be obtained in discovery.

28.     Shortly after the sale of Flynn's vehicle, the Bank sent Flynn a Post-Sale Notice. Flynn does not have a copy of the Post-Sale Notice, but this notice is substantially the same form as the Post-Sale Notice attached as **Exhibit 2**, which is a form Post-Sale Notice that the Bank used (or is using). The document is in the possession of the Bank and will be obtained in discovery.

29.     On or about October 31, 2012, the Bank executed a PennDOT Form MV-217A in order to facilitate the transfer of the title for Flynn's vehicle to the Bank. **Exhibit 5**.

30.     Flynn also does not have a copy of the retail installment contract relating to his repossessed vehicle. The document is in the possession of the Defendant and will be obtained in discovery.

### V.      STATUTORY NON-COMPLIANCE OF M&T's STATUTORY NOTICES

31.     Every aspect of the Bank's repossession and resale of the Plaintiffs' vehicles and the vehicles belonging to every member of the class, including the notices that it sends to borrowers like Plaintiffs, is governed by Chapter 96, entitled "Default," of the Pennsylvania Uniform Commercial Code (the "UCC").

32.     Thirteen Pa. C.S.A. §9610(b) prohibits the sale of the collateral if the sale is not commercially reasonable. That provision states, in relevant part, as follows:

Case ID: 170902754

> Commercially reasonable disposition – **Every** aspect of a disposition of collateral, including the method, manner, time, place and other terms, must be commercially reasonable. [Only] If commercially reasonable, a secured party may dispose of collateral by public or private proceedings.... (**Emphasis** added)

33.      Every aspect of the Bank's repossession and resale of Plaintiffs' vehicles and the vehicles belonging to every member of the class, including the notices that it sent to borrowers like Plaintiffs, is also governed by Chapter 62 of Title 12 of Pennsylvania Consolidated Statutes Annotated, (formerly Chapter 7 of Title 69 of Purdon's Statutes) relating to the financing of motor vehicle sales (the "MVSFA").[1]

### The UCC and MVSFA must be read in *pari materia*

34.      Repossessors of vehicles, such as the Bank, are required to comply with both the MVSFA and the UCC, which must be applied in *pari materia. Industrial Valley Bank & Trust Co. v. Nash*, 349 Pa. Super. 27, 502 A.2d 1254 (1985).

35.      "Statutes or parts of statutes are in *pari materia* when they relate to the same persons or things or to the same class of persons or things." 1 Pa. C.S. §1932(a).

36.      The MVSFA and the UCC both set forth stringent consumer disclosure notice requirements for secured parties who repossess motor vehicles other than by legal process.

37.      These statutes relate to the same persons or things and/or to the same class of persons or things, that being debtors whose motor vehicles were repossessed outside the judicial process.

38.      "Statutes in *pari materia* shall be construed together, if possible, as one statute." 1 Pa. C.S. §1932(b).

---

[1] The MVSFA was originally found in Chapter 7 of Title 69 of Purdon's Statutes.  In 2014, it was repealed and recodified in Chapter 62 of Title 12 of Pennsylvania Consolidated Statutes.  Substantively, the recodified provisions are substantially the same as the original provisions, although the arrangement is somewhat different.  Each of these versions of the MVSFA controlled during a portion of the class period.

Case ID: 170902754

39.     Further, Comment 9 to 13 Pa.C.S. §9620 states:

> **Applicability of Other Law.** This section does not purport to regulate all aspects of the transaction by which a secured party may become the owner of collateral previously owned by the debtor. For example, a secured party's acceptance of a motor vehicle in satisfaction of secured obligations may require compliance with the applicable motor vehicle certificate-of-title law. **State legislatures should conform those laws so that they mesh well with this section and Section 9-610, and courts should construe those laws and this section harmoniously.** A secured party's acceptance of collateral in the possession of the debtor also may implicate statutes dealing with a seller's retention of possession of goods sold. (**Emphasis** added).

40.     Comment 9 specifically directs courts to construe UCC provisions, including specifically Section 9610, "harmoniously," i.e. in *pari materia,* with other laws that regulate secured transactions. The MVSFA is such a law.

41.     In addition, or in the alternative, the UCC and MVSFA must be interpreted in *pari materia* because certain provision(s) of the UCC is (are) ambiguous in a manner as described below. The ambiguity can be resolved by applying the MVSFA statutory requirements

42.     Relevant ambiguities in the UCC include:

(a)     Whether the comment to §9620 implies the incorporation of the MVSFA;

(b)     Whether reference to "this section" in §9620 refers to Article 9, not just Section 9620;

(c)     Whether the MVSFA and the regulation promulgating the use of the MV-217 constitute "certificate of title laws" as referenced in in §9620; and/or,

(d)     Whether the UCC provides a minimum redemption period or leaves such to a "reasonableness standard" pursuant to 9610 and whether such a violation of the MVSFA (which may result in criminal penalty) constitutes a *per se* UCC violation of §9610.

Case ID: 170902754

**Old Repo Notice**

43.     After the repossession and disposition process, the Bank had a statutory obligation to provide a "reasonable authenticated notification of disposition" (i.e. "Notice of Repossession") by personal delivery, registered mail, or certified mail, immediately after the repossession. 13 Pa.C.S.A. §9611(b), 12 Pa.C.S.A. §6254(a) and (b) (formerly 69 P.S. 623(D)).[2]

44.     Sections 9613 and 9614 of the UCC and Section 6254(a) (formerly 623(D)) of the MVSFA set forth what information must be included in a Notice of Repossession.

45.     Comment 2 to Section 9614 states that a Notice of Repossession that lacks any of the required information is insufficient as a matter of law.

46.     The Old Repo Notice failed to comply with the requirements for Notices of Repossession set out by the UCC, independently [Par. (a) and (d) below], and the UCC and MVSFA in *pari materia*, by:

(a)     Failing to state that the borrower is entitled to an accounting of the unpaid indebtedness, and the charge, if any, for such accounting. 13 Pa.C.S. §9614(1)(i) violation, as incorporating §9613(1);

(b)     Failing to state the intent to resell the vehicle at the expiration of 15 days from the date of mailing of the notice (the notice provided fewer than 15 days); 12 Pa.C.S. §6254(c)(3) (formerly 69 P.S. § 623(D) violation;

(c)     Failing to state that any personal property left in the vehicle would be held for thirty days from the date of the mailing of the notice. 12 Pa.C.S. §6254(c)(6) (formerly 69 P.S. § 623(D) violation; and/or,

(d)     Failing to provide a commercially reasonable notice in connection with the disposition by violating one or more of the items in (a) – (c) above. 13 Pa.C.S. §9610 violation.

---

[2] Plaintiffs are not asserting an independent MVSFA claim, but only in *pari materia* with the UCC, along with a claim under 13 Pa. C.S.A. §9610 that the Bank's conduct was commercially unreasonable. *See, Indus. Valley Bank & Trust Co. v. Nash, supra*. and 13 Pa. C.S. §9610.

