Code of Business Conduct and Ethics
Adopted: October 21, 2003
Last Amended: April 16, 2013

**Appendix 8.**

# M&T BANK CORPORATION
## CODE OF BUSINESS CONDUCT AND ETHICS

**Introduction.** This Code of Business Conduct and Ethics ("Code") covers a wide range of business practices and procedures. There are, of course, many corporate policies and procedures that proscribe or require specific conduct and apply in many cases to specific business lines. This Code, together with those policies and procedures, do not cover every issue that may arise, but they set out basic principles to guide M&T Bank Corporation and/or any direct or indirect subsidiaries thereof (individually and collectively, "M&T") and all employees, officers, directors, advisors (including members of any advisory councils and committees), agents, representatives and consultants of M&T (collectively, "M&T Personnel"; individually, "you"). M&T requires that appropriate M&T Personnel undergo training related to the Code (together with all relevant policies and procedures) on an annual basis. All M&T Personnel must conduct themselves in accordance with the Code and seek to avoid conduct that could give rise to the appearance of impropriety.

Employees working in the brokerage, investment, or other lines of business may be subject to additional obligations (such as licensing) that may be more restrictive than those set forth in this Code. Due to M&T's international business operations, employees may be further subject to obligations arising under the law of foreign countries (including, without limitation, the UK Bribery Act). If a law conflicts with a policy in this Code, you must comply with the law. If you have any questions about these conflicts, you should ask your supervisor how to handle the situation.

Because the actions of a single individual reflect the character of our company and all associated with it, all are accountable for demonstrating behaviors consistent with the Code.

**Reporting Concerns/Next Steps.** If, after reading the Code and corresponding corporate Policies and Procedures, you are unsure if you need to take action or what action to take, you may contact your supervisor or the Human Resources department, or call M&T's Employee Complaint Line for Code of Conduct and Ethics Matters at 1-866-270-3699.

Those who violate the standards in this Code will be subject to disciplinary action, up to and including termination of employment (or other status, as applicable). *If you are in a situation that you believe may violate or lead to a violation of this Code, follow the guidelines described in Section 14 of this Code.*

1. **Compliance with Laws, Rules and Regulations.** Obeying the law, both in letter and in spirit, is the foundation on which M&T's ethical standards are built. All M&T Personnel must respect and obey the laws under which M&T operates. Although not all M&T Personnel are expected to know the details of these laws, it is important to know enough to determine when to seek advice from supervisors, managers or other appropriate M&T Personnel.



EXHIBIT 1

-2-

At regularly scheduled intervals and as requested, M&T conducts information and training sessions to promote compliance with laws, rules and regulations, including insider-trading laws.

2. **Conflicts of Interest.** A "conflict of interest" exists when your personal interests interfere in any way with the interests of M&T. A conflict of interest situation can arise under many circumstances, including, without limitation, the following:

- when you take actions or have personal interests that may make it difficult to objectively, effectively and efficiently perform your work for M&T;
- when you or a member of your family receives personal benefits (whether in the form of a gift or otherwise) as a result of your employment or affiliation with M&T; and
- when M&T Personnel or their family members who are also customers of M&T, or guarantors of obligations owed to M&T attempt to leverage employment status to obtain a benefit with respect to their rights/obligations as customers or guarantors.

Please be especially aware that it is almost always a conflict of interest for you to work simultaneously for a competitor of M&T in any capacity. Depending on the particular circumstances, it may also be a conflict of interest for you to work for or with a customer or supplier of M&T. The best policy is to avoid any direct or indirect business connection with our customers, suppliers or competitors, except on behalf of M&T.

Conflicts of interest are prohibited as a matter of M&T policy, except under guidelines approved by the M&T Board of Directors. Conflicts of interest may not always be clear, so if you have a question or any uncertainty, you should consult with your supervisor, higher levels of management or Human Resources. If you, at any time, become aware of a conflict or potential conflict, you should immediately bring it to the attention of a supervisor, manager or other appropriate M&T Personnel. Please also review the compliance procedures described in Section 14 of this Code.

3. **Insider Trading.** M&T Personnel who have access to confidential information are not permitted to use or share that information for stock trading purposes or for any other purpose except the conduct of business on behalf of M&T. All non-public information about M&T or any of its customers or agents should be considered confidential information. To use non-public information for personal financial benefit or to "tip" others who might make an investment decision on the basis of this information is not only unethical, but is also illegal. In order to assist you in complying with the laws against insider trading, M&T has adopted a specific Insider Trading policy governing trading by M&T Personnel in securities issued by M&T. This policy is available on the M&T Insider to all M&T Personnel.

4. **Corporate Opportunities.** M&T Personnel are prohibited from taking for themselves, personally, business opportunities available to M&T that are discovered through the use of corporate property, information or position, without the consent of the M&T Board of

-3-

Code of Business Conduct and Ethics
Adopted:  October 21, 2003
Last Amended:  April 16, 2013

Directors.  You are likewise prohibited from using corporate property, information or position for any improper personal gain, and you may not compete with M&T directly or indirectly.  All M&T Personnel owe a duty to M&T to advance M&T's legitimate interests when the opportunity to do so arises.

**5.  Competition and Fair Dealing.**  M&T seeks to outperform its competition fairly and honestly.  Stealing proprietary information, possessing trade secret information that was obtained without the owner's consent, or inducing such disclosures by past or present employees of other companies is prohibited.  M&T Personnel should endeavor to respect the rights of and deal fairly with M&T's customers, suppliers, competitors and employees.  M&T Personnel should not take unfair advantage of, or exert undue influence over, anyone through manipulation, concealment, abuse of privileged information, misrepresentation of material facts or any other intentional unfair-dealing practice.

The purpose of business entertainment and gifts in a commercial setting is to create good will and sound working relationships, not to gain unfair advantage with customers.  No gift or entertainment should ever be offered, given, provided or accepted by M&T Personnel or any of their family members or agents unless it: (1) is not a cash gift; (2) is consistent with customary business practices; (3) is not excessive in value; (4) cannot be construed as a bribe or payoff and (5) does not violate any laws, rules or regulations.  Please discuss with your supervisor and other appropriate M&T Personnel any gifts or proposed gifts which you are not certain are appropriate.  M&T has a specific Gifts, Bequests and Entertainment policy that contains additional information regarding the acceptance of gifts by M&T Personnel and provides mandatory reporting procedures for gifts that violate such policy.

Our corporate culture requires that we deal truthfully and respectfully with prospects, clients, staff members, vendors, and competitors.

**6.  Discrimination and Harassment.**  The diversity of M&T Personnel is a tremendous asset.  We are firmly committed to providing equal opportunity in all aspects of employment and will not tolerate any illegal discrimination or harassment of any kind.  Examples include derogatory comments based on race, ethnicity, color, national origin, gender or gender identity, marital status, age or sexual orientation as well as sexual advances.

**7.  Health and Safety.**  M&T strives to provide M&T Personnel with a safe and healthy work environment.  You have responsibility for maintaining a safe and healthy workplace for all M&T Personnel by following health and safety rules and practices and by reporting accidents, injuries and unsafe equipment, practices or conditions.

Violence and threatening behavior are not permitted.  M&T Personnel should report to work in condition to perform their duties, free from the influence of alcohol or illegal drugs.  The violation of the M&T Drugs & Alcohol in the Workplace policy will not be tolerated.

**8.  Record-Keeping.**  M&T requires honest and accurate recording and reporting of information.  For example, only the true and actual number of hours worked may be reported.

-4-

Code of Business Conduct and Ethics
Adopted:  October 21, 2003
Last Amended:  April 16, 2013

Many employees regularly use business expense accounts for legitimate business purposes, which must be documented and recorded accurately.  If you are not sure whether a certain expense is a legitimate business expense, ask your supervisor or other appropriate M&T Personnel.

All of M&T's books, records, accounts and financial statements must be maintained in reasonable detail, must appropriately reflect M&T's transactions, and must conform both to applicable legal requirements and to M&T's system of internal controls.  Unrecorded or "off the books" funds or assets should not be maintained unless permitted by applicable law or regulation and approved by M&T's senior management.

Business records and communications often become public.  As such, M&T Personnel should avoid exaggeration, derogatory remarks, guesswork, or inappropriate characterizations of people and companies that could be misunderstood.  This applies equally to e-mail, internal memos, customer correspondence, formal reports or any other documented form of communication.  All records and communications are corporate property, subject to Bank review and should always be retained or destroyed according to M&T's record retention policies.  In accordance with those policies, in the event of litigation, threatened litigation or governmental investigation, please contact M&T's Legal Department for further guidance.

9.  **Confidentiality.**  M&T Personnel must maintain the confidentiality of confidential information entrusted to them by M&T or its customers or agents, except when disclosure is authorized or required by laws or regulations.  Confidential information includes all non-public information that might be useful to competitors, or harmful to M&T, its customers or agents, if disclosed.  It also includes information that customers and agents have entrusted to us. The obligation to preserve confidential information continues even after your employment, affiliation or association with M&T ends.  In connection with this obligation, every M&T employee is required to execute a confidentiality agreement when he or she begins his or her employment with M&T.

10.  **Protection and Proper Use of Company Assets.**  All M&T Personnel should endeavor to protect M&T's assets and ensure their efficient use.  Theft, carelessness and waste have a direct impact on M&T's profitability.  Any suspected incident of fraud or theft should be immediately reported for investigation.  M&T equipment should not be used for non-M&T business, though incidental personal use may be permitted.

The obligation of M&T Personnel to protect M&T's assets includes its proprietary information.  Proprietary information includes intellectual property such as trade secrets, patents, trademarks and copyrights, as well as business, marketing and service plans, engineering and manufacturing ideas, designs, databases, records, salary information and any unpublished financial data and reports.  Unauthorized use or distribution of this information would violate M&T policy.  It could also be illegal and result in civil or even criminal penalties.

11.  **Lobbying, Payments to or Entertainment of Public Officials.**  There are many laws at the municipal, state and federal levels that govern attempts to influence public officials. Many of these laws are aimed at lobbying, which generally refers to the attempt to influence

-5-

government decisions relating to such things as legislation, administrative decisions, procurement contracts and the like. Although substantially overlapping, these laws often contain provisions unique to the particular jurisdiction.

If, in your role as M&T Personnel, you interact with government officials, you should be aware of these laws governing the officials you do business with and the states within which these contacts occur. Generally speaking, there are very severe limitations on the ability to provide any gifts or entertainment to public officials.

The U.S. Foreign Corrupt Practices Act prohibits giving anything of value, directly or indirectly, to officials of foreign governments or foreign political candidates in order to obtain or retain business. It is strictly prohibited to make illegal payments to government officials of any country.

In addition, the U.S. government has a number of laws and regulations restricting business gratuities to U.S. government personnel. The promise, offer or delivery to an official or employee of the U.S. government of a gift, favor or other gratuity in violation of these rules would not only violate M&T policy but could also be a criminal offense. State and local governments, as well as foreign governments, may have similar rules. M&T's Legal Department can provide guidance to you in this area. M&T's gift policy contains mandatory reporting procedures for gifts that violate the U.S. Foreign Corrupt Practices Act.

12. **Waivers of the Code of Business Conduct and Ethics.** Any waiver or exemption of this Code for M&T Personnel or others may be made only by the M&T Board of Directors and will be promptly disclosed as may be required by law, rule or regulation.

13. **Reporting any Illegal or Unethical Behavior.** All M&T Personnel are encouraged, and in many cases have an affirmative duty, to inform supervisors, managers or other appropriate M&T Personnel about observed illegal or unethical behavior. It is the policy of M&T not to allow retaliation for reports of misconduct by others made in good faith by M&T Personnel. M&T Personnel are required to cooperate in internal investigations of misconduct.

Employees are required to read the **M&T Bank Corporation's Employee Complaint Procedures for Code of Conduct or Ethics Matters**, which describes M&T's procedures for the receipt, retention, and treatment of complaints received by M&T regarding accounting, internal accounting controls, or auditing matters and the confidential, anonymous submission by employees of concerns regarding questionable accounting or auditing matters. Any employee may submit a good faith concern regarding questionable accounting or auditing matters without fear of dismissal or retaliation of any kind.

