# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. FLYNN, et al | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO. 17-cv-04806-WB |
| MANUFACTURERS AND TRADES | : | |
| TRUST COMPANY | : | |
| Defendant. | : | |

## MEMORANDUM

The Plaintiffs filed a Motion to Compel Discovery Responses. Doc. No. 103 (motion); Doc. No. 105 ("Pl. Mem."). The Defendants responded (Doc. No. 110 ("Def. Resp.")) and the Plaintiffs have filed a reply. Doc. No. 111. I have scheduled a hearing on October 26, 2018. The purpose of this Memorandum is to give the parties my tentative thoughts concerning the proper disposition of the motion, in an effort to provide them with guidance to make the hearing productive. I will proceed through the various discovery requests, outlining my tentative ruling and providing a very short explanation of my reasoning.

**Preliminary Rulings**

1)    Generally, Plaintiffs' requests and interrogatories are clear, directed toward obviously relevant information, and should be answered. The parties' main combat seems to be over whether discovery before class certification should be done by sampling or class-wide. Many of the subordinate disputes take on their significance as a result of this issue.

2)    Defendants objections are otherwise non-specific, boiler-plate responses with very little substance. Particularly when it comes to a showing of disproportionality or burdensomeness, Defendant's objections are lacking. The objections are in most instances overruled. In some instances Defendant contends it has already responded to interrogatories or demands for production. If it has provided answers or documents,

and has nothing further to add after its objections have been overruled, it will say so under oath. If it needs to supplement its responses in light of the objections being overruled, it will do so under oath.

3) The Defendant's general objections to interrogatories are overruled. Objections have to be noted with specificity. Fed. R. Civ. Pro. 33(b)(4); *see Covington v. Sailormen Inc.*, 274 F.R.D. 692, 693–94 (N.D.Fla. 2011) ("Common sense should have been enough for Defendant to know that boilerplate, shotgun-style 'General Objections,' incorporated without discrimination into every answer, were not consistent with Fed.R.Civ.P. 33(b)(4)'s directive that '[t]he grounds for objecting to an interrogatory must be stated with specificity.'"). The same holds for requests for production. *See* Fed. R. Civ. Pro. 34(b)(2)(B).

4) An objecting party must "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. Pro. 34(b)(2)(C). In large measure the Defendant has not complied with this rule. It will do so.

5) If the Defendant has been notified in writing of purported deficiencies in its responses to discovery, and its response is that it has nothing, or nothing further to disclose, it shall respond by affidavit under oath that it has made careful search of records and information under its control in response to the notice of deficiencies and has nothing, or nothing further, to disclose. Such an affidavit may be the basis of precluding evidence submitted by the Defendant at a later stage of the proceeding, if the discovery request covered the evidence and the evidence was not produced in discovery.

6) If the Defendant indicates in a discovery response ordered below that all information responsive to the request or interrogatory has been previously supplied, Defendant shall make such an assertion under oath and shall supply the bates numbers

of all responsive documents and refer to the interrogatory answer by number and date of response.

**Sampling Protocol**

7) Plaintiffs want extensive class-wide discovery. Defendant claims undue burden, and seeks discovery limited to only 150 individuals, which would represent 50 persons in each of the three classes identified in the Amended Complaint, and approximately 3.8% of the 3,956 people identified by Defendant as the total number of people who are potential class members. *See* response to Plaintiffs' interrogatory 9. Plaintiffs want complete discovery as to 20% of the potential class members, and class-wide discovery as to a number of other issues.

8) To resolve this impasse, on or before November 9, 2018, the Defendant shall file under seal separate lists of the names of each potential class member in the "FORM 1 NOR CLASS," the "FORM 2 NOR CLASS," the "NOR ALTERNATIVE CLASS" and the "POST-SALE NOTICE CLASS." Defendant shall order the lists by date of transaction, oldest to most recent. The date of transaction shall appear in a column next to each name. The parties shall agree on a means of randomly selecting 10% of each class for sampled discovery. If there is agreement, the parties shall promptly file a stipulation indicating their agreement and I will enter an order confirming the parties' protocol.

9) If the parties cannot agree, on or before November 23, 2018 the parties shall each file a memorandum of no more than 10 pages, exclusive of exhibits, explaining why discovery should not proceed by selecting every tenth name, with a random starting point on each list selected by me. If Defendant claims undue burden, Defendant shall supply an estimate of the number of documents and pages of records to

be supplied for a 10% sample group, and explain how Defendant arrived at the figure. Defendant shall also supply a thorough accounting of the hours spent on the 19,000 pages produced so far (Def. Mem. 16-17) concerning Representative Parties, detailing the persons who spent time on producing the documents, their job title and function, the hours spent on production of documents, an explanation of the nature of work done, the annual salary and hourly salary rate attributable to that person (for attorneys and paralegals employed by its outside counsel, Defendant need only supply hourly billing rate), and an itemization of other costs associated with the production. The estimate and accounting shall be submitted under oath. The purpose of the submission is to provide me with reliable information on the projected burdensomeness of the sampling procedure outlined above.

