IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

EDWARD R. FLYNN, GENE DAISEY,
DOUGLAS ABBOTT, and CATHERINE
Hosick, individually and on behalf of all others
similarly situated,

        Plaintiffs,

        v.

MANUFACTURERS AND TRADERS TRUST
COMPANY a/k/a M&T BANK

        Defendant.

CIVIL ACTION

CLASS ACTION

No. 2:17-cv-04806-WB

## PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY RESPONSES AND IMPOSE SANCTION

AND NOW COMES Plaintiffs, by and through their undersigned counsel, hereby move the Court to compel discovery responses to Plaintiffs' Second Set of Post-Removal Discovery, stating as follows:

1.   On September 21, 2018, Plaintiffs filed their Motion to Compel Discovery Responses and Impose Sanctions.  That Motion was necessitated by the Bank's inadequate Initial Disclosures, as well as its obstructionist and incomplete response to Plaintiffs' First Set of Post-Removal Class Discovery.

2.   While that Motion was still pending, on October 26, 2018, the Court held a full day evidentiary hearing devoted to the outstanding discovery disputes.  At several points during the hearing, Plaintiffs requested that the Bank provide certain information that had not previously been included specifically in their First Set of Post-Removal Discovery.  As a matter of efficiency, the Court instructed the Bank to provide certain information to Plaintiffs and also asked Plaintiffs' counsel to memorialize any requests made at the hearing in writing.

3.   Plaintiffs assembled the requests made at the hearing and added a few other highly relevant, discrete discovery requests to a Second Set of Post-Removal Discovery which Plaintiffs served on November 5, 2018.  The Bank provided its responses to the Second Set of Discovery on December 5, 2018 and in two amended answers on or about February 8, 2019, which are grossly inadequate in numerous respects.

4.   Plaintiff attempted to resolve these issues in multiple letters to defense counsel, but the Defendant has been uncooperative in resolving these issues.

5.   As particularized in the accompanying brief, most of the Bank's objections to Plaintiffs' interrogatories and document requests are baseless and simply continue to "unreasonably delay[] and obstruct[] discovery in this case." 1/31/19 Order, Finding of Fact A.

6.   The Bank should be sanctioned for its repeated, egregious failures to provide full and complete responses to Plaintiffs' discovery requests and for its failure to supplement its Rule 26(a) disclosures, pursuant to Fed.R.Civ.P. 37(b).

7.   The "certification" attached to the Bank's Response and amended Response is not An affidavit, made under oath as required by statute, and contains numerous equivocations and even contradict the Bank's previous representations regarding document destruction and retention.

8.   A detailed account of the flagrant discovery deficiencies is set forth in the contemporaneously filed brief which is incorporated herein.

WHEREFORE, Plaintiffs respectfully requests the following relief which is described in detail in the accompanying Brief:

a.  Require the Bank to fully comply with the Court's discovery orders, including the January 11, 2018 and April 13, 2018 orders;

b.  Striking the Bank's objections to Plaintiffs' discovery requests set forth in its Second Set of Post-Removal Discovery and order that the Bank fully answer, under oath, all requests, providing responsive documents as necessary, or

referring counsel to a Bates Stamp number if already provided;

c. Impose sanctions on the Bank including striking its affirmative defenses and precluding it from bringing any counter claim; alternatively, striking any recoupment / set-off affirmative defense and precluding any contractual counterclaim.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan
Shenkan Injury Lawyers, LLC.
6550 Lakeshore St.
West Bloomfield, MI 48323
T: (248) 562-1320
F: (888) 769-1774

## CERTIFICATE OF GOOD FAITH ATTEMPTS TO RESOLVE DISCOVERY DISPUTE

I certify that the undersigned has made numerous attempts to resolve this discovery dispute as evidenced by the correspondence attached as Exhibit 4 to the corresponding brief and have been unsuccessful.

SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading was sent by E-Mail this 18th day of Febrary 2019 to all counsel of record. Furthermore, all counsel subscribe to the ECF and, therefore, received a copy of this pleading when filed.

SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan
*Attorney for Plaintiffs*