

6550 Lakeshore St., West Bloomfield, MI 48323
Phone: (800) 601-0808 • Fax: (888) 769-1774
rshenkan@shenkanlaw.com

November 5, 2018

**Via Fax, E-Mail, and FedEx**

Scott Parker, Esq.
Jim Berg, Esq.
Fred Hoensch, Esq.
PIB Law
270 Davison Ave.
Somerset, NJ 08873

RE:   *Flynn, et al. v. M & T Bank*, No. 17-4806.

Dear Counsel:

In connection with the above-referenced matter, enclosed please find the following:

> ➢ Plaintiffs' Second Set of Post-Removal Class Discovery Directed to Manufacturers and Traders Trust.

Should you have any questions, please call me at your earliest convenience. Thank you in advance for your courtesy and cooperation in this matter.

Sincerely,
Shenkan Injury Lawyers, LLC.

Richard Shenkan

Enclosures

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD R. FLYNN, GENE DAISEY, DOUGLAS J. ABBOTT, and CATHERINE HOSICK, individually and on behalf of all others similarly situated | CIVIL ACTION |
| | CLASS ACTION |
| Plaintiffs, | |
| v. | No. 2:17-CV-04806-WB |
| M & T BANK CORPORATION and MANUFACTURERS AND TRADERS TRUST COMPANY a/k/a M&T BANK | |
| Defendants. | |

**PLAINTIFFS' SECOND SET OF POST-REMOVAL
CLASS DISCOVERY DIRECTED TO
MANUFACTURERS AND TRADERS TRUST
COMPANY a/k/a M & T BANK**

Plaintiffs, individually and on behalf of all others similarly situated, by and through their undersigned counsel, propound the following discovery requests to Manufacturers and Traders Trust Company a/k/a M & T Bank pursuant to the Federal Rules of Civil Procedure.

### I. DEFINITIONS / INSTRUCTIONS

The "Definitions" and "Instructions" sections of Plaintiff's First Set of Post-Removal Class Discovery are incorporated as if fully repeated herein. Additional instructions are set forth below or in the discovery request.

1. The term "CLASS PERIOD" is the same as the term "RELEVANT PERIOD" which means September 22, 2011 through the date of class certification, unless otherwise stated.

2. The term "PIB" refers to "Parker Ibrahim & Berg" and any of its lawyers or employees or representatives.

3. With respect to any Excel spreadsheet document, YOU are to produce the document in its native format keeping all meta data intact and undisturbed. See Court's Governing Electronic Discovery (Doc. 17).

4. YOU are not to redact any information unless there is a prior written agreement made by all counsel or Court Order. See, Stipulated Discovery Confidentiality Order (Doc. 22)

1

5. If YOU contend that answering any of the discovery requests in this set of discovery or maintain that answering any of the discovery in Plaintiff's First Set of Post-Removal Discovery or any other discovery propounded or served on the BANK is "unduly burdensome," please provide the following information/documents:

>   (1) the expected cost associated with answering the request;
>   (2) the expected time associated with answering the discovery request;
>   (3) the name, title, and employer of all person(s) who were involved in making the determination as to the projection of the cost and/or time associated with answering the request; and,
>   (4) IDENTIFY and produce all DOCUMENTS which s/he or they relied upon in making the determination as to the projection of the cost and/or time associated with answering the request.

> *"[T]he party resisting discovery must show specifically how ... each Interrogatory is not relevant or how each question is overly broad, burdensome, or oppressive." Josephs v. Harris Corp., 677 F.2d 985, 992 (3d. Cir. 1982)(citing Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)(Emphasis added).*

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce/provide:

1. All policies, procedures, and/or practices which are referenced on the first page of **Exhibit 1** (including 1-1 through 1-12) (Exhibit 7 at the 10/26/18 hearing).[1]

2. As ordered by the Court at the 10/26/18 hearing, please produce the instruction manuals, operation or "how-to" DOCUMENTS, or other DOCUMENTS which DESCRIBE (or tend to DESCRIBE) how any of the following software programs or applications operate:

>   (a) Filenet;
>   (b) Locus;
>   (c) AutoIMS;
>   (d) CACS;
>   (e) Café;
>   (f) Café/CU;
>   (g) Forms;
>   (h) Columbia Ultimate;
>   (i) On-demand;
>   (j) TPX;
>   (k) Shaw;
>   (l) Hogan;
>   (m) AFS;
>   (n) CLS;

---

[1] The Bank's Vice President, Kenneth Fries, testified at the 10/26/18 hearing that these policies are either readily available through the Bank's Sharepoint software or can be retrieved through its archive at the business unit.

