IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD R. FLYNN, et al** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | **NO. 17-cv-04806-WB** |
| **MANUFACTURERS AND TRADES** | : | |
| **TRUST COMPANY** | : | |
| **Defendant.** | : | |

## ORDER REGARDING DISCOVERY DISPUTES

The Plaintiffs have filed a "second motion to compel discovery responses and impose sanctions." Doc. No. 152 ("Pl. Mot.") and 153 ("Pl. Br.").[1] The Defendant ("Manufacturers") filed a response, Doc. No. 160 ("Def. Opp."), and the Plaintiffs filed a reply. Doc. No. 161 ("Pl. Rep."). Plaintiffs also filed a brief and statistician's report in response to my Order (Doc. No. 148, entered January 31, 2019) (the "1/31 Order") calling for more information on the protocol for selecting a sample of the prospective classes. Doc. 155 ("Pl. Prot. Br."). The sample group will be the subject of more complete discovery prior to pre-class certification. *See* 1/31 Order, ¶¶ 7-12. Manufacturers filed a memorandum on the sample selection protocol, as well, Doc. No. 154 ("Def. Prot. Mem."). Manufacturers also filed a response to the Plaintiffs' protocol brief and statistician's report. Doc. No. 158 ("Def. Prot. Resp.").

By this Order I dispose of the various pending discovery disputes. For convenience I will proceed through the individual disputes in the same sequence adopted by the Plaintiffs in their second motion. *See* Doc. No. 152. Because of the volume of discrete requests for relief, I include in each paragraph of the Order below a

---

[1] The Plaintiffs filed a "third motion to compel discovery and impose sanctions." Doc. No. 153. I will deal with the third motion, as well, but briefly, at ¶ 29 of this Order.

reference to the page number of the Plaintiff's brief (Doc. No. 153) where the Plaintiffs' argument on the particular point begins, a brief description of the dispute, and my resolution of the dispute, with a brief description of my reasons. In each of my rulings I have weighed the considerations mentioned in Fed. R. Civ. Pro. 26(b)(1).

For the reasons described in this Order, it is on this 29th day of March, 2019

**ORDERED AS FOLLOWS:**

1. Page 7. Defendants objected to Plaintiffs' instruction (No. 4) not to redact. Plaintiffs' motion is DENIED. Whether or not redaction is appropriate will depend on the particulars of each answer.

2. Page 8. Defendants objected to Plaintiffs' instruction regarding undue burden objections. Plaintiffs' motion is DENIED. Defendant may be well advised to include this information when claiming undue burden, as without it the objection is a legal conclusion shorn of its factual underpinnings. Nevertheless, requiring it for every answer is overkill.

3. Page 9. Plaintiffs' motion concerning Req. 1 (overwritten policies) is DENIED. The Plaintiffs may review the Defendants' supplemental discovery responses and meet and confer concerning deficiencies the Plaintiffs claim are "irreconcilable."

4. Page 10. Plaintiffs' motion concerning Req. 2 (concerning system operations manuals) is GRANTED only as to Access, SharePoint, and the "Forms" software, in addition to the eight manuals mentioned in Manufacturers' response.

5.  Page 12. Plaintiffs' motion concerning Req. 5 (Mr. Kaminski's notes) is DENIED. Manufacturers has produced the 2-3 pages discussed at the hearing on 10/26/2018. The Plaintiffs' request as drafted is not directly relevant to any party's claim or defense, promises to impinge, at least to some extent, on attorney work-product, has little probative value on the core issues in the case, and does not seem likely to materially aid in the resolution of the case.

6.  Page 13. Plaintiffs' motion concerning Req. 7 (the so called "Flynn Spreadsheet" mentioned by Mr. Fries during testimony on 10/26/18) is DENIED, except as specified in this paragraph.