Case ID: 170902754

### New Repo Notice

47.     The New Repo Notice also violates the UCC, independently, [Par. (a) and (d) below] and

the UCC and MVSFA in *pari materia*, by:

   (a)     Failing to accurately describe liability for a deficiency of the borrower; 13
           Pa.C.S. §9614(1)(ii);

   (b)     Failing to provide an accurate itemized statement of the total amount
           required to redeem the motor vehicle; 12 Pa.C.S. §6254(c)(2)(formerly 69
           P.S. §623(D));

   (c)     Failing to accurately state class members' right to redemption in violation
           of 13 Pa.C.S. §9623 and 12 Pa.C.S. §6254(c)(2) (69 P.S. §§623(D) and
           625(B)(2)), as set forth below; and/or,

   (d)     Failing to provide a commercially reasonable notice in connection with
           the disposition by violating one or more of the items in (a) – (d) above. 13
           Pa.C.S. §9610 violation.

48.     13 Pa. C.S. §9623(b) provides that the amount required to redeem a repossessed vehicle

includes an amount sufficient to pay all obligations secured by the collateral and certain reasonable

expenses and attorney fees.

49.     This is consistent with Section 6254(c)(2) (formerly 69 P.S. § 623(D)) of the MVSFA,

which speaks of redemption involving "payment of the contract in full."

50.     It is also consistent with Section 6259(b)(2)[3], which provides:

> **(b) Redemption.—**. . . . . . the buyer may redeem the motor vehicle and
> terminate the installment sale contract by payment or tender of payment to the
> holder of the following amounts:
> *   *   *   *
> (2) If default at the time of repossession exceeds 15 days, the sum of the
> following, less rebate of any unearned finance charge:
> (i) The unpaid time balance.

---

[3] Formerly, 69 P.S. P.S. §625(B)(2) provided:

> When default at the time of repossession exceeded fifteen (15) days, the amount of
> the unpaid time balance, plus the amount of any accrued default charges authorized by this act,
> plus costs of retaking, repairing, repossessing and storing authorized by this act, plus any other
> amount lawfully due under the contract, less rebate of unearned finance charge.

Case ID: 170902754

(ii) Accrued late charges authorized by this chapter.
(iii) The costs of retaking, repairing and storing under section 6256.
(iv) Any other amount lawfully due under the contract.

51.     The New Repo Notice informed Daisey that he could redeem his vehicle at any time before the Bank sold it "**by paying us the full amount you owe (not just the past due payments)**, including our expenses." (Emphasis added)

52.     The New Repo Notice then stated, "[t]o redeem the vehicle, you must pay the **total redemption amount** set forth below…" (Emphasis added)

53.     Beneath this statement in the New Repo Notice appears the following table:

| | | |
|---|---|---|
| Past Due Payments: | $ 750.68 | |
| Accrued late charges: | $  61.60 | |
| Collection charges: | $   0.00 | |
| Expense of repossessing the Vehicle: | $ 385.00 | |
| Expense of storing the Vehicle: | $ 175.00 | [5 days at $35.00 per day] |
| Expense of preparing/repairing the Vehicle for sale: | $ 200.00 | |
| Other expenses: (Specify) _____ | $   0.00 | |
| **Total redemption amount:** | **$1,572.28** | |

Plus any expenses incurred and less any refunds received after the date of this notice.

54.     The listed "total redemption amount" of $1,572.28 is not an accurate redemption amount pursuant to either the UCC or the MVSFA, because this amount includes only the past due payments plus fees and expenses, not the amount sufficient to pay "all obligations secured by the collateral" plus certain reasonable expenses (13 Pa.C.S. §9623(b)), the amount required for "payment of the contract in full" (12 Pa.C.S. §6254(c)(2))(formerly 69 P.S. §623(D)), or the "unpaid time balance." (12 Pa.C.S. §6259(b)(2)(i))(formerly 69 P.S. §623(B)(2)).

55.     The "total redemption amount" in the Notice of Repossession is not correct as it did not provide the accurate amount to pay "all obligations secured by the collateral," as required.

56.     Daisey paid the "total redemption amount" listed on the New Repo Notice, however, the Bank did not convey title to the vehicle in satisfaction of the loan obligation (i.e. permit him to redeem).

Case ID: 170902754

Instead, the Bank informed him (just like hundreds of other class members who paid the "total redemption amount" listed in the Notice of Repossession) that, despite the clear language of the Notice of Repossession, the class member still owed significantly more money to satisfy their loan.

57.     The Bank similarly treated other class members who attempted to redeem their vehicles in exactly the same manner – by failing to comply with the representations that it made in the disclosure notice, requiring the class member who chose to "redeem" to pay more than the total redemption amount stated in the Notice of Repossession.

58.     Redemption and reinstatement are two entirely different concepts. *Compare, e.g.* MVSFA 12 Pa.C.S.§6258 (formerly 69 P.S. §624), "Reinstatement of contract after repossession" and 12 Pa.C.S. §6259 (formerly 69 P.S. §625), "Redemption and termination of contract after repossession."

59.     The error of conflating these two concepts in the New Repo Notice is commercially unreasonable because it misinforms the consumer that he/she can redeem the vehicle for a sum certain that is not honored by the Bank.

60.     The systemic inaccurate representation in the New Repo Notice is not commercially reasonable, in violation of 13 Pa.C.S. §9610(b), 13 Pa.C.S. §9623(b); 12 Pa.C.S. §6254(c)(2)(formerly 69 P.S. §623(D)); and 12 Pa.C.S. § 6259(b)(2)(i))(formerly 69 P.S. §623(B)(2)).

61.     In addition, the New Repo Notice fails to provide the accurate amount to pay all obligations secured by the collateral, as required by Section 9623.

62.     In the alternative to the above paragraphs, if the incorrect "Total redemption amount" on the notices is deemed not to violate the UCC and MVSFA in *pari materia*, the Bank still violated 13 Pa.C.S. §9610(b) because it uniformly and commercially unreasonably refused to redeem vehicles for the "Total redemption amount(s)" listed in this Notice of Repossession, but rather would only reinstate the loan once the "redemption amount" had been paid.

Case ID: 170902754

## **Commercially Unreasonable Expenses**

63.     As set forth above, the New Repo Notice received by Daisey includes a $175 amount for "the Expense of storing the Vehicle."

64.     This amount is shown as being $35.00 per day for 5 days.

65.     As a matter of policy and practice, the storage expense that the Bank actually paid or was charged per day (or that the Bank would have been obligated to pay, in cases of a reinstatement and/or redemption) was less than the daily rate the Bank stated in one or more of its Notices of Repossession.

66.     Notices of Repossession are required to include "[a] description of any liability for a deficiency." 13 Pa.C.S. §9614(1)(ii).

67.     Consistent with the Bank's policy, the Notice of Repossession sent to one or more Plaintiffs as well as class members did not accurately set forth the <u>actual</u> storage expense which was or, in the ordinary course of the Bank's business, would have been charged to the Bank. Rather, the Notice of Repossession presented an inflated amount. This commercially unreasonable policy and practice is believed to have continued to exist in one or more of the Bank's Notices of Repossession.