14. **Compliance Procedures.** M&T Personnel must work to ensure prompt and consistent action against violations of this Code. However, in some situations it is difficult to know if a violation has occurred. Since M&T cannot anticipate every situation that will arise, it is important to have a way to approach a new question or problem. These are the steps to keep in mind:

-6-

- <u>Gather the relevant facts</u>.  In order to reach the right solutions, you must have accurate information.  This does <u>not</u> mean you should conduct your own personal investigation, but rather, be aware of what you know and what you do not know when assessing a situation.

- Ask yourself:  What specifically am I being asked to do?  Does it seem unethical or improper?  This will enable you to focus on the specific question you are faced with, and the alternatives you have.  Use your judgment and common sense; if something seems unethical or improper, it probably is.

- Clarify your responsibility and role.  In most situations, there is shared responsibility.  Are your colleagues informed?  It may help to get others involved and discuss the problem.

- Discuss the problem with your supervisor.  This is the basic guidance for most situations.  In many cases, your supervisor will be more knowledgeable about the question, and will appreciate being brought into the decision-making process.  Remember that it is your supervisor's responsibility to help solve problems.

- Seek help from other M&T resources.  In the rare case where it may not be appropriate to discuss an issue with your supervisor or where you do not feel comfortable approaching your supervisor with your question, discuss it with higher levels of management or Human Resources.

- You may report ethical violations in confidence and without fear of retaliation.  If your situation requires that your identity be kept secret, your anonymity will be protected.  M&T does not permit retaliation of any kind against employees for good faith reports of ethical violations.

- Always ask first, act later.  If you are unsure of what to do in any situation, seek guidance before you act.

 **M&T Bank**

 **M&T Bank**

**Consumer Lending Department**
**P.O. Box 767, Buffalo, NY 14240**
**1-800-724-8644**

## NOTICE OF REPOSSESSION
## AND
## NOTICE OF OUR PLAN TO SELL PROPERTY

TO: ▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓            ("Debtor").

SUBJECT: ▓▓▓▓▓▓▓, dated ▓▓▓▓▓, between Debtor and M&T Bank, as secured party, with respect to the following collateral:

| Year | Make | Model | Vehicle Identification Number |
|------|------|-------|-------------------------------|
| ▓▓▓ | ▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓▓▓▓▓▓▓ |

We have repossessed the motor vehicle described above (the "Vehicle"), because you broke promises in our agreement.

The Vehicle is stored at the following location: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

We will sell the Vehicle in a public sale or in a private sale, as indicated below.

☐ Public Sale.  If this box is checked, we will sell the Vehicle at a public sale.  A sale could include a lease or license.  The sale will be held as follows:

Date: _____
Time: _____
Place: _____

You may attend the sale and bring bidders if you want.

☒ Private Sale.  If this box is checked, we will sell the Vehicle at a private sale sometime after the following date: ▓▓▓▓▓.
A sale could include a lease or license.

The money that we get from the public or private sale (after paying our costs) will reduce the amount you owe.  If we get less money than you owe, you will still owe us the difference.  If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

REDEMPTION.  You can get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses.  To redeem the Vehicle you must pay the total redemption amount set forth below to: M&T Bank, P.O. Box 767, Buffalo, NY 14240 at any time prior to sale of the Vehicle (which sale may occur at any time after 15 days from the date of this notice):

Past Due Payments:                                  $▓▓▓▓
Accrued late charges:                              $▓▓▓▓
Collection charges:                                 $▓▓▓▓
Expense of repossessing the Vehicle:        $▓▓▓▓
Expense of storing the Vehicle:                 $▓▓▓▓ ▓ days, at $▓▓▓ per day]
Expense of preparing/repairing the Vehicle for sale: $▓▓▓
Other expenses: (Specify) _____         $▓▓▓▓

**Total redemption amount:**                       $▓▓▓▓▓

Plus any expenses incurred and less any refunds received after the date of this notice.



EXHIBIT
**2**

# ⚑ M&T Bank

You are entitled to an accounting. If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-800-724-8644 or write us at M&T Bank, P.O. Box 767, Buffalo, NY 14240 and request a written explanation. We will not charge you for the explanation. Any notice to us may be served to the same address.

We are sending this notice to the following other people who have an interest in the Vehicle or who owe money under your agreement:

Any personal property left in the Vehicle will be held for thirty (30) days from the date of this notice's mailing. You may reclaim any personal property left in the Vehicle within such thirty (30) day time period. If you do not reclaim such personal property during such thirty (30) day time period, it may be disposed of in the same manner as the Vehicle and other collateral.

If you would like more information about the sale of the Vehicle or how to reclaim any personal property you may call us at 1-800-724-8644 or write us at M&T Bank, P.O. Box 767, Buffalo, NY 14240.

If you have filed for relief under the United States Bankruptcy Code, please understand that this notice is given to you as a requirement of state law and is not an attempt to collect a debt, including any deficiency after the sale. Further, if you are no longer the titled owner of the Vehicle, this notice is only for your information, as the rights referred to above may only be held by the new owner.

Please reference this notice and ___████████___ in any related correspondence or notice to us.

M&T BANK
████ REPOSSESSION SPECIALIST

Date Notice Mailed: ████

 **M&T Bank**

**Consumer Lending Department**
**PO Box 2187, Buffalo, NY 14240**
**1-800-724-8644**

## NOTICE OF OUR PLAN TO SELL PROPERTY

TO: ███████
 ███████ )

SUBJECT: ██████████, dated ████████████, between Debtor and M&T Bank, as assignee and secured party (the "Contract"), with respect to the following collateral:

| Year | Make | Model | Vehicle Identification Number |
|------|------|-------|-------------------------------|
| ████ | ████ | █████ | ██████████████ |

We have repossessed the motor vehicle described above (the "Vehicle"), because you broke promises in our agreement.

We will sell the Vehicle in a public sale or in a private sale, as indicated below.

☐ Public Sale. If this box is checked, we will sell the Vehicle at a public sale. A sale could include a lease or license. The sale will be held as follows:

Date: _____
Time: _____
Place: _____

You may attend the sale and bring bidders if you want.

X Private Sale. If this box is checked, we will sell the Vehicle at a private sale sometime after the following date: ███████ ████ A sale could include a lease or license.

The money that we get from the public or private sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To learn the exact amount you must pay, call us at 1-800-724-8644. You can also get it back for less. See Additional Information below.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-800-724-8644 or write us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240 and request a written explanation. If you would like more information about the sale of the Vehicle you may call us at 1-800-724-8644 or write us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240.

We are sending this notice to the following other people who have an interest in the Vehicle or who owe money under your agreement: none

**Additional Information:**

The Vehicle is stored at the following location: ████████████████████████████████████

See the attached Notice of Repossession for more important information about your rights.

1


EXHIBIT
3

 **M&T Bank**

## NOTICE OF REPOSSESSION

You are hereby notified that pursuant to the terms and provisions of your Contract your vehicle describe above was repossessed on ▮▮▮▮▮▮ and will be offered for sale as described in the attached Notice of Our Plan to Sell Property. As of the date of this notice, your vehicle is located and being stored at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. This Notice includes information about how you can get your Vehicle back and other important information about your rights.

Getting the Vehicle Back for Less:

To reinstate the Contract and get the Vehicle back for less than the full amount you owe, you must pay the total reinstatement amount set forth below to: M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240 at any time prior to sale of the Vehicle (which sale may occur at any time after 15 days from the date of this notice):

| | |
|---|---|
| Past Due Payments: | $▮▮▮▮ |
| Accrued late charges: | $▮▮▮▮ |
| Collection charges: | $▮▮▮▮ |
| Expense of repossessing the Vehicle: | $▮▮▮▮ |
| Expense of storing the Vehicle: | $▮▮▮ (▮ days, at $▮▮▮▮ per day) |
| Expense of preparing/repairing the Vehicle for sale: | $▮▮▮▮ |
| Other expenses: (Specify) n/a | $▮▮▮ |
| Total reinstatement amount: | $▮▮▮▮▮ |

If you reinstate, you may continue under our agreement as though you had not defaulted, but you must comply with all the terms of our agreement going forward, including the requirement to pay all payments on time.

Right to Redeem:

You also have the right to get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments) including our expenses ("redeem"). You may call us at 1-800-724-8644 or write us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240 to obtain information concerning the amount due to redeem the Vehicle and to arrange to redeem the Vehicle. As of the date of this notice, the amount required to redeem the Vehicle is:

| | |
|---|---|
| Unpaid principal balance: | $▮▮▮▮▮▮ |
| Accrued finance charges: | + $▮▮▮▮▮ |
| Unpaid late charges : | + $▮▮▮▮ |
| Repossession expenses: | + $▮▮▮▮ |
| Sale preparation expenses: | + $▮▮▮▮▮ |
| Storage expenses: | + $▮▮▮ |
| Attorney fees incurred: | + $▮▮▮ |
| Legal costs incurred: | + $▮▮▮ |
| Other amounts due (itemize and describe) | |
| n/a | + $▮▮▮▮ |
| Amount Required to Redeem: | = $▮▮▮▮▮▮ |

The longer you wait, the more you may have to pay to get the Vehicle back. The amount of finance charges you owe will increase each day you pay after the date of this notice. We may also incur additional expenses for which you may be responsible including the reasonable expenses of repossessing, holding, preparing for sale and selling the Vehicle and reasonable attorneys' fees and legal expenses, as permitted by law. Your right to reinstate the Contract or to redeem the Vehicle by paying all that you owe continues until the Vehicle is sold. If you wish to get the Vehicle back, you may obtain updated information concerning the amount required or discuss you options for getting the Vehicle back by calling us at 1-800-724-8644 or by writing us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240. Any

# ◢◣ M&T Bank

notice to us may be served to the same address. You are entitled to an accounting. If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-800-724-8644 or write to us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240. The office hours associated with our phone number 1-800-724-8644 are Monday through Thursday 8:00 am – 9:00 pm, EST and Friday 8:00 am – 5:00 pm EST. We will not charge you for the explanation.

For a statement of your account that shows your remaining balance, charges and credits to your account, payments that are due and remaining payment schedule, please contact: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬

Any personal property left in the Vehicle will be held for thirty (30) days from the date of this notice's mailing (see below). You may reclaim any personal property left in the Vehicle within such thirty (30) day time period. If you do not reclaim such personal property during such thirty (30) day time period, it may be disposed of in the same manner as the Vehicle and other collateral.

If you do not get the Vehicle back as described above and we sell it, the sale price of the Vehicle may not cover your debt and the permitted expenses related to repossession and sale. If that happens, you *are* responsible for any remaining deficiency balance.

We may report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

If you have filed for relief under the United States Bankruptcy Code, please understand that this Notice is given to you as a requirement of State Law and is not an attempt to collect a debt, including any deficiency after the sale. However, if you have not filed for relief under the United States Bankruptcy Code, then this is an attempt to collect a debt and any information obtained will be used for that purpose.

If you are no longer the titled owner of the Vehicle, this notice is only for your information, as the rights referred to above may only be held by the new owner.

Please reference this notice and ▬▬▬▬▬▬▬▬ in any related correspondence or notice to us.

M&T BANK

By: ▬▬▬▬
Repossession Specialist

Date Notice Mailed: ▬▬▬▬▬▬▬▬

 M&T Bank

December 22, 2015

Doug J Abbott
2821 St Rt 18
Hookstown, PA 15050

RE:   Name: Doug J Abbott
      Account #: 1051400970001
      Collateral: 2005 Ford Ranger

Dear Doug J Abbott:

Please be advised that your repossessed collateral was sold at a private auction on December 17, 2015. Here is a description of how we applied the proceeds from sale to the account balance and calculated the deficiency of $4,153.73 (the amount you owe us) that remains after the sale:

| | |
|---|---|
| Payoff prior to Auction Date: | $7,086.95 |
| Less: Auction Proceeds: | $(2,500.00) |
| Equals: Obligation after proceeds | $4,586.95 |
| Plus: Auction Expense: | $(371.78) |
| Plus: Repossession Expense: | $195.00 |
| Less: Credits | $.00 |
| Equals: Total Amount Due/ Deficiency | $4,153.73 |

Future debits, credits, charges, interest and expenses, if any, may affect the amount of the deficiency. Please contact me immediately to make arrangements for payment of the remaining amount due.