10) If Defendant contends a smaller sample size will produce statistically reliable results fairly representative of the complete class, it shall file an affidavit under oath from a qualified statistician supporting their contention, and providing concrete suggestions on how to overcome the statistical concerns.

11) If Plaintiffs contend the sample group is too small, or otherwise will not produce statistically reliable results fairly representative of the complete class, they shall file an affidavit under oath from a qualified statistician supporting their contention, and providing concrete suggestions on how to overcome the statistical concerns. Upon review of the parties' submissions I will issue an order fixing the discovery sampling protocol and addressing the timing of compliance with my particular discovery rulings, below, ¶¶ 13-15.

12) There shall be no class wide discovery until further court order. Full class-wide discovery at this time would be overly burdensome and disproportionate to the

issues and monetary amounts involved in this case. Sampled discovery should enable the parties to make reliable extrapolations about what full scale class-wide discovery would reveal. This should be sufficient to address the legal and factual issues that must be resolved prior to class certification.

13) Individual discovery disputes are tentatively resolved below. The discovery ordered below shall be limited to the sampled class members stipulated by the parties or chosen by the court. All discovery ordered below is limited to the class period.

14) **Interrogatories**

**No. 1** (Pl. Mem. 12; Def. Mem. 7). Plaintiff asks for identification of the persons who were involved in answering the interrogatories. All of Defendant's objections are overruled. Defendant shall supply an unequivocal answer under oath.

**No. 2** (Pl. Mem. 13; Def. Mem. 8). Plaintiff asks for an account of the deficiencies for all class members. All of Defendant's objections are overruled. Defendant shall supply an unequivocal answer. If some of the deficiencies have been discharged in bankruptcy, the Defendant shall note the deficiency is "zero" and explain that it was discharged in bankruptcy.

**No. 3** (Pl. Mem. 3; Def. Mem. 9). Plaintiff asks for auto loan deficiency actions. All of Defendant's objections are overruled. Defendant shall supply an unequivocal answer under oath.

**No. 4** (Pl. Mem. 17; Def. Mem. 10). Plaintiff asks for persons having knowledge of the facts alleged in the Complaint. All of Defendant's objections are overruled. Defendant shall supply an unequivocal answer under oath.

**No. 5** (Pl. Mem. 18; Def. Mem. 11). Plaintiff asks for a calculation of minimum statutory damages. All of Defendant's objections are overruled. Defendant shall supply an unequivocal answer under oath, or by following the procedure outlined in Fed. R. Civ. Pro. 33(d).

**No. 6** (Pl. Mem. 19; Def. Mem. 11). Plaintiff asks for an explanation of the difference in meaning between two phrases appearing on Defendant's forms. All of Defendant's objections are overruled. Defendant shall supply an unequivocal answer under oath.

**No. 7** (Pl. Mem. 20; Def. Mem. 7). Plaintiff asks for the aggregate amount Defendant actually paid all third parties for storage expenses. All of Defendant's objections are overruled. Defendant shall supply an unequivocal answer under oath.

**No. 8** (Pl. Mem. 21; Def. Mem. 12). Plaintiff asks for the aggregate amount Defendant actually paid for storing vehicles. All of Defendant's objections are overruled. Defendant shall supply an unequivocal answer under oath.

**No. 9** (Pl. Mem. 22; Def. Mem. 12-13). Plaintiff asks for the total number of people who comprise the various classes defined in the Complaint. Defendant has supplied figures, subject to non-specific objections. All of Defendant's objections are overruled. If the overruling of the objections means that the answer has to be supplemented, Defendant shall supplement its answer under oath.

**No. 10** (Pl. Mem. 23; Def. Mem. 10). Plaintiffs ask for the process by which Defendant answered its interrogatories. The question is unduly vague and

focuses on the process of answering interrogatories rather than on the substance of the litigation. The Plaintiffs' motion as to this interrogatory is DENIED.

**No. 11** (Pl. Mem. 24; Def. Mem. 13-14). Plaintiffs ask for specific information about Gene Daisey's loan. All of Defendant's objections are overruled. Defendant shall supply an unequivocal answer under oath. Defendant shall **also** provide the Bates stamp number of each document that it contends supplies the answer to the interrogatory.