  (o) Aspite,
  (p) Vintek; and,
  (q) Sharepoint.

3. As ordered by the Court at the 10/26/18 hearing, please produce copy of all versions of the **"Agent Coverage Fees Excel Spreadsheet"** which were used by the Bank at any time during the CLASS PERIOD. Please provide them to me in native format. A reference to this document(s) can be found at Bates 984 and 1526 (which are attached as **Exhibit 2** and **Exhibit 3**).

4. As ordered by the Court at the 10/26/18 hearing, please produce a copy of all **"Redemption Specialists" notes** which relate, discuss, or pertain to any of the Representative Plaintiffs. A reference to this document(s) can be found at Bates 984 (which is attached as **Exhibit 2** and **Exhibit 3**). If YOU have already produced this information, please state the Bates Stamp number that contains this information. If this DOCUMENT is a policy, procedure, or practice which is memorialized in some writing (though may not specifically relate to any Representative Plaintiff or (putative) Class Member, this request calls for the production of all such DOCUMENTS.

5. As ordered by the Court at the 10/26/18 hearing, please produce a copy of all of Richard Kaminski's notes regarding any matter which relate, discuss, or CONCERN the above described litigation (he testified he has these notes at the 10/26/18 hearing).

6. As ordered by the Court at the 10/26/18 hearing, please produce a copy of all spreadsheets which YOU (including but not limited to the Bank's counsel) sent to or uploaded for use by Richard Kaminski and/or Avalon Document Services. You are to produce all spreadsheets in their native format, keeping all meta data and the column/row headings intact. You may remove any information which is unique to any person other than the Representative Plaintiffs so long as such is conspicuously noted in the spreadsheet.

7. At the 10/26/18 hearing, Mr. Fries testified to a spreadsheet(s) which was generated by the Bank's analytics team [hereafter **"Flynn Spreadsheet(s)"**] which he recalls contained (or may have contained) a list of putative class members, account numbers, origination date, their respective finance charge, amount financed, deficiency balance, and bankruptcy information. Please produce a copy of the "Flynn Spreadsheet(s)" in its native Excel format. You may remove the content in the cells which show the names, address, and phone number (if such information is contained in the Flynn Spreadsheet(s). You are not to remove any metadata.

8. All DOCUMENTS which relate, pertain, or discuss any of the Bank's retention and/or destruction policy(s), practice(s), and/or procedure(s) which were (are) in effect at any time during the CLASS PERIOD.

9. A copy of all versions of the **"Quality Review Form(s)"** DOCUMENT(S) which were used (or are used) by the Bank at any time during the CLASS PERIOD. A copy of this document is referenced in Bates Stamp 933 (which is attached as **Exhibit 4**).

10. A copy of all versions of the "**State Requirements**" DOCUMENT(S) which were used (or are used) by the Bank at any time during the CLASS PERIOD. A copy of this document is referenced in Bates Stamp 920, 981, and 988 (which are attached as **Exhibits 5, 6,** and **7**).

11. All DOCUMENTS which relate, pertain, or discuss any of the Bank's "**Overseer Report(s)**" form(s) or document(s) which was (were) created and/or used at any time during the CLASS PERIOD. The use of this document(s) is referenced in M&T000920 and 20215 (which are attached as **Exhibits 5** and **8**).

12. All DOCUMENTS which relate, pertain, or discuss the "**Letter Revision Project**," as referenced in M&T000920. **Exhibit 5**.

13. All invoices, bills, and other information which the Bank or any of its representatives (including but not limited to William Simon, Esq., Kenneth Fries, or any of the Bank's counsel at Parker Ibrahim & Berg) sent to or received from Avalon Document Services or its representatives, including but not limited to Richard Kaminski or richard.kaminski@teamavalon.com or any other e-mail with the term "teamavalon.com" in the e-mail.

14. The invoices or bills which PIB sent to the Bank which set forth the time and/or the billable rate which any of PIB's agent(s) spent redacting any part of any DOCUMENT(S) in this litigation.

15. All DOCUMENT(S) which CONCERN, discuss, or pertain to any query(s) or computer search(s) and/or any results of all query(s) or computer search(s) which the Bank [including but not limited to its analytics department or analytics team or Randy Surface] performed at any time which in any way which CONCERNS, relate to, discusses, or pertains to this litigation.

    - This request seeks any query / computer search information to determine the size of the putative classes, the identity of the putative Class Members, the finance charge or amount financed as stated in the loan documents of any putative Class Members; whether or not the Class Member has a deficiency balance and, if so, the amount; whether the Class Member filed for bankruptcy; or any other information regarding these Class Members subsequent to the filing of the initial complaint (September 22, 2017).