    I will instead GRANT limited relief, under Fed. R. Civ. Pro. 26(c)(1)(C), by prescribing a "discovery method other than the one selected by the party seeking discovery." *Id.* In doing so I credit Manufacturers' claim that the Flynn Spreadsheet, in all its iterations, is attorney work-product, since it was prepared at the behest of Manufacturers' counsel in response to and preparation for this litigation. Def. Mem. at 15. Nevertheless, I am convinced by the Plaintiffs' statistician's report (*see* Pl. Prot. Br., Exh. 1, at 7), that the means by which Manufacturers identified the prospective class members must be subject to testing and verification by the Plaintiffs before executing a randomly generated sample selection protocol. Accordingly, within 21 days of the date of this Order Manufacturers will file and serve a response to this Order, in which it will describe in detail the methodology used to assemble the list of potential class members (Doc. No. 151). The description will provide a list of the queries used and

3

will indicate to which program or system (*see* ¶ 4, above) each query was addressed, and will describe the programming language used by the program or system queried. The list will explain in plain English the meaning and intended effect of each query (*e.g.* "notice /s repossession" means "all documents that contain the word 'notice' within the same sentence as the word 'repossession.'"). If a sequence of queries were used to build a data-set, the list will indicate the sequence used, and the logic that motivated the sequence. If queries were attempted that returned unusable or problematic results, Manufacturers will state the query and the nature of the problem.

Manufacturers will explain what steps were used to avoid the duplication of class members in the list and to assure the accuracy of the list against both over-inclusiveness and under-inclusiveness. Manufacturers will also explain what steps were taken to ensure the accuracy of the data included for each class member in the list.

Manufacturers will address any other issues necessary for me to make a reasoned decision about class sample selection methodology. With its response, Manufacturers is directed to submit a statistician's or other appropriate expert rebuttal to the Plaintiffs' statisticians' report, because I would find such a report a helpful adjunct to counsel's criticisms of the Plaintiffs' report.

> Within 14 days after the filing of Manufacturers' response, the Plaintiffs' shall file their reply to Manufacturers' response. Upon the filing of Plaintiffs' reply I will schedule oral argument on the subject if I deem it appropriate.
>
> The parties' submissions are limited to 30 pages, exclusive of exhibits.

7. Page 15. Plaintiffs' motion concerning Req. 8 (document retention policies) is DENIED. Manufacturers has produced its document retention policies. Def. Mem. at 18.

8. Page 15. Plaintiffs' motion concerning Req. 10 is GRANTED as to all versions of the "state requirements" policy consulted by or made available to Manufacturers' employees during the class period.  The fact that attorneys may have been influential in drafting the policy does not make the policy attorney work-product or an attorney-client communication. Otherwise all policies adopted by a business with input from their attorneys would be immune from discovery. Policies are adopted or promulgated by the business as a means of ordering and directing its employees' activities. As such it is a communication between management and employees, not a communication between an attorney and a client. Neither is it within the protection of the attorney work-product doctrine, or attorney-client privilege because 1) it is not a policy unless it is adopted and promulgated by management as its own act. It is the policy that must be produced, not counsel's work product or confidential communications to management for the purpose of giving advice about what the policy

should be. 2) Such a policy is not primarily created in anticipation of litigation but is instead a device to ensure uniformity and compliance with the law. The policy seeks to avoid litigation, not to prepare witnesses, evidence, or strategy in anticipation of pending litigation.

9. Page 16. Plaintiffs' motion concerning Req. 11 (seeking all "overseer reports") is DENIED. "Overseer" is a report generation tool used by Manufacturers in a wide variety of applications, many of which are not relevant to the claims or defenses in this case. The request is disproportionate. Fed. R. Civ. Pro. 26(b)(1).

10. Page 17. Plaintiffs' motion concerning Req. 12 (concerning the "Letter Revision Project") is DENIED. The request refers to the wrong exhibit. *See* the discussion of Req. 16, below.

11. Page 18. Plaintiffs' motion concerning Req. 13 (correspondence and other materials to and from Mr. Kaminski) is DENIED, except that Manufacturers will supply an affidavit from Mr. Kaminski detailing his time spent dealing with discovery in this case, his hourly rate, the amounts billed (and when) to Manufacturers, and the amounts he has been paid. Manufacturers will produce all invoices from Mr. Kaminski concerning this case. The amount of work by Mr. Kaminski and the amount paid to him are at least arguably relevant to the issue of sanctions, raised by the Plaintiffs, and producing the information in this form is not overly burdensome.

12. Page 18. Plaintiffs' motion concerning Req. No. 14 (concerning PIB invoices and bills to Manufacturers) is DENIED, with the same exception

as contained in ¶ 11, above, with the affidavit and invoices to be provided by PIB and Manufacturers.