68.     The Bank's failure to set forth the *actual* cost of storage violates the UCC and MVSFA, is commercially unreasonable in violation of 13 Pa. C.S. §9610 and §9614 and 12 Pa.C.S.A. §6254(c)(2) (formerly 69 P.S. §623(D)), and is inconsistent with the Bank's representation of the term "expense" in its Notice of Repossession which states, *inter alia*, "<u>Expense</u> of storing the Vehicle" and "Plus any <u>expenses</u> incurred and less any refunds received after the date of this notice." (Emphasis added)

69.     The Bank systematically misstated the cost of storage on the Notice(s) of Repossession (New Repo Notices and Old Repo Notices) it sent to Flynn, Daisey and Class Members because the repossessor would systemically charge the Bank a much lower price daily storage rate in the event that the client did not redeem/reinstate the loan.  The Bank's customers would be forced, as a precondition to reinstatement/redemption to pay this inflated rate to reinstate/redeem.

Case ID: 170902754

70.     At all relevant times, however, the Bank was obligated to charge for its <u>actual costs</u> <u>incurred</u> (or reasonably expected to be incurred by it). 69 P.S. § 623(E).12 Pa.C.S.A. §6256 (formerly 69 P.S. §623(E)).

71.     In essence, the use of this inflated storage fee resulted in the Bank essentially permitting the repossessor to illegally interpose a lien on the class members' property and had a chilling effect for the client to reinstate/redeem their loan.

72.     Daisey and other class members had no choice but to pay this inflated storage fee as a precondition for the release of his/their repossessed vehicles.

73.     In addition, the Bank charged or assessed other commercially unreasonable fees such as, but not limited to, a reinstatement and/or redemption fee, an administrative fee, and/or other expenses that were not actual and/or not commercially reasonable. These expenses were not reasonably expected to be paid by the Bank and/or provided no benefit to the Plaintiffs and class members.

74.     At all times relevant times, the Bank systemically failed to disclose (or accurately disclose) these "not actual" and/or commercially unreasonable expenses in the Notice of Repossession even though they were assessed, as a matter of policy and practice, a precondition prior to the redemption and/or reinstatement.

75.     Additional information regarding these miscellaneous not-actual and/or commercially unreasonable expenses is within the possession, custody, and control of the Bank (not any of the Plaintiffs) and will be obtained in discovery.

**Post-Sale Notice**

76.     13 Pa.C.S. §9616 states that after a vehicle is sold, the holder is required to send the buyer an explanation of surplus or deficiency (a "post-sale notice").

77.     In subsection (c), Section 9616 specifies the information that must be contained in such a post-sale notice, as well as the sequence in which that information must be presented.

78. A Post-Sale notice "must," in accordance with 13 Pa. C.S.A. §9616(a):

A. State the amount of the surplus or deficiency

B. Provide an explanation in accordance with 9616(c) of how the secured party calculated the surplus or deficiency:

 1. Under 9616(c), the Post-Sale Notice "must provide the following information, in the following order" (emphasis added):

  a. The aggregate amount of the obligation secured by the security interest, and, if the amount reflects a rebate of unearned interest or credit service charge, a timely indication of that fact;

  b. The amount of proceeds of the disposition;

  c. The aggregate amount of the obligations after deducting the amount of proceeds;

  d. The amount, in aggregate or by type, and types of expenses, including expenses of retaking, holding, preparing for disposition, processing and disposing of the collateral and attorney fees secured by the collateral which are known to the secured party and relate to the current disposition;

  e. The amount, in the aggregate or by type and types of credits, including rebates of interest or credit service charges, to which the obligor is known to be entitled and which are not reflected in the amount in paragraph a. above; and,

  f. The amount of the surplus or deficiency.

C. State, if applicable, that future debits, credits, charges, rebates and expenses may affect the amount of the surplus or deficiency; and,

D. Provide a telephone number or mailing address from which additional information concerning the transaction is available.

79. Official Comment No. 2 states, in pertinent part:

> [I[n every consumer-goods transaction, the debtor or obligor is entitled to know the amount of a surplus or deficiency and the basis upon which the surplus or deficiency was calculated. ... [A] secured party is obligated to provide this information no later than the time that it accounts for and pays a surplus or the time of its first written attempt to collect the deficiency.

13 Pa. C.S. §9616, Official Comment 2. (Emphasis added)

Case ID: 170902754

80.     The Post-Sale Notices sent to Plaintiffs Flynn and Seyler, and to class members, violated 13 Pa.C.S. §9616 by:

(a)     Failing to state the amount of the aggregate obligation after deducting the proceeds of disposition. 13 Pa.C.S. §9616(c)(3).

(b)     Failing to state the amount of credits related to the disposition. 13 Pa.C.S. §9616(c)(5).

(c)     Failing to include any indication that the aggregate amount of obligations reflected a rebate that would give rise to a credit, as required by Section 9616(c)(1); and,

(d)     Failing to state the required information in the correct order.

81.     As set forth in the following table, in the Post-Sale Notices sent to Plaintiffs Flynn and Seyler and to other class members, the Bank failed to present all of the required information and/or it failed to provide the information in the correct order.

| COLUMN A<br>9616 ORDER REQUIREMENTS | COLUMN B<br>BANK'S NOTICE |
|---|---|
| Aggregate obligation | Aggregate obligation |
| Proceeds of disposition | Proceeds of disposition |
| Aggregate obligation after deducting proceeds of disposition | **[No Disclosure Made]** |
| Expenses | Expenses |
| Credits | **[No Disclosure Made]** |
| Surplus or Deficiency | Surplus or Deficiency |

82. The failure to send a Post-Sale Notice that complied with Section 9616 was commercially unreasonable in violation of 13 Pa.C.S. §9610(b).

## VI.   TITLE TRANSFERS ACCOMPLISHED THROUGH FALSE CERTIFICATIONS TO PENNDOT

83.     For all class members who did not redeem their vehicle or reinstate their contract, including Flynn and Seyler, the Bank or its agent submitted to PennDOT an executed Form MV-217A in order to obtain a new title to each repossessed vehicle.

16

Case ID: 170902754

84.     An exemplar MV-217A is attached as **Exhibit 6**.

85.     In executing and submitting the forms MV-217A, the Bank certified that it had "complied with all applicable laws and regulations of Pennsylvania" relating to the repossession of the vehicles of all class members that had not been redeemed.

86.     This representation is not true.

87.     As set forth above, contrary to its certifications contained its MV-217A submissions, the Bank had not "complied with all applicable laws and regulations of Pennsylvania" in connection with the repossession of the vehicles of all class members because the Bank failed to comply with the UCC, independently, and the UCC and MVSFA in *pari materia*, as described above.

88.     PennDOT would not have issued a new title to the Bank, in its name solely, if the Bank had not misrepresented that "it complied with all applicable laws and regulations."

89.     Seyler, Flynn, and other members of the class whose vehicle titles were improperly transferred to the Bank through the submission of a false certifications in the MV 217A forms have suffered actual harm.

## VII.   THE UCC PROVIDES FOR ACTUAL OR MINIMUM STATUTORY DAMAGES

90.     Pennsylvania's UCC, specifically 13 Pa. C.S. §9625(c)(2), allows consumer debtors such as Plaintiffs (and members of the putative class) to recover statutory damages of not less than the credit service charge (finance charge) plus 10% of the principal amount of the obligation (amount financed). These figures are readily determinable simply by a review of the Form RISC for each class member.