If you have filed for relief under the United States Bankruptcy Code, please understand that this notice is given to you for informational purposes only to provide you with an accounting of the sale and is not an attempt to collect a debt or any deficiency after the sale.

However, if you have not filed for bankruptcy or you are not entitled to protection under the Bankruptcy Code, this is an attempt to collect a debt and any information obtained will be used for that purpose.

If you want additional information about this transaction, you may contact us at 1-800-724-8644 or write to us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240. The office hours associated with our phone number 1-800-724-8644 are Monday through Thursday 8:00 am – 9:00 pm, EST and Friday 8:00 am – 5:00 pm EST.

Sincerely,

Diane Stevenson
Workout Specialist


EXHIBIT
4

 **M&T Bank**

 **M&T Bank**
**Consumer Lending Department**
**P.O. Box 767, Buffalo, NY 14240**
**1-800-724-8644**

## NOTICE OF REPOSSESSION
## AND
## NOTICE OF OUR PLAN TO SELL PROPERTY

TO:   GENE E DAISEY
      770 SLOCAM RD
      WAPWALLOPEN, PA 18660__   ("Debtor").

SUBJECT:   __M&T BANK__ , dated __02/11/209__ , between Debtor and M&T Bank, as secured party, with respect to the following collateral:

| Year 2004 | Make Chevrolet | Model   S10 PICK | Vehicle Identification Number 1GCDT13X24K139998 |
|-----------|----------------|------------------|------------------------------------------------|

We have repossessed the motor vehicle described above (the "Vehicle"), because you broke promises in our agreement.

The Vehicle is stored at the following location:   __Don's Auto - MCRC, 5260 Interchange Road, Lehighton, PA 18235__.

We will sell the Vehicle in a public sale or in a private sale, as indicated below.

☐ Public Sale. If this box is checked, we will sell the Vehicle at a public sale. A sale could include a lease or license. The sale will be held as follows:

    Date: _____
    Time: _____
    Place: _____

    You may attend the sale and bring bidders if you want.

☒ Private Sale. If this box is checked, we will sell the Vehicle at a private sale sometime after the following date: __3/6/2013__.
   A sale could include a lease or license.

The money that we get from the public or private sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

REDEMPTION. You can get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To redeem the Vehicle you must pay the total redemption amount set forth below to: M&T Bank, P.O. Box 767, Buffalo, NY 14240 at any time prior to sale of the Vehicle (which sale may occur at any time after 15 days from the date of this notice):

|  |  |
|--|--|
| Past Due Payments: | $ 750.68 |
| Accrued late charges: | $ 61.60 |
| Collection charges: | $0.00 |
| Expense of repossessing the Vehicle: | $385.00 |
| Expense of storing the Vehicle: | $175.00[ _5_ days, at $ 35.00 per day] |
| Expense of preparing/repairing the Vehicle for sale: | $200.00 |
| Other expenses: (Specify) _____ | $0.00 |
| **Total redemption amount:** | **$1,572.28** |

Plus any expenses incurred and less any refunds received after the date of this notice.



EXHIBIT
5

 **M&T Bank**

You are entitled to an accounting. If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-800-724-8644 or write us at M&T Bank, P.O. Box 767, Buffalo, NY 14240 and request a written explanation. We will not charge you for the explanation. Any notice to us may be served to the same address.

We are sending this notice to the following other people who have an interest in the Vehicle or who owe money under your agreement:

Any personal property left in the Vehicle will be held for thirty (30) days from the date of this notice's mailing. You may reclaim any personal property left in the Vehicle within such thirty (30) day time period. If you do not reclaim such personal property during such thirty (30) day time period, it may be disposed of in the same manner as the Vehicle and other collateral.

If you would like more information about the sale of the Vehicle or how to reclaim any personal property you may call us at 1-800-724-8644 or write us at M&T Bank, P.O. Box 767, Buffalo, NY 14240.

If you have filed for relief under the United States Bankruptcy Code, please understand that this notice is given to you as a requirement of state law and is not an attempt to collect a debt, including any deficiency after the sale. Further, if you are no longer the titled owner of the Vehicle, this notice is only for your information, as the rights referred to above may only be held by the new owner.

Please reference this notice and __11040092260001__ in any related correspondence or notice to us.


M&T BANK
JON FOX, REPOSSESSION SPECIALIST


Date Notice Mailed: __2/19/2013__

- 2 -

 **M&T Bank**

 **M&T Bank**
Consumer Lending Department
P.O. Box 767, Buffalo, NY 14240
1-800-724-8644



## NOTICE OF REPOSSESSION
### AND
## NOTICE OF OUR PLAN TO SELL PROPERTY

TO:   EDWARD R FLYNN
      218 WILLIAM ST
      LILLY, PA 15938_   ("Debtor").

SUBJECT:   M&T BANK   , dated   09/13/2008   , between Debtor and M&T Bank, as secured party, with respect to the following collateral:

| Year 2008 | Make HUMMER | Model  H3 | Vehicle Identification Number 5GTEN13E888134037 |
|---|---|---|---|

We have repossessed the motor vehicle described above (the "Vehicle"), because you broke promises in our agreement.

The Vehicle is stored at the following location:   CRG, 301 N 8th Ave, Altoona, PA 16601.

We will sell the Vehicle in a public sale or in a private sale, as indicated below.

☐ Public Sale.  If this box is checked, we will sell the Vehicle at a public sale.  A sale could include a lease or license.   The sale will be held as follows:

Date: _____
Time: _____
Place: _____

You may attend the sale and bring bidders if you want.

☒ Private Sale.  If this box is checked, we will sell the Vehicle at a private sale sometime after the following date:   10/26/2012  .  A sale could include a lease or license.

The money that we get from the public or private sale (after paying our costs) will reduce the amount you owe.  If we get less money than you owe, you will still owe us the difference.  If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

REDEMPTION.  You can get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses.  To redeem the Vehicle you must pay the total redemption amount set forth below to: M&T Bank, P.O. Box 767, Buffalo, NY 14240 at any time prior to sale of the Vehicle (which sale may occur at any time after 15 days from the date of this notice):

Past Due Payments:                                    $2,317.16
Accrued Late charges:                                 $201.44
Collection charges:                                   $0.00
Expense of repossessing the Vehicle:                  $325.00
Expense of storing the Vehicle:                       $ 75.00[_3_ days, at $ 25.00 per day]
Expense of preparing/repairing the Vehicle for sale:  $200.00
Other expenses: (Specify) _____                   $0.00

Total redemption amount:                              $3,118.60

Plus any expenses incurred and less any refunds received after the date of this notice.

EXHIBIT
6



## M&T Bank

You are entitled to an accounting. If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-800-724-8644 or write us at M&T Bank, P.O. Box 767, Buffalo, NY 14240 and request a written explanation. We will not charge you for the explanation. Any notice to us may be served to the same address.

We are sending this notice to the following other people who have an interest in the Vehicle or who owe money under your agreement:

Any personal property left in the Vehicle will be held for thirty (30) days from the date of this notice's mailing. You may reclaim any personal property left in the Vehicle within such thirty (30) day time period. If you do not reclaim such personal property during such thirty (30) day time period, it may be disposed of in the same manner as the Vehicle and other collateral.

If you would like more information about the sale of the Vehicle or how to reclaim any personal property you may call us at 1-800-724-8644 or write us at M&T Bank, P.O. Box 767, Buffalo, NY 14240.

If you have filed for relief under the United States Bankruptcy Code, please understand that this notice is given to you as a requirement of state law and is not an attempt to collect a debt, including any deficiency after the sale. Further, if you are no longer the titled owner of the Vehicle, this notice is only for your information, as the rights referred to above may only be held by the new owner.

Please reference this notice and ██████0001 in any related correspondence or notice to us.


M&T BANK
JON FOX, REPOSSESSION SPECIALIST


Date Notice Mailed: **10/11/2012**

- 2 -

M&T00040

# **AFFIDAVIT**

Affiant affirm, subject to 28 U.S.C. 1746 and 18 Pa. C.S. §4904, as follows:

1. _Carin M. Trice_____ ("Affiant") is a competent adult who, as the sole owner and active manager of Commonwealth Recovery ("CR"), has first-hand knowledge of the policies, procedures, and practices which Commonwealth Recovery has employed between May 20, 2007 through the present ("Relevant Period") with respect to the work it rendered for M & T Bank ("M & T").

2. During the Relevant Period, Commonwealth Recovery did not charge a storage fee to M & T for any vehicle CR repossessed for M & T while the repossessed vehicle was stored at its lot during the first 10 days after the date of repossession.  After 10 days, Commonwealth Recovery would charge M & T a storage fee of approximately $10.00 per day.

3. If the owner of the repossessed vehicle came to Commonwealth's lot to redeem the vehicle, Commonwealth would customarily charge the vehicle owner (not M & T) a daily storage fee (i.e., approximately $25.00) for the storage of the repossessed vehicle at its lot and a redemption fee (i.e., approximately $35.00) and a personal property fee (i.e., approximately $35.00) for storing and inventorying the personal possessions.

4. If the owner of the repossessed vehicle came to Commonwealth's lot to pick-up their personal property which was in the repossessed vehicle, CR would charge the vehicle owner (not M & T) the personal property fee (i.e., approximately $35.00) for storing and inventorying the personal possessions.

5. After repossession, all repossessed vehicles stored in CR's lot are then moved by a third party (i.e., typically an auction) or driven away by the owner who would redeem. CR is not involved in transporting any redeemed repossessed vehicle.

6. While the fees and the number of storage days may have been modified over the years, the payor of these respective fees and the basis for the assessment of these fees has not changed. Any fees charged by CR were assessed with the approval and direction of M & T.

_____
Signature of Affiant

SWORN AND SUBSCRIBED this _23___ day of _January___, 2018.

_____          SEAL
Notary Public's Signature

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Lori L. Moyer, Notary Public
Lower Paxton Twp., Dauphin County
My Commission Expires Sept. 28, 2018
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Commonwealth of Pennsylvania
County of _Cumberland_

**EXHIBIT
7**

### AFFIDAVIT

Affiant affirms subject to 28 U.S.C. §1746 as follows:

1. I am Douglas Miller ("Affiant"), a competent adult. I have first-hand knowledge of the policies, procedures, and practices which Central PA Auto Auction ("CPAA") has employed in the last 10 years ("Relevant Period") with respect to the disposition of repossessed vehicles.

2. I am the vice president and chief operating officer of CPAA.

3. CPAA auctioned the 2008 Hummer vin. #5GTEN13E888134037.

4. In connection with the sale of this vehicle, CPAA incurred expenses and/or assessed fees totalling $1,521.00. An itemization of the expenses/fees is attached as **Exhibit A.**

5. CPAA did not charge M & T Bank or anyone else any storage fee.

6. The reference on **Exhibit A** which states "storage paid out" refers to the amount which CPAA paid the repossessor; not a storage expense.

7. CPAA did not charge M & T Bank or anyone else a $200.00 fee for the "expense of preparing/repairing the vehicle for sale."

8. CPAA did not perform any services or provide any goods in connection with this repossessed vehicle prior to the time CPAA picked-up the repossessed vehicle at the repossessor's lot.