**No. 12** (Pl. Mem. 25; Def. Mem. 14). Plaintiffs ask for specific information regarding a post-sale notice send to Abbott. All of Defendant's objections are overruled. Defendant shall supply an unequivocal answer under oath. Defendant shall **also** provide the Bates stamp number of each document that it contends supplies the answer to the interrogatory.

**No. 13** (Pl. Mem. 25; Def. Mem. 14). Plaintiffs ask for the criteria Defendants used to calculate the $200 expense for preparing/repairing the repossessed vehicle. The fact that the figure was an "estimate," as Defendant contends, does not obviate the responsibility to answer the question. If there were no criteria used, and the figure was selected arbitrarily, Defendant shall so state. All of Defendant's objections are overruled. Defendant shall supply an unequivocal answer under oath.

15) **Requests for Production**

**Nos. 1-5** (Pl. Mem. 26-28; Def. Mem. 15). Plaintiffs ask for documents supporting specific charges for storing and repairing repossessed vehicles of the representative plaintiffs. All of Defendant's objections are overruled. Defendant shall supply an unequivocal response under oath with responsive documents.

**No. 6** (Pl. Mem. 29; Def. Mem. 15-16). Plaintiffs seek sample discovery of all classes. All of Defendant's objections are overruled. Defendant shall supply an unequivocal response under oath with responsive documents.

**No. 7** (Pl. Mem. 30; Def. Mem. 17). Plaintiffs seek complaints filed against Defendant regarding its repossession policy, practice and procedure. All of Defendant's objections are overruled. Defendant shall supply an unequivocal response under oath with responsive documents.

**No. 8** (Pl. Mem. 31; Def. Mem. 18). Plaintiffs seek exemplars of every notice of repossession and post-sale notice form sent by Defendant during the class period. All of Defendant's objections are overruled. Defendant shall supply an unequivocal response under oath with responsive documents.

**No. 9** (Pl. Mem. 31; Def. Mem. 18). Plaintiffs seek exemplars of each retail instalment sale contract assigned to Defendant during the class period. All of Defendant's objections are overruled. Defendant shall supply an unequivocal response under oath with responsive documents.

**No. 10** (Pl. Mem. 32; Def. Mem. 18). Plaintiffs ask for all documents that tend to substantiate Defendants interrogatories. Plaintiffs request is DENIED as phrased because the question is unduly vague. Defendant shall supply all documents upon which it relied, or which it consulted, in responding to Interrogatories.

**No. 11** (Pl. Mem. 32; Def. Mem. 11). Plaintiffs ask for insurance policies that may cover Defendant for the claims asserted by Plaintiffs. Defendant responds that it has already stated in its Rule 26 initial disclosures that it has no

such insurance. Plaintiff acknowledges that this answer was provided in Defendant's initial disclosures. Plaintiffs' motion is DENIED.

**No. 12** (Pl. Mem. 33-38; Def. Mem. 19-22). Plaintiffs ask for all documents concerning the representative plaintiffs or their repossessed vehicles. Defendant responds that it has already supplied all such documents. Plaintiff identifies a number of deficiencies. Defendant has responded to the deficiencies. Defendant shall supply its answer, provided at pp. 20-22, as a supplemental response, under oath. In addition, the objections identified at Def. Mem. 20-22, (iii), (iv), (v), (x), (xi) and (xii) are overruled. These deficiencies seem reasonably clear, and are drawn from language in documents already produced by Defendant.

**No. 13** (Pl. Mem. 38; Def. Mem. 22). Plaintiffs seek documents that concern Defendant's repossession policies, procedures and practices. All of Defendant's objections are overruled. Defendant shall supply an unequivocal response under oath with responsive documents.

**No. 14** (Pl. Mem. 39; Def. Mem. 23). Plaintiffs seek Defendant's contracts' with third party vendors concerning repossession. All of Defendant's objections are overruled. Defendant shall supply an unequivocal response under oath with responsive documents.

**No. 15** (Pl. Mem. 39; Def. Mem. 23). Plaintiffs demand an organizational chart. All of Defendant's objections are overruled. Defendant shall supply an unequivocal response under oath with responsive documents.

16) **Privilege Log** (Pl. Mem. 41; Def. Mem. 24). I will resolve privilege log issues after examining the most recent privilege log in court, hearing argument from counsel, and if necessary, examining documents subject to a privilege claim *in camera.*

17) **Sanctions** (Pl. Mem. 44-50; Def. Mem. 29-30). I will deny the sanctions motion without prejudice to its being renewed once the discovery outlined in this Memorandum has been undertaken.

BY THE COURT:

*s/Richard A. Lloret*
RICHARD A. LLORET
U.S. Magistrate Judge