    - You are to provide all information in its native electronic format.

    - You may remove the content of any cells which show the name, address, phone number or social security number (if any such information exists in the data requested) of any putative class member so long as: (a) the information is conspicuously marked as redacted; and (2) the redaction does not affect, modify, or distort any of the content of the other information responsive to this request.

- You are not to remove any metadata or the headings of any columns or rows of any Excel spreadsheet.

16. All DOCUMENTS which refer, relate, or discuss the "Letter Project," including but not limited to the NOTICE OF REPOSSESSION letter requirements as the term is used in Bates Stamp No. 933, a copy of which is attached hereto as **Exhibit 4**.

17. All DOCUMENTS which CONCERN, describe, or relate to the policy(s), procedure(s), and/or practices for charged off accounts in effect at any time during the CLASS PERIOD. The term "charged off accounts" is referenced in Bates No. 997-998 (which is attached as **Exhibit 9** and **Exhibit 10**).

18. Please state the number of putative CLASS MEMBERS:

    (A) to whom the Bank has issued a 1099-C for the cancellation of a DEFICIENCY in the:

    i. FORM 1 NOR CLASS;
    ii. FORM 2 NOR CLASS;
    iii. NOR ALTERNATIVE CLASS, excluding those (putative) CLASS MEMBERS in the FORM 1 NOR CLASS or FORM 2 NOR CLASS.

    AND

    (B) to whom the Bank has not pursued any DEFICIENCY on account of the CLASS MEMBERS having filed for bankruptcy protection[2] in the:

    i. FORM 1 NOR CLASS;
    ii. FORM 2 NOR CLASS; or
    iii. NOR ALTERNATIVE CLASS, excluding those (putative) CLASS MEMBERS in the FORM 1 NOR CLASS or FORM 2 NOR CLASS.

19. All DOCUEMNTS which CONCERN, refer, discuss, or relate to the repossession fee or expense of $20.00 which Mr. Fries referenced in the 10/26/18 hearing.

20. Unless already provided, all DOCUMENTS which CONCERN, refer, relate, or discuss any of the BANK'S policy(s), procedures, or practices in effect at any time after September 22, 2011 which CONCERN, refer, relate, or discuss either:

    (A) any fees assessed or billed by the BANK or by any third party; and/or,
    (B) any expenses incurred by the BANK or by any third party

    which CONCERN, refer, relate, or discuss the "Expense of preparing/repairing the Vehicle for sale" as listed in the NOTICE OF REPOSSESSION which was sent to any (putative) Class Member.

---

[2] At the 10/26/18 hearing, Mr. Fries testified that he reviewed the Flynn Spreadsheet which contained information as to which putative class member had filed for bankruptcy.

5

21. A copy of all DOCUMENTS on the Legal Sharepoint site:

http://sharepoint.mandtbank.com/sites/TeamLegal/ConsumerLoanDfltServicing/default.aspx

Bates Stamp No. 933, a copy of which is attached hereto as **Exhibit 4**.

22. State whether or not the BANK has "charged off" any accounts of any Representative Plaintiff or (putative) CLASS MEMBERS prior to the date of filing of the initial complaint (September 22, 2017).

    If YOUR answer is "yes," please state:

    (a) Whether the STORAGE EXPENSE or the "EXPSTORVEH" (as the term is referenced in Bates 997-998)(**Exhibit 9** and **Exhibit 10**) was included in the amount (or the calculation of the amount) the BANK charged-off; and,

    (b) Whether the "Expense of preparing the Vehicle for Sale" or the "EXPPRE/REP" (as the term is referenced in Bates 997-998) was included in the amount (or the calculation of the amount) the BANK charged-off.

23. All Excel spreadsheets which CONCERN, relate, discuss, or refer to or which were generated for this litigation, including but not limited to making a determination of the size of the classes, a deficiency balance amount, a bankruptcy filing, and/or potential statutory damages. You are to produce all spreadsheets in their native format, keeping all meta data and the column/row headings intact, though YOU may remove any cells in the spreadsheet which are unique to any person other than the Representative Plaintiffs so long as such redaction is conspicuously noted in the spreadsheet.

24. If YOU contend that any DOCUMENT responsive to any discovery request in this set of discovery, in Plaintiff's First Set of Post-Removal Discovery or any other set of discovery propounded or served on the BANK cannot be produced as a result of an automatic, intentional, or accidental document destruction or retention processes, produce a mirror image of each device, drive, or server on which such DOCUMENTS could previously be located. Such production shall occur at a location, date and time mutually agreeable to all parties and persons involved for forensic examination by an independent expert.