13. Page 19. Plaintiffs' motion concerning Req. 15 (seeking database queries used by Manufacturers to determine the size and other features of the class) is DENIED except as GRANTED in limited part in ¶ 6, above. Manufacturers' contention that this information is attorney work-product is unavailing. Even if the information is attorney work-product, the information is "otherwise discoverable under Rule 26(b)(1)" and the Plaintiffs have shown a substantial need for the materials to verify the accuracy of the class membership list and associated information. Fed. R. Civ. Pro. 26(b)(3)(A). Nor can the Plaintiffs obtain the substantial equivalent of this information by any other means. *Id*. The information sought is clearly not the "mental impressions" or other core attorney work-product protected under Fed. R. Civ. Pro. 26(b)(3)(B).

14. Page 20. Plaintiffs' motion concerning Req. 16 (the "Letter Project") is DENIED. The request is overbroad and will necessarily implicate attorney work-product. The request is GRANTED, in limited part, as follows: Manufacturers will produce all "repossession letter requirements from the Letter Revision Project [or any other variant of that phrase] . . . available on the Legal Sharepoint site," the web address of which is identified at page 21 of the Plaintiffs' Brief. ECF Doc. 153.

15. Page 22. Plaintiffs' motion concerning Req. No. 18 is DENIED. The motion seeks class-wide discovery, which I have already determined will not be conducted at this time. *See* 1/31 Order at ¶¶ 12, 13.

16. Page 24. Plaintiffs' motion concerning Req. No. 19 is DENIED as moot. Manufacturers has produced documents in response. *See* Def. Opp. at 19-20.

17. Page 24. Plaintiffs' motion concerning Req. No. 21 (all documents on the Legal Sharepoint site) is denied as disproportionate. Manufacturers will comply with the more limited production ordered at ¶ 14, above.

18. Page 25. Plaintiffs' motion concerning Req. No. 22 (information regarding "charged off" accounts) (I re-characterize it as an interrogatory) is DENIED as to all class members but GRANTED only as to the Representative Plaintiffs.

19. Page 27. Plaintiffs' motion concerning Req. 23 (all Excel spreadsheets generated for this litigation) is DENIED. The request inevitably seeks attorney work-product. I have provided for limited discovery of certain information sought by this request at ¶¶ 6 and 13, above.

20. Page 28. Plaintiffs' motion concerning Interrogatory No. ("Int.") 1 is GRANTED. Providing the "tech owners" of data retention systems may prove helpful to the resolution of the issues in this case, does not impinge on attorney-client privilege or attorney work-product, and does not promise to be difficult or expensive to provide. In short, it is proportionate to the needs of the case.

21. Page 29. Plaintiffs' motion concerning Int. 2 (class-wide discovery as to various information) is DENIED. I have already held in the 1/31 Order that there will be no class-wide discovery until after a sample of the potential class is established and discovery is pursued for the sample.

22. Page 31. Plaintiffs' motion concerning Int. 3 (class-wide discovery as to payments to third parties and expenses of preparing vehicles) is DENIED. *See* ¶ 21, above.

23. Page 32. Plaintiffs' motion concerning Int. 4 (details on contracts) is DENIED as moot. Manufacturers indicates it has fully complied.

24. Page 33. Plaintiffs' motion concerning Int. 5 is DENIED. *See supra,* ¶ 2.

25. Page 34. Plaintiffs' motion concerning Request for Admission 1 is GRANTED. Fed. R. Civ. Pro. 36(a)(4) requires that the request either be admitted or denied. If the answering party cannot truthfully do either, it must explain why. Manufacturers objects to the request as calling for attorney work-product. Manufacturers states that "it is admitted only that at the time M&T responded to Plaintiffs' First Set of Post-Removal Discovery, M&T had, at the instruction of counsel, created a privileged exposure analysis, the existence of which was included on M&T's privilege log which was disclosed to Plaintiffs." Def. Opp. at 35.
The request does not call for the details of the facts developed by Manufacturers as part of its preparation for litigation, or for attorney opinions or mental impressions. It calls for an admission that Manufacturers had collected various types of information, including information about the class size and particulars about class members, at or before the point in time when it claimed, in response to discovery requests from the Plaintiffs, that collecting this information would be overly broad and burdensome. Based on the record developed at the 10/26/18 hearing, it is obvious that this assertion is factually true.