91.     The Official Comments to the UCC are entitled to great weight under Pennsylvania law. Comment 4 to Section 9625 makes clear that these statutory damages are intended to establish a secured party's liability for violations of, *inter alia*, the notice provisions, in consumer goods transactions,

Case ID: 170902754

regardless of whether "actual damages" are greater, lesser, or even absent.  That Comment states in pertinent part:

> **4. Minimum Damages in Consumer-Goods Transactions.** Subsection (c)(2) provides a minimum, statutory, damage recovery for a debtor and secondary obligor in a consumer-goods transaction.  It is patterned on former Section 9-507(1) and is designed to ensure that every noncompliance with the requirements of Part 6 in a consumer-goods transaction results in liability, regardless of any injury that may have resulted. Official Comment to §9625(c)(2).

92.     Actual damages are also permitted for violations of the UCC. 13 Pa. C.S. §9625(b).

93.     Actual damages are readily determined, in part, from records in the possession, custody, or control of the Bank, the Department of Revenue, and/or PennDOT. Such records will to help to determine, *inter alia*, the sale price of the repossessed vehicle.  Because the title to the repossessed vehicle was obtained via a materially false certification by the Bank, the value of the chattel is the appropriate measure of damages.

94.     Plaintiffs and Class Members seek the greater of the actual and minimum statutory damages pursuant to 13 Pa. C.S. §9625(b) and (c)(2).

95.     13 Pa.C.S. §9625(e)(5) provides for $500 in statutory damages for each violation of Section 9616.

96.     When a creditor fails to act in a commercially reasonable manner on all aspects of the sale of a repossessed vehicle, including the sending of compliant Notices of Repossession and Post-Sale Notices (in violation of the UCC, independently, and/or, the UCC and MVSFA in *pari materia*), the value of collateral is presumed by law to equal the indebtedness secured, thereby extinguishing the indebtedness, unless the secured party rebuts the presumption. *Savoy v. Beneficial Consumer Discount Co.*, 503 Pa. 74, 78 (1983). Accordingly, because of the commercial unreasonableness of the Bank's conduct as set forth below, the deficiency balances of the Plaintiffs and class members are disputed and should be extinguished.

Case ID: 170902754

97.     The Bank has a duty to submit a corrective tradeline (i.e., an "XB" credit code) on all credit reports of these Plaintiffs and class members that any purported deficiency balance is disputed as a result of this pending claim. Doing so will minimize the impact of this improper submission on Plaintiffs' and class members' credit score and help to mitigate the Bank's damages.

## VIII.  CLASS ALLEGATIONS

98.     Plaintiffs bring this action on their own behalf and on behalf of four classes and a subclass of individuals designated pursuant to Rules 1701-1717 of the Pennsylvania Rules of Civil Procedure.

99.     Plaintiffs propose a class, the "Notice of Repossession Class," defined as: All persons:

   (a) who entered into a retail installment sales contract in Pennsylvania to finance the purchase of a motor vehicle primarily used for personal, family or household use and whose retail installment sales contract was assigned to the Bank; and,

   (b) from whom the Bank, as secured party, repossessed the vehicle or ordered it to be repossessed; and,

   (c) who had a Pennsylvania address as of the date of repossession; and,

   (d) who, during the period from 6 years prior to the filing of this Complaint through the date of class certification, either:

     i.  were not sent a Notice of Repossession; or,

    ii.  were sent a Notice of Repossession which:

       1.  Failed to accurately state that the borrower is entitled to an accounting of the unpaid indebtedness, and the charge, if any, for such accounting;

       2.  Failed to provide an accurate itemized statement of the total amount required to redeem the motor vehicle;

       3.  Failed to state the Bank's intent to resell the vehicle at the expiration of 15 days from the date of the Notice of Repossession;

       4.  Failed to state that any personal property left in the repossessed vehicle would be held for thirty days from the date of the mailing of the notice; and/or,

       5.  Failed to accurately describe the liability for a deficiency balance.

Case ID: 170902754

100.   Plaintiffs proposes a class, the "Excessive Expense Class," defined as: All persons:

    (a) who financed the purchase of a motor vehicle primarily for personal, family or household use and whose installment sales contract was assigned to the Bank;

    (b) from whom the Bank, as secured party, repossessed the vehicle or ordered it to be repossessed;

    (c) who had a Pennsylvania address as of the date of repossession; and,

    (d) who, during the period from 6 years prior to the filing of the Complaint through the date of class certification were sent a Notice of Repossession;

    (e) which disclosed expense(s) that were either greater than the actual expense incurred by the Bank and/or expected by the Bank to be paid by it; or,

    (f) were not reasonable expenses.

101.   Plaintiffs propose a subclass to the Notice of Repossession Class, hereafter the "MV-217A Subclass," defined as:

> All persons in the Notice of Repossession Class whose repossessed vehicles were transferred to the Bank by either the Bank or its agents, via the use of PennDOT's Form MV-217A.

102.   Plaintiffs propose a class, the "Post-Sale Notice Class," defined as: All persons:

    (a) who financed the purchase of a motor vehicle primarily for personal, family or household use and whose installment sales contract was assigned to the Bank;

    (b) from whom the Bank, as secured party, repossessed the vehicle or ordered it to be repossessed;

    (c) who had a Pennsylvania address as of the date of repossession;

    (d) whose vehicle was resold by the Bank; and,

    (e) who, during the period from six years prior to the filing of this Complaint to the date of class certification:

        (i)  either were not sent a Post-Sale Notice; or,

        (ii) were sent a Post-Sale Notice which failed to contain all of the following information, in the following order:

Case ID: 170902754

1. first, the aggregate amount of the obligation secured by the security interest, and, if the amount reflects a rebate of unearned interest or credit service charge, a timely indication of that fact;

2. second, the amount of proceeds of the disposition;

3. third, the aggregate amount of the obligations after deducting the amount of proceeds;

4. fourth, the amount, in aggregate or by type, and types of expenses, including expenses of retaking, holding, preparing for disposition, processing and disposing of the collateral and attorney fees secured by the collateral which are known to the secured party and relate to the current disposition;

5. fifth, the amount, in the aggregate or by type and types of credits, including rebates of interest or credit service charges, to which the obligor is known to be entitled and which are not reflected in the amount in sub-paragraph 1 above; and,

6. lastly, the amount of the surplus or deficiency.

## IX. CLAIMS

### COUNT 1
### PENNSYLVANIA COMMERCIAL CODE (UCC)
### (Notice of Repossession Class and Excessive Expense Class)

103.    Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

104.    As set forth above, the Bank sent one or more Notices of Repossession to Plaintiff(s) and class members which did not contain all of the information required by 13 Pa. C.S. 9614(1)(i) and (ii).

105.    The Bank failed to state in the "Old Repo Notice" that the debtor is entitled to an accounting of the unpaid indebtedness and the charge, if any, for an accounting. §9613(1)(iv) as incorporated into §9614(1)(i).