_____
Signature of Affiant

**EXHIBIT**

**8**

CENTRAL PA AUTO AUCTION
PO BOX 41

LOCK HAVEN         PA 17745

Sale Amount:    13,700.00
Check Amount:   12,179.00

M3481
M&T BANK                      *********************************
15 S FRANKLIN ST 6TH FLOOR    *    Charges Deducted From Check   *
                              *********************************
WILKES BARRE      PA 18773    Check Number: 950014977

| Vin | Sale Date | Enter Date | Year | Make | Description | Amount |
|-----|-----------|------------|------|------|-------------|--------|
| 5GTEN13E888134037 | 11/01/2012 | 10/29/2012 | 2008 | HUMMER | FRAME CHECK | 25.00 |
| 5GTEN13E888134037 | 11/01/2012 | 10/17/2012 | 2008 | HUMMER | GAS | 16.00 |
| 5GTEN13E888134037 | 11/01/2012 | 10/16/2012 | 2008 | HUMMER | IMS FEE | 12.00 |
| 5GTEN13E888134037 | 11/01/2012 | 10/16/2012 | 2008 | HUMMER | PICK-UP CHARGE | 88.00 |
| 5GTEN13E888134037 | 11/01/2012 | 10/29/2012 | 2008 | HUMMER | RECONDITIONING | 95.00 |
| 5GTEN13E888134037 | 11/01/2012 | 10/16/2012 | 2008 | HUMMER | STORAGE PAID OU | 325.00 |
| 5GTEN13E888134037 | 11/01/2012 | 10/31/2012 | 2008 | HUMMER | TIRE | 810.00 |
| 5GTEN13E888134037 | 11/01/2012 | 10/25/2012 | 2008 | HUMMER | TITLE FEE | 35.00 |
| 5GTEN13E888134037 | 11/01/2012 | 11/01/2012 | 2008 | HUMMER | SALE FEE | 115.00 |

Total Charges Deducted:        $1,521.00

 M+T Bank 2008 Hummer #134037

MV-217A (10-09)

pennsylvania
DEPARTMENT OF TRANSPORTATION

Bureau of Motor Vehicles
P.O. Box 68672
Harrisburg, PA 17106-8672

**APPLICATION FOR CERTIFICATE OF TITLE BY A FINANCIAL INSTITUTION OR DEALER AFTER DEFAULT BY OWNER**

**Title Must Be Attached**

12305-0382-000220

For Department Use Only

**NOTE:** This application may only be used by Financial Institutions and Vehicle Dealers who are licensed by the Department of Banking. Your ABA/FIN or DIN number (if applicable) must be listed below.

**A VEHICLE AND OWNER INFORMATION**

| Title Number | Name of vehicle owner as shown on attached title |
|---|---|
| 66428629702FL | EDWARD R FLYNN |

**B VEHICLE IDENTIFICATION NUMBER VERIFICATION - (NON PA TITLE ONLY)**

NOTE: IF AN OUT-OF-STATE TITLE IS ATTACHED TO THIS APPLICATION, A TRACING OF THE VEHICLE'S IDENTIFICATION NUMBER MUST BE AFFIXED IN THE SPACE PROVIDED. IF A TRACING CANNOT BE OBTAINED, THE VEHICLE'S IDENTIFICATION NUMBER MUST BE VERIFIED BY A CERTIFIED INSPECTION MECHANIC OR AUTHORIZED NOTARY PUBLIC IN THE APPROPRIATE SPACES BELOW.

TAPE VIN TRACING HERE

| DIN/MECHANIC # | Authorized notary public or certified inspection mechanic (print name) |
|---|---|
| | |

I CERTIFY THAT A LEGIBLE TRACING CANNOT BE SECURED AND THAT THE ABOVE VIN IS CORRECT — Authorized notary public or certified inspection mechanic sign here

**C REPOSSESSOR'S INFORMATION**

| Repossessing Lienholder's Name (as listed on face of title) | ABA/FIN or DIN (if applicable) - must be listed |
|---|---|
| M AND T BANK | 031302955 |

Street Address: 1 FOUNTAIN PLAZA FOURTH FLOOR

| City | State | Zip Code |
|---|---|---|
| BUFFALO | NY | 14203 |

**D REPOSSESSOR'S INFORMATION**

Repossessing Lienholder's Name (as listed on face of title) — ABA/FIN or DIN (if applicable) - must be listed

Check the appropriate box below indicating which option you are proceeding under:

- ☐ 1 Renunciation (Repossessor Must Take Title)
- ☐ 3 Mobile Home
- ☑ 2 Non-Judicial sale or repossession and retention (M.V.S.F.A.)

CC

**E PURCHASER INFORMATION** (Exactly as shown in Section A on reverse side of title)

I/We certify, to the best of my/our knowledge, that the odometer reading is 82526 miles and reflects the actual mileage of the vehicle, unless one of the following boxes is checked:

- ☐ Reflects the amount of mileage in excess of its mechanical limits
- ☐ Is NOT the actual mileage (Warning: Odometer discrepancy)

WARNING: Federal and State laws require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

| Last Name (or full business name) | First Name | Middle Name | PA DL/Photo ID# or Bus. ID # | Date of Birth |
|---|---|---|---|---|
| M AND T BANK | | | | |
| Co-Purchaser | | | | |

| Street Address | City |
|---|---|
| 1 FOUNTAIN PLAZA FOURTH FLOOR | BUFFALO |

| County | State | Zip Code | Date Acquired/Purchased |
|---|---|---|---|
| | NY | 14203 | |

| Dealer ID Number (if applicable) | Financial Institution Number (if applicable) |
|---|---|
| | |

**H. TAX, TITLE AND REGISTRATION FEES**

**(If applicable).** Use back of Forms MV-1 or MV-4ST to determine proper sales tax exemption information.

NOTE: Only the purchaser listed in Section E must complete the following appropriate blocks.

| | |
|---|---|
| PURCHASE PRICE (See note on reverse) | |
| TAXABLE AMOUNT | |
| 1. 6% (06) SALES TAX; 7% (07) Allegheny Co. residents; 8% (08) City of Philadelphia residents | |
| 1A. EXEMPTION REASON CODE (Must be a number from 1 to 26 or 0) | 26 |
| 1B. EXEMPTION NUMBER | |
| 2. Title Fee | 22.50 |
| 3. Lien Fee | |
| 4. Registration or Processing Fee | |
| Fee Exempt Number as assigned by the Department | |
| 5. Duplicate Registration Fee No. of Cards ____ | |
| 6. Transfer Fee | |
| 7. Increase Fee | |
| 8. Replacement Fee | |
| TOTAL PAID (Add 1 thru 8) Send One Check in This Amount → | $22.50 |

**NOTE:** If a co-purchaser other than your spouse is listed and you want the title to be listed as "Joint Tenants With Right of Survivorship" (On death of one owner, title goes to surviving owner,) CHECK HERE ☐ Otherwise, the title will be issued as "Tenants in Common" (On death of one owner, interest of deceased owner goes to his/her heirs or estate.).

**F SIGNATURES**

I/We acknowledge that I/we may be subject to a fine not exceeding $1,000.00 and imprisonment of not more than two years for any false statement that I/we make on this application, and I/we certify that I/we have examined and signed the application after its completion and that if an exemption from payment of sales tax is claimed, I am/we are authorized to claim the exemption. I/We further certify that all statements herein are true and correct and there are [illegible] certificate of title for the vehicle described in Block A.

| | | | |
|---|---|---|---|
| REPOSSESSOR'S SIGNATURE | Signature of Repossessor or Authorized Signer [signature] | Title of Authorized Signer [signature] | Date 10/31/12 |
| PURCHASER SIGNATURE | Signature of Purchaser or Authorized Signer [signature] | Signature of Co-Purchaser or Title of Authorized Signer | Date 10/31/12 |

**G Repossessor's Certification Information**

I certify that the owner/lienholder [illegible] has repossessed the above described motor vehicle or mobile home upon default according to the terms of the security agreement and has complied with all applicable laws and regulations of Pennsylvania.

| | | |
|---|---|---|
| REPOSSESSOR'S SIGNATURE | Signature of Repossessor or Authorized Signer [signature] | Date 10/31/12 |
| | Printed Name of Repossessor or Authorized Signer HELEN S. SHARER | Title of Authorized Signer [signature] |

EXHIBIT 9

**M&T Bank**

**Consumer Lending Department**
**PO Box 2187, Buffalo, NY 14240**
**1-800-724-8644**

## NOTICE OF OUR PLAN TO SELL PROPERTY

TO:  Doug J Abbott
     2821 State Route 18
     Hookstown, PA 15050

SUBJECT:  11051400970001, dated _February 13, 2014_, between Debtor and M&T Bank, as assignee and secured party (the "Contract"), with respect to the following collateral:

| Year<br>2005 | Make<br>Ford | Model<br>Ranger | Vehicle Identification Number<br>1FTZR45E85PA75732 |
|---|---|---|---|

We have repossessed the motor vehicle described above (the "Vehicle"), because you broke promises in our agreement.

We will sell the Vehicle in a public sale or in a private sale, as indicated below.

☐ Public Sale.  If this box is checked, we will sell the Vehicle at a public sale.  A sale could include a lease or license.  The sale will be held as follows:

    Date:  _____
    Time:  _____
    Place:  _____

    You may attend the sale and bring bidders if you want.

X  Private Sale.  If this box is checked, we will sell the Vehicle at a private sale sometime after the following date: <u>November 27, 2015</u>.  A sale could include a lease or license.

The money that we get from the public or private sale (after paying our costs) will reduce the amount you owe.  If we get less money than you owe, you still owe us the difference.  If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses.  To learn the exact amount you must pay, call us at 1-800-724-8644.  You can also get it back for less.  See Additional Information below.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-800-724-8644 or write us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240 and request a written explanation.  If you would like more information about the sale of the Vehicle you may call us at 1-800-724-8644 or write us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240.

We are sending this notice to the following other people who have an interest in the Vehicle or who owe money under your agreement: <u>none</u>

**Additional Information:**

The Vehicle is stored at the following location:<u>   American Recovery Corp.; 1227 Lysle blvd; Mckeesport, PA 15132</u>

See the attached Notice of Repossession for more important information about your rights.

1



 **M&T Bank**

## NOTICE OF REPOSSESSION

You are hereby notified that pursuant to the terms and provisions of your Contract your vehicle describe above was repossessed on 11/10/2015and will be offered for sale as described in the attached Notice of Our Plan to Sell Property. As of the date of this notice, your vehicle is located and being stored at American Recovery Corp.; 1227 Lysle blvd; Mckeesport, PA 15132. This Notice includes information about how you can get your Vehicle back and other important information about your rights.

Getting the Vehicle Back for Less:

To reinstate the Contract and get the Vehicle back for less than the full amount you owe, you must pay the total reinstatement amount set forth below to: M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240 at any time prior to sale of the Vehicle (which sale may occur at any time after 15 days from the date of this notice):

| | |
|---|---|
| Past Due Payments: | $ 655.32 |
| Accrued late charges: | $ 40.28 |
| Collection charges: | $ 0.00 |
| Expense of repossessing the Vehicle: | $ 195.00 |
| Expense of storing the Vehicle: | $ 75.00 (3 days, at $ 25.00 per day) |
| Expense of preparing/repairing the Vehicle for sale: | $ 200.00 |
| Other expenses: (Specify)  n/a | $    .00 |
| Total reinstatement amount: | $1,165.60 |

If you reinstate, you may continue under our agreement as though you had not defaulted, but you must comply with all the terms of our agreement going forward, including the requirement to pay all payments on time.