25. All DOCUMENTS YOU PLAN to introduce into evidence at any hearing or trial in this litigation.

26. All DOCUMENTS relied on by any expert expected to testify at any hearing or trial in this litigation.

6

### III. INTERROGATORIES

1. At the 10/26/18 hearing, Kenneth Fries testified that each computer systems used by the Bank has a "technical owner." Please state the name of each "technical owner" for each of the following computer software systems.

   (a) Filenet;
   (b) Locus;
   (c) AutoIMS;
   (d) CACS;
   (e) Café;
   (f) Café/CU;
   (g) Forms;
   (h) Columbia Ultimate;
   (i) On-demand;
   (j) TPX;
   (k) Shaw;
   (l) Hogan;
   (m) AFS;
   (n) CLS;
   (o) Aspite,
   (p) Vintek; and,
   (q) Sharepoint.

**ANSWER**:

2. Please state the aggregate sum of the "Expense of preparing/repairing the Vehicle for sale" listed in the NOTICE OF REPOSSESSION for all (putative) members' repossessed vehicles in the:

   (a) FORM 1 NOR CLASS;
   (b) FORM 2 NOR CLASS, and,
   (c) NOR ALTERNATIVE CLASS (excluding those class members in the FORM 1 NOR CLASS and the FORM 2 NOR CLASS)

   during the CLASS PERIOD.

**ANSWER**:

3. Please state the aggregate amount YOU actually **paid** all third parties for the "Expense of preparing/repairing the Vehicle for sale" listed in the NOTICE OF REPOSSESSION for all (putative) members' repossessed vehicles in the:

   (a) FORM 1 NOR CLASS;
   (b) FORM 2 NOR CLASS, and,
   (c) NOR ALTERNATIVE CLASS (excluding those class members in the FORM 1 NOR CLASS and the FORM 2 NOR CLASS)

during the CLASS PERIOD.

**ANSWER**:

4. For each contract/agreement with any third party which YOU produced to comply with Request 14 of Plaintiff's First Set of Post-Removal Discovery and Paragraph 5(ii) of the Court's 1/11/18 Order (Doc. 21), please state:

    (a) The date the contract/agreement ended or lapsed;
    (b) Whether or not, when the contract/agreement ended or lapsed, the BANK renewed it;
    (c) Whether or not the BANK has fully complied with answering, without objection, Document Request 14 of Plaintiff's First Set of Post-Removal Discovery and Paragraph 5(ii) of the Court's 1/11/18 Order (Doc. 21);
    (d) If YOUR answer to 4(c) above is "no," please explain what information remains outstanding, why the information has yet to be provided, and IDENTIFY the name(s) of the third-party(s) whose contract/agreement has yet to be produced.

**ANSWER**:

5. If YOU contend that answering any of the discovery requests in this set of discovery or YOU maintain that answering any of the discovery in Plaintiff's First Set of Post-Removal Discovery or in any other set of discovery subsequently served or propounded on the BANK is "unduly burdensome," please provide the following information/documents:

    (1) the expected cost the Bank would have to expend if it were to fully answer the discovery request, detailing (a) the number of people and the hourly rate / salary of those people; (b) the number of hours to be expended; the rate of pay for those people involved (hourly/salary); (c) the tasks which each person would perform; (d) the cost for the use of the computer system to run a query / search, if any;

    (2) the name, title, and employer of all person(s) who were involved in making the determination as to the projection of the cost and/or time associated with answering the request; and,

    (3) IDENTIFY and produce all DOCUMENTS which s/he or they relied upon in making the determination as to the projection(s) of the cost and/or time associated with answering the request.

**ANSWER**:

8

## REQUESTS FOR ADMISSIONS

1. At the time that the Bank interposed a its "unduly burdensome" objection to Interrogatories 2 and 5 of Plaintiffs' First Set of Post-Removal Discovery (calling for aggregate deficiencies and statutory damages), the Bank and/or its agent had one or more spreadsheets which it generated (though never disclosed to Plaintiff's counsel) which calculated the deficiency balance amounts and the finance charge and the amount financed for more than 3,000 putative class members.

**ANSWER**:

SHENKAN INJURY LAWYERS, LLC.
By: _____
Richard Shenkan

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiffs' Second Set of Post-Removal Discovery was delivered by fax, e-mail, and FedEx Overnight mail to all counsel of record on this 5th day of November, 2018.

SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan
*Attorney for Plaintiffs*

# EXHIBITS FILED UNDER SEAL AS MARKED "CONFIDENTIAL" BY DEFENDANT

# SEE DKT. 143
(COLOR EXHIBITS WILL BE IMMEDIATELY PROVIDED UPON REQUEST)