> The fact of data collection is not work "product;" the work-product is the information gathered. And even if the fact of the data collection, as opposed to the product of the data collection effort, is attorney work-product, it must be produced because the information is relevant, highly probative on the issue of sanctions, there is a substantial need for it, and it cannot be obtained in any other way. Fed. R. Civ. Pro. 26(c)(3)(i)-(ii). Manufacturers' answer does not plainly admit or deny the request and does not provide a legitimate explanation for why the answer cannot be truthfully admitted or denied. Therefore, I order that the request be admitted, and it will be deemed so as of the entry of this Order. Fed. R. Civ. Pro. 36(a)(6).

26. Page 35. The Plaintiffs' motion concerning improper affidavit format is DENIED.

27. Page 37. The Plaintiffs' motion concerning an inadequate privilege log is DENIED without prejudice to its being raised again after resolution of the class sample selection methodology and the completion of discovery as to the sample class members.

28. Page 37. The Plaintiffs' motion concerning sanctions is DENIED without prejudice to its being raised again after resolution of the class sample selection methodology and the completion of discovery as to sample class members.

29. Plaintiffs' third motion to compel discovery and impose sanctions, Doc. No. 153, is DENIED. The Plaintiffs argue that class-wide discovery should continue unabated. They argue that

> [t]his fact is abundantly clear by the text of the order which required that the response [to Interrogatories 2, 3, 7 and 8] be provided by February 14, 2019, which – by definition – was well before any class members would have been identified pursuant to the sampling protocol in the Discovery Order. Furthermore, when the Court ordered that a discovery request be answer according to a sampling, it *specifically* stated so in its individual ruling on that particular request, such as its ruling on Interrogatory No. 5 [specifying a sampling protocol (Discovery Order, p. 11)].

Doc. No. 159 at 5. The argument simply ignores the clear text of the 1/31 Order, ¶ 12:

> There shall be no class-wide discovery until further court order. Full class-wide discovery at this time would be overly burdensome and disproportionate to the issues and monetary amounts involved in this case. Sampled discovery should enable the parties to make reliable extrapolations about what full scale class-wide discovery would reveal. This should be enough to address the legal and factual issues that must be resolved prior to class certification.

Doc. No. 148 at 9. The Plaintiffs' argument also ignores the language of the 1/31 Order at paragraph 13:

> The discovery ordered below shall be limited to the sample class members selected for discovery in accordance with paragraphs 7-9, above (the "Sampled Customers").

The 1/31 Order provided that "unless otherwise noted in this Order, the due date for responses and other action required under this Order is February 14, 2019." Doc. No. 148 at 17, ¶ 18. The Plaintiffs construe this to require all class-wide discovery be answered by February 14, 2019. This is obviously wrong. The due date is February 14, 2019 "unless otherwise noted." Paragraphs 12 and 13, ignored by the Plaintiffs, are the "otherwise noted" part of the sentence.

Given the profound misapprehension upon which the Plaintiffs' third motion is predicated, I have denied the motion in its entirety. At such time

11

        as a class sample has been selected, I will hold a conference concerning class sample discovery. At that time the Plaintiffs may move for leave to propound additional discovery directed toward the class sample. Until I issue an order permitting class sample discovery, the Plaintiffs will not propound *any* additional discovery of any type, whether class-wide or more limited.

30. The parties will comply with the requirements of this Order with dispatch. They may meet and confer about alleged deficiencies or information needed to fulfill their obligations under this order or previous orders. No additional discovery requests or motions for discovery will be served or filed until further order of the court permitting discovery or discovery motions. If the parties cannot agree on a class sample selection methodology, I will fix a class sample selection methodology after considering the additional submissions I have ordered. Once I fix a class sample selection methodology, or approve an agreed order tendered by the parties, I will hold a conference about discovery concerning the class sample. In the meantime, if the parties have a discovery related problem that has not been dealt with in the many orders I have entered, they may convene a telephone conference with me and opposing counsel, after having reasonably and cordially discussed the matter among themselves.

31. The parties are encouraged to work out their differences regarding class sample selection methodology. If they agree on a method, they will advise me promptly.

BY THE COURT:

_s/Richard A. Lloret_
RICHARD A. LLORET
U.S. Magistrate Judge