106.    The Old Notice of Repossession is commercially unreasonable as stated in ¶46.

Case ID: 170902754

107.     The Bank has used one or more other Notices of Repossession that continues to violate one or more statutes as set forth in ¶¶46 - 62

108.     The Bank also has imposed inflated expenses as more fully set forth in ¶¶63-75 above.

109.     In addition, and/or in the alternative, the Bank failed to send any Notice of Repossession to Plaintiff(s) and some of the members of these two classes.

110.     Accordingly, the Bank is liable to each member of the Notice of Repossession Class and the Excessive Expense Class pursuant to 13 Pa.C.S.A. §9625(b) and (c) for the greater of the statutory damages set forth above, or the actual damages suffered by that member as a result of the Bank's non-compliance with the foregoing notice requirements.

## COUNT 2
### UCC AND MVSFA IN *PARI MATERIA*
### *Indus. Valley Bank and Trust Co. v. Nash,* 349 Pa. Super. 27, 502 A.2d 1254 (1985).
### (Notice of Repossession Class and Excessive Expense Class)

111.     Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

112.     As set forth above, particularly ¶¶46 - 62 above, the Notices of Repossession, including the Old Repo Notices and the New Repo Notices, sent to Plaintiffs and class members do not contain all of the, and/or accurate, information required by the UCC and MVSFA in *pari materia* in violation of 13 Pa. 9610 and *Indus. Valley Bank and Trust Co. v. Nash,* 349 Pa. Super. 27, 502 A.2d 1254 (1985).

113.     Accordingly, the Bank is liable to each member of the Notice of Repossession Class and the Excessive Expense Class pursuant to 13 Pa.C.S.A. §9625 (b) and (c) for the greater of the statutory damages set forth above, or the actual damages suffered by that member as a result of the Bank's non-compliance with the foregoing notice requirements.

Case ID: 170902754

## COUNT 3
### 13 PA. C.S. §9616
#### (Post-Sale Notice Class)

114.     Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

115.     As set forth above in ¶¶76-82, the Post-Sale Notice sent to Plaintiffs and class members did not comply with 13 Pa.C.S. §9616.

116.     At all relevant times, the Bank employed a pattern and practice to send non-compliant Post-Sale Notices to Plaintiff(s) and class members.

117.     Accordingly, the Bank is liable to each member of the Post-Sale Notice Class in the amount of $500 under Section 9625(e).

## COUNT 3
### FALSE CERTIFICATIONS ON PENNDOT FORMS MV-217A
### 13 Pa. C.S. §9610
#### (MV-217A Subclass)

118.     Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

119.     As set forth above, in paragraphs ¶¶83 - 89, the Bank falsely certified on the PennDOT MV-217A form that it had complied with all applicable Pennsylvania law in the repossession and resale of the vehicles of the members of the MV-217A Subclass.

120.     These false certifications were commercially unreasonable, in violation of Section 9610(b).

121.     Section 9610(b) provides: "If commercially reasonable, a secured party may dispose of collateral by public or private proceedings, by one or more contracts, as a unit or in parcels and at any time and place and on any terms."

122.     If a secured party's conduct is not commercially reasonable, it cannot dispose of the collateral.

Case ID: 170902754

123.    Because, as set forth above, if the Bank's conduct was not commercially reasonable, it was not legally entitled to dispose of the vehicles of the members of the MV-217A Subclass.

124.    Accordingly, the Bank's wrongful disposition of these vehicles, gives rise to liability of the Bank to each member of the MV-217A Subclass, in an amount equal to the value of the vehicle.

125.    The Bank's commercially unreasonable conduct in falsely certifying its compliance with Pennsylvania law, violated 13 Pa.C.S. §9610(b).

126.    But for the Bank's systematically inaccurate certifications to PennDOT, the Bank would not have been able to have effectuated the transfer of title to the repossessed vehicles of Plaintiffs and class members and sell its repossessed collateral. While the Bank may have had the right to have repossessed these vehicles, it did not have the right to transfer title due to its non-compliance with stringent PennDOT re-titling process.

127.    Accordingly, the Bank is liable to each member of the Post-Sale Notice Class, pursuant to 13 Pa.C.S.A. §9625(b) and (c) for the greater of the statutory damages set forth above, or the actual damages suffered by that party as a result of the Bank's commercially unreasonable false certifications.

WHEREFORE, Plaintiffs, individually and on behalf of the Class, request that this Honorable Court:

A.    Award of the greater of actual or minimum statutory compensatory damages as provided by 13 Pa. C.S. §9625(b) and (c)(2) to each member in the Notice of Repossession Class and Excessive Expense Class;

B.    Award of the statutory compensatory damages as provided by 13 Pa. C.S. §9625(e) to each member of the Post-Sale Notice Class;

C.    Award of compensatory damages equal to the value of each repossessed vehicle to the member of the MV-217A Subclass;

D.    Declare that the notices of repossession used by the Bank fail to comport with the notice provisions of the UCC, individually, and/or the UCC and the MVSFA in *pari materia,* and were commercially unreasonable pursuant to 13 Pa.C.S. §9610, 9623, and/or 9614;

E.    Declare that the post-sale notices used by the Bank violate 13 Pa.C.S. §9616 and were commercially unreasonable pursuant to 13 Pa.C.S. §9610.

F.    Declare that the disputed deficiency balances of Plaintiffs and class members are invalid and not owed, as a matter of law;

Case ID: 170902754

G.    Enjoin the collection of any invalid and disputed deficiency balance as permitted by 13 Pa. C.S. §9625(a);

H.    Temporarily and/or permanently enjoin the use of all statutorily non-compliant notices; and,

I.    Grant such other and further relief as may be deemed just and proper.

Respectfully submitted,
Shenkan Injury Lawyers, LLC.

Richard Shenkan
*Attorney for Plaintiffs*

 **M&T Bank**

Consumer Lending Department

### NOTICE OF REPOSSESSION AND SALE OF MERCHANDISE



Storage Location: ██████████████
Collateral: ██████████
Name: ██████████████████
Account Number: ██████████████████          VIN ████████████████

Dear ████████████:
This letter provides the following information:

I.   NOTICE OF PRIVATE SALE: We hereby notify you that you are in default
     under the contract listed above.  Because of your default, M&T Bank
     (MTB) has repossessed the collateral and will sell it
     by private sale on or after ████████████

II.  NOTICE OF RIGHT TO REDEEM: At any time before the sale, you have the
     right to redeem (get back) the collateral by paying certified funds
     to MTB at the address listed below, for the full amount of all past
     due installment payments under your contract (including all late
     charges) and the costs of repossession, preparing, holding and
     advertising the collateral for sale.  The amount due as of the date
     of this letter is as follows:

          PAST DUE PAYMENTS ON YOUR LOAN:
          ACCRUED LATE CHARGES:                   
          REPOSSESSION FEES:
          TOTAL AMOUNT DUE:

This amount is subject to change as additional payments become due, or
costs continue to accrue.  Any additional amount must be paid in order
to redeem the collateral. Once the sale of the collateral has taken
place, MTB will deduct from the sales proceeds all amounts owed
to it.  If there is still money owing after this is done, you are
responsible to pay MTB this deficiency.  If there is money left over,
MTB will pay you this surplus.