Right to Redeem:

You also have the right to get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments) including our expenses ("redeem"). You may call us at 1-800-724-8644 or write us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240 to obtain information concerning the amount due to redeem the Vehicle and to arrange to redeem the Vehicle. As of the date of this notice, the amount required to redeem the Vehicle is:

| | |
|---|---|
| Unpaid principal balance: | $6,861.06 |
| Accrued finance charges: | + $ 133.27 |
| Unpaid late charges : | + $ 40.28 |
| Repossession expenses: | + $ 195.00 |
| Sale preparation expenses: | + $ 200.00 |
| Storage expenses: | + $ 75.00 |
| Attorney fees incurred: | + $   .00 |
| Legal costs incurred: | + $   .00 |
| Other amounts due (itemize and describe) | |
|  n/a | + $   .00 |
| Amount Required to Redeem: | = $7,504.61 |

The longer you wait, the more you may have to pay to get the Vehicle back. The amount of finance charges you owe will increase each day you pay after the date of this notice. We may also incur additional expenses for which you may be responsible including the reasonable expenses of repossessing, holding, preparing for sale and selling the Vehicle and reasonable attorneys' fees and legal expenses, as permitted by law. Your right to reinstate the Contract or to redeem the Vehicle by paying all that you owe continues until the Vehicle is sold. If you wish to get the Vehicle back, you may obtain updated information concerning the amount required or discuss you options for getting the Vehicle back by calling us at 1-800-724-8644 or by writing us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240. Any

# ▲ M&T Bank

notice to us may be served to the same address.  You are entitled to an accounting.  If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-800-724-8644 or write to us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240.  The office hours associated with our phone number 1-800-724-8644 are Monday through Thursday 8:00 am – 9:00 pm, EST and Friday 8:00 am – 5:00 pm EST. We will not charge you for the explanation.

For a statement of your account that shows your remaining balance, charges and credits to your account, payments that are due and remaining payment schedule, please contact: <u>Debbie Peck;  M&T Bank;  475 Crosspoint Pkwy;  Getzville, NY 14068.</u>

Any personal property left in the Vehicle will be held for thirty (30) days from the date of this notice's mailing (see below). You may reclaim any personal property left in the Vehicle within such thirty (30) day time period. If you do not reclaim such personal property during such thirty (30) day time period, it may be disposed of in the same manner as the Vehicle and other collateral.

If you do not get the Vehicle back as described above and we sell it, the sale price of the Vehicle may not cover your debt and the permitted expenses related to repossession and sale. If that happens, you *are* responsible for any remaining deficiency balance.

We may report information about your Account to credit bureaus.  Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

If you have filed for relief under the United States Bankruptcy Code, please understand that this Notice is given to you as a requirement of State Law and is not an attempt to collect a debt, including any deficiency after the sale.  However, if you have not filed for relief under the United States Bankruptcy Code, then this is an attempt to collect a debt and any information obtained will be used for that purpose.

If you are no longer the titled owner of the Vehicle, this notice is only for your information, as the rights referred to above may only be held by the new owner.

Please reference this notice and <u>11051400970001</u> in any related correspondence or notice to us.

<div style="text-align:center">

M&T BANK


By: Debbie Peck
Repossession Specialist

</div>

Date Notice Mailed:   <u>November 12, 2015</u>

 **M&T Bank**

December 22, 2015

Doug J Abbott
2821 St Rt 18
Hookstown, PA 15050

RE:     Name:  Doug J Abbott
        Account #: 11051400970001
        Collateral: 2005 Ford  Ranger

Dear Doug J Abbott:

Please be advised that your repossessed collateral was sold at a private auction on December 17, 2015.  Here is a description of how we applied the proceeds from sale to the account balance and calculated the deficiency of $4,153.73(the amount you owe us) that remains after the sale:

| | |
|---|---|
| Payoff prior to Auction Date: | $7,086.95 |
| Less: Auction Proceeds: | $4,500.00 |
| Equals: Obligation after proceeds | $2,586.95 |
| Plus: Auction Expense: | $1,371.78 |
| Plus: Repossession Expense: | $ 195.00 |
| Less: Credits | $   .00 |
| Equals: Total Amount Due/ Deficiency | $4,153.73 |

Future debits, credits, charges, interest and expenses, if any, may affect the amount of the deficiency. Please contact me immediately to make arrangements for payment of the remaining amount due.

If you have filed for relief under the United States Bankruptcy Code, please understand that this notice is given to you for informational purposes only to provide you with an accounting of the sale and is not an attempt to collect a debt or any deficiency after the sale.

However, if you have not filed for bankruptcy or you are not entitled to protection under the Bankruptcy Code, this is an attempt to collect a debt and any information obtained will be used for that purpose.

If you want additional information about this transaction, you may contact us at 1-800-724-8644 or write to us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240. The office hours associated with our phone number 1-800-724-8644 are Monday through Thursday 8:00 am – 9:00 pm, EST and Friday 8:00 am – 5:00 pm EST.

Sincerely,

Diane Stevenson
Workout Specialist









Consumer Lending Department
PO Box 2187, Buffalo, NY 14 25
1-800-724-8644

## NOTICE OF OUR PLAN TO SELL PROPERTY

TO: Catherine Hosick
PO BOX 482
Conneaut Lake, PA 16316

SUBJECT: ▮▮▮▮▮ 001, dated April 20, 2011, between Debtor and M&T Bank, as assignee and secured party (the "Contract"), with respect to the following collateral:

| Year 2008 | Make Ford | Model Focus-4 CY | Vehicle Identification Number 1FAHP35N98W144701 |
|---|---|---|---|

We have repossessed the motor vehicle described above (the "Vehicle"), because you broke promises in our agreement.

We will sell the Vehicle in a public sale or in a private sale, as indicated below.

☐ Public Sale. If this box is checked, we will sell the Vehicle at a public sale. A sale could include a lease or license. The sale will be held as follows:

Date: _____
Time: _____
Place: _____

You may attend the sale and bring bidders if you want.

X Private Sale. If this box is checked, we will sell the Vehicle at a private sale sometime after the following date: June 04, 2015. A sale could include a lease or license.

The money that we get from the public or private sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To learn the exact amount you must pay, call us at 1-800-724-8644. You can also get it back for less. See Additional Information below.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-800-724-8644 or write us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240 and request a written explanation. If you would like more information about the sale of the Vehicle you may call us at 1-800-724-8644 or write us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240.

We are sending this notice to the following other people who have an interest in the Vehicle or who owe money under your agreement: none

Additional Information:

The Vehicle is stored at the following location:   First Credit Resources - MCRC: 2720 West 13th Street: Erie, PA 16505

See the attached Notice of Repossession for more important information about your rights.

1



 **M&T Bank**

### NOTICE OF REPOSSESSION

You are hereby notified that pursuant to the terms and provisions of your Contract your vehicle describe above was repossessed on 5/19/2015and will be offered for sale as described in the attached Notice of Our Plan to Sell Property. As of the date of this notice, your vehicle is located and being stored at First Credit Resources - MCRC: 2720 West 13th Street; Erie, PA 16505. This Notice includes information about how you can get your Vehicle back and other important information about your rights.

**Getting the Vehicle Back for Less:**

To reinstate the Contract and get the Vehicle back for less than the full amount you owe, you must pay the total reinstatement amount set forth below to: M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240 at any time prior to sale of the Vehicle (which sale may occur at any time after 15 days from the date of this notice):

| | |
|---|---|
| Past Due Payments: | $ 806.04 |
| Accrued late charges: | $ 5.37 |
| Collection charges: | $ 0.00 |
| Expense of repossessing the Vehicle: | $ 400.00 |
| Expense of storing the Vehicle: | $ 40.00 (2 days, at $ 20.00 per day) |
| Expense of preparing/repairing the Vehicle for sale: | $ 200.00 |
| Other expenses: (Specify) n/a | $ .00 |
| Total reinstatement amount: | $1,451.41 |

If you reinstate, you may continue under our agreement as though you had not defaulted, but you must comply with all the terms of our agreement going forward, including the requirement to pay all payments on time.

**Right to Redeem:**

You also have the right to get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments) including our expenses ("redeem"). You may call us at 1-800-724-8644 or write us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240 to obtain information concerning the amount due to redeem the Vehicle and to arrange to redeem the Vehicle. As of the date of this notice, the amount required to redeem the Vehicle is:

| | |
|---|---|
| Unpaid principal balance: | $6,674.15 |
| Accrued finance charges: | + $ 145.47 |
| Unpaid late charges : | + $ 5.37 |
| Repossession expenses: | + $ 400.00 |
| Sale preparation expenses: | + $ 200.00 |
| Storage expenses: | + $ 40.00 |
| Attorney fees incurred: | + $ .00 |
| Legal costs incurred: | + $ .00 |
| Other amounts due (itemize and describe) | |
| n/a | + $ .00 |
| Amount Required to Redeem: | = $7,464.99 |

The longer you wait, the more you may have to pay to get the Vehicle back. The amount of finance charges you owe will increase each day you pay after the date of this notice. We may also incur additional expenses for which you may be responsible including the reasonable expenses of repossessing, holding, preparing for sale and selling the Vehicle and reasonable attorneys' fees and legal expenses, as permitted by law. Your right to reinstate the Contract or to redeem the Vehicle by paying all that you owe continues until the Vehicle is sold. If you wish to get the Vehicle back, you may obtain updated information concerning the amount required or discuss you options for getting the Vehicle back by calling us at 1-800-724-8644 or by writing us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240. Any

-2-

M&T00918

## M&T Bank

notice to us may be served to the same address. You are entitled to an accounting. If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-800-724-8644 or write to us at M&T Bank, Attention: Remarketing Support, PO Box 2187, Buffalo, NY 14240. The office hours associated with our phone number 1-800-724-8644 are Monday through Thursday 8:00 am – 9:00 pm, EST and Friday 8:00 am – 5:00 pm EST. We will not charge you for the explanation.

For a statement of your account that shows your remaining balance, charges and credits to your account, payments that are due and remaining payment schedule, please contact: <u>Debbie Peck; M&T Bank; 475 Crosspoint Pkwy; Getzville, NY 14068.</u>

Any personal property left in the Vehicle will be held for thirty (30) days from the date of this notice's mailing (see below). You may reclaim any personal property left in the Vehicle within such thirty (30) day time period. If you do not reclaim such personal property during such thirty (30) day time period, it may be disposed of in the same manner as the Vehicle and other collateral.

If you do not get the Vehicle back as described above and we sell it, the sale price of the Vehicle may not cover your debt and the permitted expenses related to repossession and sale. If that happens, you *are not* responsible for any remaining deficiency balance.

We may report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

If you have filed for relief under the United States Bankruptcy Code, please understand that this Notice is given to you as a requirement of State Law and is not an attempt to collect a debt, including any deficiency after the sale. However, if you have not filed for relief under the United States Bankruptcy Code, then this is an attempt to collect a debt and any information obtained will be used for that purpose.

If you are no longer the titled owner of the Vehicle, this notice is only for your information, as the rights referred to above may only be held by the new owner.

Please reference this notice and <u>11045007380001</u> in any related correspondence or notice to us.

M&T BANK

By: Debbie Peck
Repossession Specialist

Date Notice Mailed: <u>May 20, 2015</u>

- 3 -

M&T00919

## AFFIDAVIT

Affiant affirm, subject to 28 U.S.C. §1746 and 18 Pa. C.S. §4904, as follows:

1. I am Donald Dayton ("Affiant"), a competent adult. I and my sister Jennifer Versuk own and actively manage Don's Auto. I have first-hand knowledge of the policies, procedures, and practices which Don's Auto has employed in the last 10 years ("Relevant Period") with respect to the repossession of vehicles.

2. Don's Auto has never contracted to perform any repossession work directly with M & T Bank ("M & T"). Rather, Don's Auto performed M & T's vehicle repossession work pursuant to a written contract between Don's Auto and Millenium Capital and Recovery Corporation ("Millenium") and/or instructions directed by Millenium.

3. During the Relevant Period, Don's Auto did not charge a storage fee to Millenium for any vehicle it repossessed while the repossessed vehicle was stored at its lot during the first 15 days after the date of repossession. After this 15 day time period, Don's Auto would typically charge Millenium a storage fee of approximately $8 per day.

4. During the Relevant Period, if the owner of a repossessed vehicle came to Don's Auto's lot to redeem the repossessed vehicle or to reinstate their loan, Don's Auto would charge the vehicle owner: (i) a daily storage fee for the storage of the repossessed vehicle at its lot (approximately $30 per day); (ii) a Redemption Fee for the redemption of the vehicle or reinstatement of the account (approximately $40); and, (iii) a Personal Property Fee for storing and inventorying the personal possessions left in the repossessed vehicle (approximately $25-40).