If you have filed for relief under the United States Bankruptcy Code,
please understand that this Notice is given to you as a requirement of
State Law and is not an attempt to collect a debt, including any
deficiency after the sale.  Further, if you are no longer the titled
owner of the collateral, this Notice is only for your information, as
the rights referred to above may only be held by the new owner.

Your right to redeem continues until the collateral is sold.  If
you wish to redeem the collateral, or if you have any questions
regarding this notice, please contact us immediately at
1-800-724-8644, or in writing to the address listed below.

Sincerely,
Mr. Guzman
Repossession Specialist

M&T Bank, P.O. Box 767, Buffalo, New York 14240


**EXHIBIT**

Case ID: 170902754

**M&T Bank**

▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬
▬▬▬▬▬▬

RE:   Name: ▬▬▬▬▬▬▬
      Account #: ▬▬▬▬▬▬▬▬▬
      Collateral: ▬▬▬▬▬▬▬▬▬

Dear ▬▬▬▬▬▬▬:

Please be advised that your repossessed collateral was sold at a private auction on ▬▬▬▬▬▬▬▬

Payoff prior to Auction Date:        $ 
Auction Proceeds:                    $ ▬▬▬▬▬
Auction Expense:                     $ ▬▬▬▬▬
Repossession Expense:                $ ▬▬▬▬▬
Total Amount Due/Deficiency:         $ ▬▬▬▬▬

Future debits, credits, charges, interest and expenses, if any, may affect the amount of the deficiency. You may be eligible to rewrite the Total Amount Due into a new loan. Please contact me immediately to make arrangements for repayment of the remaining amount due.

If you fail to contact me immediately, your account may be referred to our Attorneys for legal action. Failure to pay this amount due will affect your Credit Rating and may result in a judgment, which may lead to garnishment of your wages, and/or a lien on any property you may own. These procedures will result in additional expense to you.

If you have filed for relief under the United States Bankruptcy code, please understand that this notice is given to you as a requirement of state law and is not an attempt to collect a debt.

You may call me at 1-800-724-8644.

▬▬▬▬▬▬▬▬▬▬

Workout Specialist

**EXHIBIT**

**2**

Case ID: 170902754

 **M&T Bank**

**M&T Bank**
Consumer Lending Department
P.O. Box 767, Buffalo, NY 14240
1-800-724-8644

## NOTICE OF REPOSSESSION
## AND
## NOTICE OF OUR PLAN TO SELL PROPERTY

TO:  GENE E DAISEY
770 SLOCAM RD
WAPWALLOPEN, PA 18660__   ("Debtor").

SUBJECT: ___M&T BANK___, dated __02/11/209__, between Debtor and M&T Bank, as secured party, with respect to the following collateral:

| Year 2004 | Make Chevrolet | Model  S10 PICK | Vehicle Identification Number 1GCDT13X24K139998 |
|---|---|---|---|

We have repossessed the motor vehicle described above (the "Vehicle"), because you broke promises in our agreement.

The Vehicle is stored at the following location:  __Don's Auto - MCRC, 5260 Interchange Road, Lehighton, PA 18235__.

We will sell the Vehicle in a public sale or in a private sale, as indicated below.

☐ Public Sale. If this box is checked, we will sell the Vehicle at a public sale. A sale could include a lease or license. The sale will be held as follows:

Date: _____
Time: _____
Place: _____

You may attend the sale and bring bidders if you want.

☒ Private Sale. If this box is checked, we will sell the Vehicle at a private sale sometime after the following date: __3/6/2013__. A sale could include a lease or license.

The money that we get from the public or private sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

REDEMPTION.   You can get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To redeem the Vehicle you must pay the total redemption amount set forth below to: M&T Bank, P.O. Box 767, Buffalo, NY 14240 at any time prior to sale of the Vehicle (which sale may occur at any time after 15 days from the date of this notice):

| | |
|---|---|
| Past Due Payments: | $ 750.68 |
| Accrued late charges: | $ 61.60 |
| Collection charges: | $0.00 |
| Expense of repossessing the Vehicle: | $385.00 |
| Expense of storing the Vehicle: | $175.00[_5_ days, at $ 35.00 per day] |
| Expense of preparing/repairing the Vehicle for sale: | $200.00 |
| Other expenses: (Specify) _____ | $0.00 |
| **Total redemption amount:** | **$1,572.28** |

Plus any expenses incurred and less any refunds received after the date of this notice.



EXHIBIT
**3**

Case ID: 170902754

# ⚇ M&T Bank

You are entitled to an accounting.  If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-800-724-8644  or write us at M&T Bank, P.O. Box 767, Buffalo, NY 14240 and request a written explanation.  We will not charge you for the explanation.  Any notice to us may be served to the same address.

We are sending this notice to the following other people who have an interest in the Vehicle or who owe money under your agreement:

Any personal property left in the Vehicle will be held for thirty (30) days from the date of this notice's mailing.  You may reclaim any personal property left in the Vehicle within such thirty (30) day time period.  If you do not reclaim such personal property during such thirty (30) day time period, it may be disposed of in the same manner as the Vehicle and other collateral.

If you would like more information about the sale of the Vehicle or how to reclaim any personal property you may call us at 1-800-724-8644 or write us at M&T Bank, P.O. Box 767, Buffalo, NY 14240.

If you have filed for relief under the United States Bankruptcy Code, please understand that this notice is given to you as a requirement of state law and is not an attempt to collect a debt, including any deficiency after the sale.  Further, if you are no longer the titled owner of the Vehicle, this notice is only for your information, as the rights referred to above may only be held by the new owner.

Please reference this notice and ___11040092260001___ in any related correspondence or notice to us.


M&T BANK
JON FOX, REPOSSESSION SPECIALIST


Date Notice Mailed: **2/19/2013**

Case ID: 170902754

 **M&T Bank**

 **M&T Bank**

**Consumer Lending Department**
**P.O. Box 767, Buffalo, NY 14240**
**1-800-724-8644**

## NOTICE OF REPOSSESSION
## AND
## NOTICE OF OUR PLAN TO SELL PROPERTY

TO: ████████
████████ ("Debtor").

SUBJECT:  M&T BANK , dated ████████ , between Debtor and M&T Bank, as secured party, with respect to the following collateral:

| Year | Make | Model | Vehicle Identification Number |
|------|------|-------|-------------------------------|
| | | | |

We have repossessed the motor vehicle described above (the "Vehicle"), because you broke promises in our agreement.

The Vehicle is stored at the following location: ████████████████

We will sell the Vehicle in a public sale or in a private sale, as indicated below.

☐ Public Sale.  If this box is checked, we will sell the Vehicle at a public sale.  A sale could include a lease or license.  The sale will be held as follows:

> Date: _____
> Time: _____
> Place: _____

You may attend the sale and bring bidders if you want.

☒ Private Sale.  If this box is checked, we will sell the Vehicle at a private sale sometime after the following date: **3/6/2013** . A sale could include a lease or license.