5. During the Relevant Period, if the owner of the repossessed vehicle came to Don's Auto's lot to pick-up just their personal property which was in the repossessed vehicle, Don's Auto would charge the vehicle owner only a Personal Property Fee.

6. During the Relevant Period, depending upon the instructions of Millenium and/or the contract between Don's Auto and Millenium, Don's Auto would receive none, some, or all of the respective fees described in Paragraphs 4 and 5 above (forwarding, as may be necessary, a portion of the fee to Millenium).

_____
Signature of Affiant



7. While the fees described in Paragraphs 4 and 5 and Don Auto's participation in these fees may have been modified over the years, the payor of these respective fees and the assessment of these fees has not changed during the Relevant Period.

8. All vehicles repossessed at the request of Millenium and which were stored in Don's Auto's lot were then moved by a third party (i.e., typically by an agent of an auction) or driven away by the owner who redeemed the vehicle or reinstated their account. Don's Auto has not transported any redeemed repossessed vehicles (i.e., back to the location where the vehicle was repossessed or to another county) for Millenium or M & T Bank.

9. Any fees charged by Don's Auto were assessed at and with the approval and direction of Millenium.

10. Affiant has searched Don's Auto's records for information relating to Gene Daisey's repossession and an F-10 Chevy Pick-up vin: 1GCDT13X24K139998 and cannot locate any such records. A copy of the Millenium-Don's Auto contract is attached.

11. Since approximately 2013, Don's Auto uses RDN (Recovery Database Network), an electronic communication system in which Don's Auto and Millenium communicate with each other.

_____
Signature of Affiant

SWORN AND SUBSCRIBED this ___31st___ day of __January__, 2018.

_____        SEAL
Notary Public's Signature

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Jennifer Lynn Versuk, Notary Public
Towamensing Twp., Carbon County
My Commission Expires June 15, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

MV-217A (9-17)



**pennsylvania**
DEPARTMENT OF TRANSPORTATION
www.dmv.pa.gov

**APPLICATION FOR CERTIFICATE OF TITLE BY A FINANCIAL
INSTITUTION OR DEALER AFTER DEFAULT BY OWNER**
(Title Must Be Attached)

For Department Use Only

**NOTE:** This application may only be used by Financial Institutions and Vehicle Dealers who are licensed by the Department of Banking.
Your ABA/FIN or DIN number (if applicable) must be listed below.

**A | VEHICLE AND OWNER INFORMATION**

Title Number

Name of Vehicle Owner as Shown on Attached Title

**B | VEHICLE IDENTIFICATION NUMBER VERIFICATION (NON-PA TITLE ONLY)**

**NOTE:** If an out-of-state title is attached to this application, a tracing of the Vehicle's Identification Number must be affixed in the space provided. If a tracing cannot be obtained, the Vehicle's Identification Number must be verified by a certified inspection mechanic or authorized notary public in the appropriate spaces below.

TAPE VIN
TRACING
HERE

DIN/Mechanic #

Authorized Notary Public or Certified Inspection Mechanic (Print Name)

I certify that a legible tracing cannot be secured and that the above VIN is correct.

Authorized Notary Public or Certified Inspection Mechanic sign here.

**H. TAX, TITLE AND REGISTRATION FEES**

If applicable, use back of Forms MV-1 or MV-4ST to determine proper sales tax exemption information.

NOTE: Only the purchaser listed in Section E must complete the following appropriate blocks.

PURCHASE PRICE
(See Note on Reverse)

TAXABLE AMOUNT

1. x6% (.06) SALES TAX
   x7% (.07) Allegheny Co. residents
   x8% (.08) City of Philadelphia residents.

1A. EXEMPTION REASON CODE
(Must be a number from 1 to 26 or 0)

1B. EXEMPTION NUMBER

**C | REPOSSESSOR'S INFORMATION**

Repossessing Lienholder's Name (as listed on face of title)

ABA/FIN or DIN (if applicable) must be listed.

Street Address

City

State

Zip Code

2. Title Fee

3. Lien Fee

**D | REPOSSESSOR'S INFORMATION**

Repossessing Lienholder's Name (as listed on face of title) and ABA/FIN or DIN (if applicable) must be listed.
Check the appropriate box below indicating which option you are proceeding under:
☐ 1. Renunciation (Repossessor Must Take Title)   ☐ 3. Mobile Home
☐ 2. Non-Judicial Sale or Repossession and Retention (M.V.S.F.A.)

4. Registration or Processing Fee

Fee Exempt Number as assigned by the Department

**E | PURCHASER INFORMATION (Exactly as shown in Section A on reverse side of title)**

I/We certify, to the best of my/our knowledge, that the odometer reading is __ __ __, __ __ __ miles and reflects the actual mileage of the vehicle, unless one of the following boxes is checked:
☐ 1. REFLECTS the amount of mileage in excess of its mechanical limits
☐ Is NOT the actual mileage (WARNING: Odometer discrepancy)
**WARNING:** Federal and State laws require that you state the mileage in connection with the transfer of ownership.
Failure to complete or providing a false statement may result in fines and/or imprisonment.

5. County Fee
   (See Note on Reverse.)

6. Duplicate Registration Fee
   No. of Cards _____

| Last Name (or full business name) | First Name | Middle Name | PA DL/Photo ID# or Bus. ID# | Date of Birth |
|---|---|---|---|---|
| Co-Purchaser | First Name | Middle Name | PA DL/Photo ID# or Bus. ID# | Date of Birth |

7. Transfer Fee

8. Increase Fee

Street Address

City

9. Replacement Fee

| County | State | Zip Code | Date Acquired/Purchased |
|---|---|---|---|
| Dealer Identification Number (if applicable) | | Financial Institution Number (if applicable) | |

**10. TOTAL PAID**
(Add 1 - 9)
Send One Check in This
Amount

NOTE: If a co-purchaser other than your spouse is listed and you want the title to be issued as "Joint Tenants With Right of Survivorship" (On death of one owner, title goes to surviving owner.)
CHECK HERE ☐. Otherwise, the title will be issued as "Tenants in Common" (On death of one owner, interest of deceased owner goes to his/her heirs or estate.).

**F | SIGNATURES**

I/We acknowledge that I/we may be subject to a fine not exceeding $5,000 and imprisonment of not more than two years for any false statement that I/we make on this application, and I/we certify that I/we have examined and signed this application after its completion; and, that if an exemption from payment of sales tax is claimed, I am/we are authorized to claim this exemption. I/We further certify that all statements herein are true and correct and make application for certificate of title for the vehicle described in Block A.

| Signature of Repossessor or Authorized Signer | Title of Authorized Signer | Date |
|---|---|---|
| Signature of Purchaser or Authorized Signer | Signature of Co-Purchaser or Title of Authorized Signer | Date |

**G | Repossessor's Certification Information**

I certify that the owner/lienholder named in this document has repossessed the above described motor vehicle or mobile home upon default according to the terms of the security agreement and has complied with all applicable laws and regulations of Pennsylvania.

| Signature of Repossessor or Authorized Signer | Date |
|---|---|
| Printed Name of Repossessor or Authorized Signer | Title of Authorized Signer |

EXHIBIT
tabbies
14



**NEW YORK STATE Department of Motor Vehicles**

MV-950 (12/15)

# AFFIRMATION OF REPOSSESSION AND BILL OF SALE

dmv.ny.gov

**INSTRUCTIONS ➤ Lenders must complete boxes ❶ ❷ ❸ ❹ ❺**   If Lender is selling vehicle, Purchaser information is **required** in boxes ❺ ❻

## ❶ VEHICLE DESCRIPTION (*includes motor vehicle or motorcycle, manufactured home\* or boat\**)

| YEAR | MAKE | MODEL | STATE LAST REG | STATE LAST TITLED | PLATE NUMBER |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

VEHICLE IDENTIFICATION NUMBER ➞

## ❷

| LENDER | | | | BORROWER | | | |
|---|---|---|---|---|---|---|---|
| Business Name | | | | Last Name, First, M.I. | | | |
| Number and Street Address | | | Apt. No. | Number and Street Address | | | Apt. No. |
| City | State | ZIP Code | | City | | State | ZIP Code |

The vehicle described above was repossessed in _____ on _____ from the borrower who was in default
(State)

of a security contract dated _____ . On _____ , _____ was
(Month/Day/Year)                                        (Auctioneer)

authorized to sell the above vehicle (*if applicable*).

Section 425(1) of the Vehicle and Traffic Law requires that, when a motor vehicle or motorcycle is repossessed, proper notification must be provided to the parties listed below, within 24 hours.

(**\*NOTE:** This notification is not required when a manufactured home or boat is repossessed.)

## ❸ PROPER NOTICE HAS BEEN GIVEN TO THE FOLLOWING PARTIES (*list names and addresses*):    Date Notified

| Police Agency Name | Address | |
|---|---|---|
| Commissioner of Motor Vehicles (*enter Name of Motor Vehicles office notified*) | Address | |
| Borrower/Current Owner Name (*other than lienholder*) | Address | |
| Other Name | Address | |

Under the penalties of perjury, I affirm that I have complied with Section 425(1) of the New York State Vehicle and Traffic Law (*see page 2*) and/or any applicable laws in the state where the vehicle was repossessed, pertaining to the disposition of the vehicle described above. I further affirm that, **if there is any other open perfected liens on the vehicle, and a lien release is not obtained, I have advised the purchaser of the outstanding liens on the vehicle.** ▶ _____

(Lender's Signature)

## ❹ ODOMETER DISCLOSURE STATEMENT

The odometer on the vehicle described above has (*check the appropriate box*): ☐ **5 digits** ☐ **6 digits** ☐ **7 digits**, not including tenths.
Federal and state laws require that the mileage of the vehicle described above be specified upon transfer of ownership.  Failure to do so, or not telling the truth about mileage, may result in fines and/or imprisonment.

I, _____ state that the odometer now reads _____ miles
Lender – Print Name in Full                                                    (do not include tenths of a mile)

and (one of the following statements must be checked):

1. ☐ I certify that, to the best of my knowledge, this odometer reading reflects the "ACTUAL MILEAGE" as seen on the odometer of the vehicle described above.
2. ☐ I certify that, to the best of my knowledge, the above-disclosed odometer reading "EXCEEDS MECHANICAL LIMITS". (The mileage is in excess of what the odometer is capable of recording.)
3. ☐ I certify that, to the best of my knowledge, the above-disclosed odometer reading is "*NOT THE ACTUAL MILEAGE. WARNING: ODOMETER DISCREPANCY.*"

## ❺ DAMAGE DISCLOSURE STATEMENT

**IMPORTANT: Making a false statement, or failure to accurately disclose  the salvage status of a vehicle, may subject you to substantial civil fines, in addition to any penalties authorized by the Penal Law.**

Check one box– I certify that, to the best of my knowledge, this vehicle ☐ **has been** ☐ **has not been** wrecked, destroyed or damaged to such an extent that the total estimate, or actual cost, of parts and labor to rebuild or reconstruct the vehicle to the condition it was in before an accident, and for legal operation on the road or highways, is more than 75% of the retail value of the vehicle at the time of loss. (Checking the "has been" box means the vehicle must have an anti-theft examination before being registered, and that the title issued will have the statement "Rebuilt Salvage: NY" on it.)