The money that we get from the public or private sale (after paying our costs) will reduce the amount you owe.  If we get less money than you owe, you will still owe us the difference.  If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

REDEMPTION.   You can get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses.  To redeem the Vehicle you must pay the total redemption amount set forth below to: M&T Bank, P.O. Box 767, Buffalo, NY 14240 at any time prior to sale of the Vehicle (which sale may occur at any time after 15 days from the date of this notice):

> Past Due Payments: $████
> Accrued late charges: $███
> Collection charges: $██
> Expense of repossessing the Vehicle: $███
> Expense of storing the Vehicle: $███ [ █ days, at $ 35.00 per day]
> Expense of preparing/repairing the Vehicle for sale: $██
> Other expenses: (Specify) _____ $██
>
> **Total redemption amount:** $█████

Plus any expenses incurred and less any refunds received after the date of this notice.



**EXHIBIT**
**4**

Case ID: 170902754

# M&T Bank

You are entitled to an accounting. If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-800-724-8644 or write us at M&T Bank, P.O. Box 767, Buffalo, NY 14240 and request a written explanation. We will not charge you for the explanation. Any notice to us may be served to the same address.

We are sending this notice to the following other people who have an interest in the Vehicle or who owe money under your agreement:

Any personal property left in the Vehicle will be held for thirty (30) days from the date of this notice's mailing. You may reclaim any personal property left in the Vehicle within such thirty (30) day time period. If you do not reclaim such personal property during such thirty (30) day time period, it may be disposed of in the same manner as the Vehicle and other collateral.

If you would like more information about the sale of the Vehicle or how to reclaim any personal property you may call us at 1-800-724-8644 or write us at M&T Bank, P.O. Box 767, Buffalo, NY 14240.

If you have filed for relief under the United States Bankruptcy Code, please understand that this notice is given to you as a requirement of state law and is not an attempt to collect a debt, including any deficiency after the sale. Further, if you are no longer the titled owner of the Vehicle, this notice is only for your information, as the rights referred to above may only be held by the new owner.

Please reference this notice and ▓▓▓▓▓▓▓▓ in any related correspondence or notice to us.

M&T BANK
JON FOX, REPOSSESSION SPECIALIST

Date Notice Mailed: ▓▓▓▓▓▓

- 2 -

*M+T Bank 2008 Hummer #134037*

MV-217A (10-09)

**pennsylvania**
DEPARTMENT OF TRANSPORTATION

Bureau of Motor Vehicles
P.O. Box 68672
Harrisburg, PA 17106-8672

**APPLICATION FOR
CERTIFICATE OF TITLE BY
A FINANCIAL INSTITUTION
OR DEALER AFTER
DEFAULT BY OWNER**

Title Must Be Attached

1 2305-0382-000220

For Department Use Only

NOTE: This application may only be used by Financial Institutions and Vehicle Dealers who are licensed by the Department of Banking. Your ABA/FIN or DIN number (if applicable) must be listed below.

**A | VEHICLE AND OWNER INFORMATION**

| Title Number | Name of vehicle owner as shown on attached title |
|---|---|
| 66428629702FL | EDWARD R FLYNN |

**B | VEHICLE IDENTIFICATION NUMBER VERIFICATION - (NON PA TITLE ONLY)** | **H. TAX, TITLE AND REGISTRATION FEES**

NOTE: IF AN OUT-OF-STATE TITLE IS ATTACHED TO THIS APPLICATION, A TRACING OF THE VEHICLE'S IDENTIFICATION NUMBER MUST BE AFFIXED IN THE SPACE PROVIDED. IF A TRACING CANNOT BE OBTAINED, THE VEHICLE'S IDENTIFICATION NUMBER MUST BE VERIFIED BY A CERTIFIED INSPECTION MECHANIC OR AUTHORIZED NOTARY PUBLIC IN THE APPROPRIATE SPACES BELOW.

(if applicable). Use back of Forms MV-1 or MV-4ST to determine proper sales tax exemption information.
NOTE: Only the purchaser listed in Section E must complete the following appropriate blocks.

| | |
|---|---|
| TAPE VIN TRACING HERE ▶ | PURCHASE PRICE (See note on reverse) |
| DIN/MECHANIC # | Authorized notary public or certified inspection mechanic (print name) | TAXABLE AMOUNT |
| I CERTIFY THAT A LEGIBLE TRACING CANNOT BE SECURED AND THAT THE ABOVE VIN IS CORRECT | Authorized notary public or certified inspection mechanic sign here ▶ | 1. 6% (.06) SALES TAX ▸7% (.07) Allegheny Co. residents ▸8% (.08) City of Philadelphia residents |

**C | REPOSSESSOR'S INFORMATION**

| Repossessor Lienholder's Name (as listed on face of title) | ABA/FIN or DIN (if applicable) - must be listed | 1A. EXEMPTION REASON CODE (Must be a number from 1 to 26 or 0) | 26 |
|---|---|---|---|
| M AND T BANK | 031302955 | | |

| Street Address | 1B. EXEMPTION NUMBER |
|---|---|
| 1 FOUNTAIN PLAZA FOURTH FLOOR | |

| City | State | Zip Code | 2. Title Fee | 22.50 |
|---|---|---|---|---|
| BUFFALO | NY | 14203 | | |

**D | REPOSSESSOR'S INFORMATION**

| Repossessor Lienholder's Name (as listed on face of title) | ABA/FIN or DIN (if applicable) - must be listed | 3. Lien Fee |
|---|---|---|
Check the appropriate box below, indicating which option you are proceeding under:
☐ 1 Renunciation (Repossessor Must Take Title)   ☐ 3 Mobile Home
☐ 2 Non-Judicial sale or repossession and retention (U.V.S.P.A.)   *CC*

| 4. Registration or Processing Fee |

**E | PURCHASER INFORMATION (Exactly as shown in Section C on reverse side of title)**

We certify, to the best of my/our knowledge, that the odometer reading is *81,576* miles and reflects the actual mileage of the vehicle, unless one of the following boxes is checked:
☐ Reflects the amount of mileage in excess of its mechanical limits   ☐ Is NOT the actual mileage (Warning: Odometer discrepancy)
WARNING: Federal and State laws require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

| Fee Exempt Number as assigned by the Department |
|---|
| 5. Duplicate Registration Fee No. of Cards _____ |

| Last Name (or full business name) | First Name | Middle Name | PA DL/Photo ID# or Bus. ID # | Date of Birth |
|---|---|---|---|---|
| M AND T BANK | | | | |

| Co-Purchaser | First Name | Middle Name | PA DL/Photo ID# or Bus. ID # | Date of Birth |
|---|---|---|---|---|
| | | | | |

| 6. Transfer Fee |

| Street Address | City |
|---|---|
| 1 FOUNTAIN PLAZA FOURTH FLOOR | BUFFALO |

| 7. Increase Fee |

| County | State | Zip Code | Date Acquired/Purchased |
|---|---|---|---|
| | NY | 14203 | |

| 8. Replacement Fee |

| Dealer ID Number (if applicable) | Financial Institution Number (if applicable) |
|---|---|

**TOTAL PAID**
(Add 1 thru 8)
Send One Check in This Amount ▸ **$22.50**

NOTE: If a co-purchaser other than your spouse is listed and you want the title to be listed as "Joint Tenants With Right of Survivorship" (On death of one owner, title goes to surviving owner), CHECK HERE ☐ Otherwise, the title will be issued as "Tenants in Common" (On death of one owner, interest of deceased owner goes to his/her heirs or estate).