▶ _____     ▶ _____
Lender Signature                                                      Purchaser Signature

## ❻ PURCHASER:

| Print Last Name, First, M.I. | | | Price Paid | |
|---|---|---|---|---|
| Number and Street Address | Apt. No. | City | | |

**EXHIBIT 15**

§   **425. Repossession of motor vehicle or motorcycle; garageman's lien; notice to police.**   1. Any person, firm or corporation, or agent, employee or representative thereof, repossessing or retaking a motor vehicle or motorcycle pursuant to the provisions of article nine of the uniform commercial code, or other authority of law, or any contract or agreement, shall, immediately following such repossession or retaking, personally appear at a station house or other office of the police department, or agency or officer performing like functions, in the locality wherein such repossession or retaking occurred, give notice to such department, agency or officer of such repossession or retaking and thereafter  and within twenty-four hours personally deliver or mail by special delivery first class mail to the nearest motor vehicle district office, (a) notice of such repossession or retaking in such form as the commissioner may require and (b) the number plates of such motor vehicle or motorcycle.  Notice of such repossession or retaking, including the name and address of the person, firm or corporation repossessing or retaking the same, shall also be given within twenty-four hours thereof to the owner of such motor vehicle or motorcycle, either personally or by registered or certified mail directed to such owner at his last-known address.  Unless the motor vehicle or motorcycle can be repossessed or retaken without breach of the peace, it shall be repossessed or retaken by legal process, but nothing herein contained shall be construed to authorize a violation of the criminal law.



IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

COLEMAN McCALL, JR.,                      :         January Term, 2006
Individually and on behalf of all others  :
Similarly situated                        :
                    v.                     :         No. 00005
                                           :
DRIVE FINANCIAL SERVICES, L.P.            :
and                                        :
DRIVE GP, LLC                              :

## OPINION

Plaintiff brings this class action pursuant to Pennsylvania's Uniform Commercial Code ("UCC"), 13 Pa C.S. § 9601, et seq., and Pennsylvania's Motor Vehicle Sales Financing Act ("MVSFA"), 69 P.S. § 601, et seq.  The legislature , through the UCC and the MVSFA, requires secured parties to provide consumers with specific, detailed notices of repossession and sale. Consumers are entitled by statute to deficiency notices post sale.  Only by receiving a prompt deficiency notice can the consumer know whether a creditor will claim that the vehicle proceeds do not satisfy the remaining obligation and that the creditor intends to hold the consumer liable for a deficiency balance.

Plaintiff Coleman McCall alleges among other things, that Defendants Drive Financial Services, L.P. and Drive, GP, LLC, have violated state law notice requirements in connection with motor vehicle repossessions.  There is no dispute that Defendants have utilized uniform procedures, forms and manner of notice with respect to their vehicle repossessions in the Commonwealth of Pennsylvania.



Mccoll Jr Vs Drive Financial Services Lp Ets-ORDOP

060100005

EXHIBIT
16

Defendant Drive Financial Services, L.P. ("Drive") is a Texas based automobile-finance company.  When a consumer has defaulted on a loan, Drive repossesses and re-sells the consumer's vehicle that collateralizes the loan.  In the course of repossessing vehicles belonging to plaintiff and the potential class, Drive failed both substantively and procedurally to provide plaintiff and the potential class with, among other information, the 15 day notice period required under (1) the UCC, (2) the parties' retail installment contract, and (3) the statute specifically governing repossession practice – the MVSFA.

The UCC requires a creditor to provide "reasonable authenticated notification of disposition" after repossessing a vehicle, 13 Pa. C.S. § 9611.  The UCC does not itself define what is "reasonable" but looks to other sources for definition.  The MVSFA is the Pennsylvania statute designed to cover repossessions and protect consumers from abuses by allowing a minimum period to cure any default or redeem before sale.  *See*, 69 P.S. § 623D.  Under the MVSFA, a creditor must provide:

> [a] written "notice of repossession" delivered in person, or sent by registered certified mail directed to the last known address of the buyer.  Such notice shall set forth the buyer's right as to reinstatement of the contract, if the holder extends the privilege of reinstatement and redemption of the motor vehicle, shall contain an itemized statement of the total amount required to redeem the motor vehicle by reinstatement or payment of the contract in full, shall give notice to the buyer of the holder's intent to re-sell the motor vehicle at the expiration of fifteen (15) days from the date of mailing such notice, shall disclose the place at which the motor vehicle is stored, and shall designate the name and address of the person to whom the buyer shall make payment, or upon whom he may serve notice.  The holder's notice shall also state that any personal property left in the repossessed vehicle will be held for thirty (30) days from the date of the notice's mailing.  The personal property may be reclaimed within the thirty (30) day time period. Thereafter the property may be disposed of in the same manner as the motor vehicle and other collateral.

As set forth above, the MVSFA requires that a notice of repossession be sent to the consumer advising the consumer of several items, including 15 days notice of intent

to sell the repossessed vehicle.  69 P.S. §623D.  Under 1 Pa. C.S. § 1933, a particular

provision of one statute i.e. the MVSFA, controls a general provision of another statute

addressing the same topic, i.e. the UCC.  Since provisions of the UCC and the MVSFA

are read *in pari materia*, plaintiff and the potential class were entitled, inter alla, to at

least 15 days notice of the intent to sell the repossessed vehicle, which did not occur.

*Industrial Valley Bank & Trust v. Nash*, 502 A.2d 1254, 1263 (Pa. Super. 1985)("On the

question of the kind of notice to be given to a debtor by the secured creditor, the MVSFA

and the U.C.C. are clearly in *pari materia* since they relate to the identical thing – the sale

of a repossessed motor vehicle."); *Coy v. Ford Motor Company*, 618 A.2d 1024,

1026(Pa. Super.1993).

      In addition to the MVSFA's statutory requirement of at least 15 days notice of

sale, the parties agreed in their finance contract that a borrower whose car is repossessed

would have at least 15 days notice to redeem.  The finance contract at issue provides at

¶ 12(b) under "some things you should know if we repossess the vehicle":

> You have the right to buy back (redeem) the vehicle within 15 days of the mailing
> of the Notice and at any later time before we sell the vehicle.  If you do not
> redeem, you give up all claim to the vehicle.

      Driver's notice provided only 10 days, despite the contractual and statutory

obligation to provide a minimum of 15 days.

      Under the MVSFA, Drive was also required to provide plaintiff and the class

information both regarding (1) the location of the repossessed vehicle; and (2) that any

personal property left in the vehicle would be held for 30 days from the date of mailing

the notice so plaintiff and potential members of the class could retrieve the property.

69 P.S. § 623D.  Drive, in its form Notice, also failed to provide that information.

If after the sale of the vehicle there is a deficiency balance, a creditor must send a letter explaining the deficiency (referred to herein as "Deficiency Notice") when it first makes written demand for the deficiency, or within 14 days after receipt of a request for an explanation by the consumer. 13 Pa C.S. § 9616. The Deficiency Notice must provide information about the aggregate amount of the obligation secured by the security interest; the proceeds from the sale; the remaining balance after applying the sale proceeds; a breakdown of the expenses incurred in selling the property; any credit to which the consumer is entitled; and the amount of the deficiency claimed. Defendant did not send out Deficiency Notices to plaintiff and the class.

Plaintiff and the potential class are entitled to uniform statutory damages as a result of defendant's failure to comply with the UCC (and the MVSFA). 13 Pa. C.S.A. § 9625(c) provides consumers with a uniform minimum liquidated damages, "regardless of any injury that may have resulted". *See*, Official Comment 4 to 13 Pa. C.S.A. § 9625 9-625(c):

> Persons entitled to recover damages; statutory damages in consumer goods transaction.  If the collateral is consumer goods, a person that was a debtor or secondary obligator at the time a secured party failed to comply with this chapter may recover for that failure in any event an amount not less than the credit service charge plus 10% of the principal amount of the obligation or the time price differential plus 10% of the cash price.

This statutory damage provision has routinely been applied as written. *See e.g., Kruse v. Voyager Ins. Co.*, 648 N. E.2d 814 (Ohio 1995).

Separately, the failure to send the deficiency notice provides for a uniform, statutory damage of $500.00. 13 Pa C.S.A. § 9625(e)(5).

## I. Factual Background

In or about September 2002, Mr. McCall obtained an automobile loan from Drive for the purchase of a used Ford automobile. After two years of timely payments, in 2004, Mr. McCall fell behind on his car payments to Drive as a result of a serious family situation and Drive repossessed Mr. McCall's vehicle on February 28, 2005.

On or about March 1, 2005, Drive sent Mr. McCall a "Notice of Plan to Sell Property" in connection with the repossession by Drive of his vehicle. The Notice states that the vehicle would be sold after 10 days, i.e. "at a private sale sometime after 03/11/05", and that McCall would have to pay the sum of $ 8,968.24 to redeem the vehicle. This is the only notice sent to McCall advising of the repossession. Drive's Notice failed to comply with the 15 day notice required under their agreement(s) the UCC; and the MVSFA.

Drive acknowledges that it sent this non-compliant notice to approximately 750 Pennsylvania residents. Drive, through its counsel, has also acknowledged that approximately 1,520 cars belonging to Pennsylvania residents were repossessed during the class period.

If a deficiency remains after the sale of the vehicle, a creditor must send a letter explaining the deficiency ("Deficiency Notice") when it first makes written demand for the deficiency or within 14 days after the receipt of the request for same by the consumer. 13 Pa C.S. § 9616. Drive did not provide a notice explaining any deficiencies claimed due as required under 13 Pa.C.S. § 9616. Drive has provided no evidence that a single deficiency notice was issued to any consumer. Pursuant to 13 Pa. C.S. § 9625(e), each

consumer class member may recover a uniform $500.00 damages as a result of a creditor's failure to provide an explanation of the deficiency, where that failure is part of a pattern or practice of noncompliance. Both of Plaintiff's damages claims are uniform and based upon a statutory formula.

Plaintiff has provided an expert report from Larry Goodman, CPA, who opines that the arithmetic calculation of damages (finance charge plus 10%) would be an easy, straightforward calculation for each class member.

## II. Discussion

In determining whether this action is properly certifiable as a class action, the court is confined to a consideration of the class action allegations and is not concerned with the merits of the controversy. The court's purpose in resolving the motion for class certification is to decide solely whether the action shall continue as a class action or as an action with individual parties only. Pa.R.C.P. § 1707 (Explanatory Note 1977). Accordingly, in resolving the pending motion, the Court cannot make any ruling on Plaintiffs' ultimate recovery against any named defendant nor on the merits of any defense raised. The burden of proving that classification is appropriate falls upon the party seeking certification. D'Amelio v. Blue Cross of Lehigh Valley, 347 Pa. Super. 441, 449, 500 A.2d 1137, 1141 (1985); Janicik v. Prudential Insurance Company of America, 305 Pa. Super. 120, 128, 451 A.2d 451, 454 (1982).

In order for the court to grant class certification, the plaintiff must demonstrate that the requirements set forth in Pa.R.C.P. § 1702 have been satisfied. Rule 1702 sets forth those requirements as follows:

Rule 1702: Prerequisites to a class action.

One or more members of a class may sue or be sued as representative parties on

behalf of all members in a class action only if:

    (1) the class is so numerous that joinder of all members is impractical;

    (2) there are questions of law or fact common to the class;

    (3) the claims or defenses of the representative parties are typical of the

        claims or defenses of the class;

    (4) the representative parties will fairly and adequately assert and protect

        the interests of the class under the criteria set forth in Rule 1709; and

    (5) a class action provides a fair and efficient method for adjudication of

        the controversy under the criteria set forth in Rule 1708.

## 1. NUMEROSITY

Drive has acknowledged that approximately 750 Pennsylvania residents received

a notice like the one attached to the Complaint.  The class size will likely be closer to the

number of repossessions, i.e. 1520, during the class period as recently identified by

Drive's counsel.  Drive's representations in its pleadings establish numerosity for

purposes of class certification.

## 2. COMMONALITY

Rule 1702(2) requires that plaintiff's show that "there are questions of law or fact

common to the class." Commonality does not require that every question of law or fact be

common to every member of the class; rather, the requirement is generally met if the

class members' legal grievances arise out of the "same practice or course of conduct" on

the part of the class opponent. *Janicik*, 451 A.2d at 457, *accord, Rose v. Shawmut*

*Developnet Corp.*, 460 Pa. 328, 333 A.2d 751, 753 (1974) (claims arising from form mortgages generally give rise to common questions).

The common questions in this case are set forth at ¶31 of plaintiff's Complaint.