**F | SIGNATURES**

| | | | |
|---|---|---|---|
| REPOSSESSOR'S SIGNATURE | Signature of Repossessor or Authorized Signer | Title of Authorized Signer | Date 10/31/12 |
| PURCHASER SIGNATURE | Signature of Purchaser or Authorized Signer | Signature of Co-Purchaser or Title of Authorized Signer | Date 10/31/12 |

**G | Repossessor's Certification Information**

| REPOSSESSOR'S SIGNATURE | Signature of Repossessor or Authorized Signer | Date 10/31/12 |
|---|---|---|
| | Printed Name of Repossessor or Authorized Signer **HELEN S. SHARER** | Title of Authorized Signer |

**EXHIBIT 5**

Case ID: 150902754

MV-217A (1-15)



**pennsylvania**
DEPARTMENT OF TRANSPORTATION
www.dmv.state.pa.us

**APPLICATION FOR CERTIFICATE OF TITLE BY A FINANCIAL
INSTITUTION OR DEALER AFTER DEFAULT BY OWNER**
(Title Must Be Attached)                                          For Department Use Only

**NOTE:** This application may only be used by Financial Institutions and Vehicle Dealers who are licensed by the Department of Banking.
Your ABA/FIN or DIN number (if applicable) must be listed below.

| **A** | **VEHICLE AND OWNER INFORMATION** |
|---|---|
| Title Number | Name of Vehicle Owner as Shown on Attached Title |

| **B** | **VEHICLE IDENTIFICATION NUMBER VERIFICATION (NON-PA TITLE ONLY)** | **H. TAX, TITLE AND REGISTRATION FEES** |
|---|---|---|

**NOTE:** If an out-of-state title is attached to this application, a tracing of the vehicle's identification number must be affixed in the space provided. If a tracing cannot be obtained, the vehicle's identification number must be verified by a certified inspection mechanic or authorized notary public in the appropriate spaces below.

If applicable, use back of Forms MV-1 or MV-4ST to determine proper sales tax exemption information.
**NOTE:** Only the purchaser listed in Section E must complete the following appropriate blocks.

TAPE VIN TRACING HERE ▶

PURCHASE PRICE (See Note on Reverse.)

DIN/Mechanic #              Authorized Notary Public or Certified Inspection Mechanic (Print Name)

TAXABLE AMOUNT

I certify that a legible tracing cannot be secured and that the above VIN is correct.
Authorized Notary Public or Certified Inspection Mechanic sign here. ▶

1. x6% (.06) SALES TAX
   x7% (.07) Allegheny Co. residents
   x8% (.08) City of Philadelphia residents.

| **C** | **REPOSSESSOR'S INFORMATION** |
|---|---|
| Repossessing Lienholder's Name (as listed on face of title) | ABA/FIN or DIN (if applicable) must be listed. |
| Street Address | |
| City | State | Zip Code |

1A. EXEMPTION REASON CODE
(Must be a number from 1 to 26 or 0)

1B. EXEMPTION NUMBER

2. Title Fee

3. Lien Fee

| **D** | **REPOSSESSOR'S INFORMATION** |
|---|---|

Repossessing Lienholder's Name (as listed on face of title) and ABA/FIN or DIN (if applicable) must be listed.
Check the appropriate box below indicating which option you are proceeding under:
❑ 1. Renunciation (Repossessor Must Take Title)        ❑ 3. Mobile Home
❑ 2. Non-Judicial Sale or Repossession and Retention (M.V.S.F.A.)

4. Registration or Processing Fee

Fee Exempt Number as assigned by the Department

| **E** | **PURCHASER INFORMATION** (Exactly as shown in Section A on reverse side of title) |
|---|---|

I/We certify, to the best of my/our knowledge, that the odometer reading is _ _ _, _ _ _, _ _ _ miles and reflects the actual mileage of the vehicle, unless one of the following boxes is checked:
❑ Reflects the amount of mileage in excess of its mechanical limits
❑ Is NOT the actual mileage (**WARNING:** Odometer discrepancy)
**WARNING:** Federal and State laws require that you state the mileage in connection with the transfer of ownership.
Failure to complete or providing a false statement may result in fines and/or imprisonment.

5. County Fee
(See Note on Reverse.)

| Last Name (or full business name) | First Name | Middle Name | PA DL/Photo ID# or Bus. ID# | Date of Birth |
|---|---|---|---|---|
| Co-Purchaser | First Name | Middle Name | PA DL/Photo ID# or Bus. ID# | Date of Birth |
| Street Address | | City | | |
| County | State | Zip Code | Date Acquired/Purchased | |
| Dealer Identification Number (if applicable) | | Financial Institution Number (if applicable) | | |

6. Duplicate Registration Fee
No. of Cards

7. Transfer Fee

8. Increase Fee

9. Replacement Fee

**10. TOTAL PAID**
(Add 1 – 9)
Send One Check in This Amount ▶

**NOTE:** If a co-purchaser other than your spouse is listed and you want the title to be listed as "Joint Tenants With Right of Survivorship" (On death of one owner, title goes to surviving owner.)
CHECK HERE ❑. Otherwise, the title will be issued as "Tenants in Common" (On death of one owner, interest of deceased owner goes to his/her heirs or estate.).

| **F** | **SIGNATURES** |
|---|---|

I/We acknowledge that I/we may be subject to a fine not exceeding $5,000 and imprisonment of not more than two years for any false statement that I/we make on this application, and I/we certify that I/we have examined and signed this application after its completion; and, that if an exemption from payment of sales tax is claimed, I am/we are authorized to claim this exemption. I/We further certify that all statements herein are true and correct and make application for certificate of title for the vehicle described in Block A.

| Signature of Repossessor or Authorized Signer | Title of Authorized Signer | Date |
|---|---|---|
| Signature of Purchaser or Authorized Signer | Signature of Co-Purchaser or Title of Authorized Signer | Date |

| **G** | **Repossessor's Certification Information** |
|---|---|

I certify that the owner/lienholder named in this document has repossessed the above described motor vehicle or mobile home upon default according to the terms of the security agreement and has complied with all applicable laws and regulations of Pennsylvania.

| Signature of Repossessor or Authorized Signer | Date |
|---|---|
| Printed Name of Repossessor or Authorized Signer | Title of Authorized Signer |

**EXHIBIT**
**G**

tablease Case ID: 170902754

## VERIFICATION

I verify that the averments of fact made in the foregoing pleading is true and correct and based upon my personal knowledge, information and belief.  I understand that averments of fact are made subject to the penalties of 18 PA C.S. Section 4904 relating to unsworn falsification to authorities.

Edward Flynn

Case ID: 170902754

## VERIFICATION

I verify that the averments of fact made in the foregoing pleading is true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. Section 4904 relating to unsworn falsification to authorities.

Terry Scott Seyler

**VERIFICATION**

I verify that the averments of fact made in the foregoing pleading is true and correct and based upon my personal knowledge, information and belief.  I understand that averments of fact are made subject to the penalties of 18 PA C.S. Section 4904 relating to unsworn falsification to authorities.

_Gene Daisey_
Gene Daisey

Case ID: 170902754