    (a) Whether defendant failed to send the Notice of Repossession required under the MVSFA as required after repossessing a vehicle;

    (b) Whether defendant failed to send the Notice in the form and manner required under the UCC and MVSFA after repossessing a vehicke;

    (c) Whether defendant sent a written explanation of the deficiency claimed due as required under the UCC; and

    (d) The statutory or other damages provided for such misconduct. These issues are common to each of the 750 or more Pennsylvania consumers identified by Drive at this juncture, and therefore plaintiff meets the commonality standard.

## 3. TYPICALITY

Plaintiffs must demonstrate that their claims or defenses are typical of the claims or defenses of a class. Pa.R.C.P. § 1702(3). In order to satisfy the typicality requirement, the position of the class representative on the common issues must be sufficiently aligned with that of the absent class members to insure that the pursuit of the named plaintiffs' own interest will advance those of the proposed class members. D'Amelio, Supra, 347 Pa. Super. At 458, 500 A.2d at 457; Ablin, Supra, 291 Pa.Super. at 47, 435 A.2d at 212.

A named plaintiff's claim is considered to be typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class

members, and if claims of the named plaintiff emanate from the same legal theory or common allegation as the claims of the class members.

Instantly, the complaint delineates Dive's regular use of an improper form letter: a repossession notice contrary to that mandated by the UCC and MVSFA for consumers who have suffered a repossession, and the ensuing (absent) deficiency notice. The illegality of these form documents will not vary in any significant way among class members — either the forms are illegal or not.

Typicality does not require identical claims and a variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class. *See Bucci v. Cunard Line Ltd.*, 35 D & C 3d 228, 237 (1985). In this case, plaintiff McCall is a Pennsylvania resident who financed a vehicle through Drive, who after repossessing the car, failed to provide the notices required under the UCC, the retail installment contract and the MVSFA, and failed to send a proper deficiency notice. Each class member is in the identical situation. The Complaint alleges no claims that are particular to Mr. McCall such that he would be atypical of or antagonistic to any other class member. Even if Drive argues that each class member owed a deficiency and that it is entitled to a set off, that would only impact the amount of damages to be awarded. *See also Walczak*, 850 N.E. 2d at 371-372 (rejecting claim that deficiency set-offs may be a bar to class treatment).

Additionally, the statutory damage formula is the same for all class members. The formula is a question of simple math, assuming the common liability question is resolved in favor of the class. From Drive's records, one would only need to add the finance charge and principal balance outstanding on each of the finance agreements in the

class to calculate aggregate as well as individual statutory damages.  It is well-settled that minor variations in damages do not impair typicality or preclude certification.  *See, In Re Comm. Bank of N. Va.*, 418 F.3d 277 at 305-06(3d Cir. 2006).  Because the damages formula is uniform for all class members and may be calculated with mathematical certainty, there is no impediment to class certification in this case.

4. **ADEQUACY**

Rule 1702(4) requires that "the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709."  This requirement has three elements: (1) whether counsel for the name dplaintiff will adequately represent the interests of the class; and (2) whether the representative parties have a conflict of interest in the maintenance of the class action; and (3) whether the representative parties have or can acquire adequate financial resources to assure that the interests of the class will not be harmed.

Generally, competency of class counsel is presumed.  This Court finds that McCall is represented by counsel experienced in consumer class action litigation.  Cary L. Flitter and Lundy, Flitter, Beldecos & Berger, P.C. have been approved as competent counsel by this Court in other consumer class actions.  Flitter has presented at lectures and CLE's regionally and nationally for over 10 years.  Flitter teaches Consumer Credit Litigation at Widener University Law School (adjunct faculty) and is co-author of *Pennsylvania Consumer Law,* Geo. Bisel Publishing Co. Mr. McCall and the class will also be represented by Theodore E. Lorenz of the Lundy, Flitter firm.  Mr. Lorenz has significant trial experience and has been previously named class co-counsel in consumer matters in federal court.

The class is also represented by Michael D. Donovan, a principal in the firm of Donovan Searles, LLC. Mr. Donovan has extensive experience representing investors, consumers, and small businesses in class actions, shareholder rights, consumer and commercial litigation.  Donovan has been previously named class counsel by this Court and by other courts in this and other federal districts.

Plaintiff McCall will fairly and adequately represent the class.  Plaintiff McCall sits in virtually the same position as the putative class members who, like him, were not provided with the notices required under the UCC and the MVSFA.  There is nothing to suggest that McCall may have any interest antagonistic to the vigorous pursuit of the class claims against Drive.

The Court has been made aware that some 15 years ago, that McCall was arrested and convicted of robbing a convenience store in Bucks County.  He served 5 years in jail and was released in September 1996.  According to counsel, Mr. McCall is not on parole and does not have to see a parole officer or anyone related to the conviction, which is now more than a decade in his past.  He has not had any further convictions other than this singular criminal episode dating to 1991.  This old offense has no bearing on this prong of class certification.  *See Haywood v. Barnes*, 109 F.R.D. 568, 579(E.D.N.C. 1986).  Mr. McCall is an adequate class representative, knowledgeable and interested to bring this case on behalf of himself and the other members of the putative class.

Furthermore, Plaintiff also sued Drive under the federal Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.  *McCall v. Drive Financial Services*, U.S.D.C. E.D. Pa No. 05-cv-2463(AB).  In opposition to the federal action, Drive argued extensively that Mr. McCall's old conviction somehow rendered him inadequate to serve as class

representative. The federal court rejected Drive's argument, finding the conviction both old and entirely unrelated to any aspect of the case. *McCall v. Drive Financial Services,* 236 F.R.D. 246 (E.D. Pa. 2006).

Finally, the named plaintiff has adequate financial resources. Pa.R.C.P. 1709(3). Class counsel are advancing their time and the litigation costs, as they are permitted to do. Therefore, the adequacy prong is met.

### 5. Fair and Efficient Method for Adjudication of the Controversy

Pa.R.C.P. § 1702(5) requires that the Court find that a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Pa.R.C.P. 1708 as a prerequisite to class certification. The factors set forth in Pa.R.C.P 1708 to be considered in deciding whether or not a class action is a fair efficient method of adjudication include, in relevant part, "whether common questions of law or fact predominate over any question effecting only individual members" (Pa.R.C.P 1708(a)(1); the size of the class and the difficulties likely to be encountered in the management of the action as a class action (Pa.R.C.P. 1708(a)(2)); and whether the claims of individual class members are insufficient in amount to support separate actions (Pa.R.C.P. 1708(a)(7)).

In determining fairness and efficiency, a court is required to balance the interests of the litigants, including putative class members, and the interests of the court system, with the court being mindful that the class action is inherently a procedural device designed to promote efficiency and fairness in handling large numbers of similar claims. *Lillian v. Commonwealth,* 467 Pa. 15, 21, 354 A 2d 250, 253 (1976).

Pursuant to Rule 1708 (c), "[w]here both monetary and other relief is sought, the court shall consider the criteria all the criteria in both subdivisions (a) and (b) of the Rule.

Class cases challenging improper repossession and deficiency notices under the UCC's remedy provision have been regularly certified by sister state courts. *Walczak*, 850 N.E.2nd at, 366-372 (affirming certicication of class of motor vehicle buyers in action against finance company with respect to repossession and deficiency misconduct); *Middleton v. Sunstar Acceptance Corp.*, 2000 WL 33385388, *3-*8 (S.C. Com. P1. Jan. 13, 2000)(certifying class of motor vehicle buyers alleging that financing companies repossession form violated the UCC); *Chisolm v. Transouth Financial Corp.*, 194 F.R.D. 538, 557-569 (E.D. Va. 2000)(certifying class and subclasses against financing company for violation of UCC notice requirements in alleged car churning scheme); *Patrick v. Wix Auto Co.*, 681 N.E.2d 98, 102 (I11. App. 1st Dist. 1997)(holding that repossession notice utilized by financing company violated state law).

Here, common questions predominate throughout the class as a result of Drive's failure to provide both the repossession and deficiency notices required under the UCC ans the MVSFA. *See* Rule 1708(a)(1). The predominance standard is "closely akin to" the commonality requirement of Rule 1702(2) discussed above, which is clearly satisfied in the matter. *Janicik* at 461.

There is no basis to conclude that any difficulties would be encountered with the management of this matter on a class action basis. Rule 1709(a)(2). The class consists of between 750 and 1520 Pennsylvania consumers and involves Drive's failure to provide the notices required under the UCC and the MVSFA in connection with Drive's repossession of vehicles belonging to plaintiff and the class. Drive's business is highly computerized and as such, Drive should be able to readily access information relating to plaintiff and the class; *compare Janicik* at 462 ("...the names, addresses and insurance

records of all potential class members were centrally stored by [defendant]. Consequently, management problems unique to the class porceedure would not be unduly burdensome…").

This forum is particularly appropriate in which to address the claims of the plaintiff and the putative class. *See* Rule 1708(a)(3),(5),(6), and (7). The cost of proceeding on an individual basis would not be practical or economical given the potential size of individual awards and members of the putative class will benefit by proceeding on a class basis.

In addition to monetary relief, Plaintiff also seeks declaratory relief in this action. Declaratory relief is appropriate in this case since Drive has acted or refused to act, or failed to perform a legal duty, on grounds generally applicable to all class members. *See* Rule 1708 (b)(2). The defendant's conduct does not, however, have to be directed at or damaging to each member of the class to justify declaratory relief. *Willams v. Empire Funding*, 183 FRD at 435-37.

Declaratory relief is also appropriate because Drive's repossession and deficiency procedures fail to comply with Pennsylvania law. As Plaintiff asserts in his Motion, "the public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form." *Lake v. First Nationwide Bank*, 156 F.R.D. at 626; *accord Baldassari*, 808 A.2d at 195.

## II. CONCLUSION

Plaintiff has shown that each of the requirements for class certification set forth in Rule 1702 are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) plaintiff's

claims are typical of those of the class members: (4) plantiff is ans adequate

representative of the class; and (5) the class action provides a fair and efficient method

for adjudication of the controversy.  Plaintiff has shown that the criteria of Rule 1708 are

satisfied.

The Court therefore grants Plaintiff class certification.

BY THE COURT:

Gary F. Di Vito,                    J.

COPIES SENT
PURSUANT TO Pa.R.C.P. 236(b)

APR 1 4 2009

FIRST JUDICIAL DISTRICT OF PA
USER I.D.:

# M&T Bank

December 23, 2015

Doug J Abbott
2821 St Rt 18
Hookstown, PA 15050

RE:  Account # 11051400970001

Dear Doug J Abbott:

We are writing you with **GOOD NEWS** about the above referenced account.

To assist you in paying the outstanding amount on this account M&T Bank is offering to modify and reduce your monthly payments. The below payment reduction may provide you with the payment relief needed to meet your monthly financial obligations. To qualify for this program, you will need to provide the reason for your financial hardship, type of income source and commitment to pay the account in full. M&T will base your new monthly payment amount on your outstanding principal balance.  We agree to waive any accrued interest and late fees to date. The remaining term of your account may change as a result of your lowered monthly payment. Your interest rate may also be reduced.

| | |
|---|---|
| **Current Balance:** | **$3,927.84** |
| **Term:** | **48 Months** |
| **Interest Rate:** | **7.09%** |
| **Monthly Payment (could be as low as)** | **$ 94.22** |

Please Contact our office within **fifteen (15)** days from the date of this letter at 1-800-724-8644 to obtain more information about how you can take advantage of this program. The office hours associated with our phone number 1-800-724-8644 are Monday through Thursday from 8:00am – 9:00pm, EST and Friday 8:00am – 5:00pm, EST.

Nothing herein shall constitute a waiver of any rights or remedies of the Bank under applicable account documents or at law, all of which rights and remedies are specifically reserved. If you are in bankruptcy or received a bankruptcy discharge of debt, this communication is not an attempt to collect the debt against you personally, but strictly for informational purposes only. If you have not filed bankruptcy, this is an attempt to collect a debt and any information may be used for that purpose.

M&T Bank, Understanding what's important.

Sincerely,

Diane Stevenson
Prevention Department



EXHIBIT
17