IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD R. FLYNN, GENE DAISEY, DOUGLAS J. ABBOTT, and CATHERINE HOSICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANUFACTURERS AND TRADERS TRUST COMPANY a/k/a M&T BANK,<br><br>Defendant. | CIVIL DIVISION<br><br>CLASS ACTION<br><br>Case No. 2:17-cv-04806-WB |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO
COMPEL PRODUCTION OF CLASS SAMPLE DISCOVERY**

Plaintiffs respectfully request that this Honorable Court compel the production of the files of each sampled class member as ordered by the Court's 1/11/18 and 1/31/19 orders, which is currently overdue.

By way of background, this Court's January 11, 2018 Order directed the parties to meet and confer to delineate a discovery plan for the production of (a) all policies and procedures for the 6-year period prior to the filing of the initial complaint; (b) contracts/agreements in effect at any time during the 6-year period prior to filing the initial complaint; and, (c) a random sample of 20% of the potential putative class members' files containing:

> A PDF (unless otherwise agreed to by all parties) file in accordance with the terms set forth in Paragraph 2 of the Court's December 1, 2017 [1] order containing ***all documents***, including autoIMS / Auto Auction Services Corp. documents, that in

---

[1] This refers to the Court's December 4, 2017 Order Governing Electronic Discovery, which stated, in pertinent part, that "If the parties cannot agree to the format for document production, electronic documents shall be produced to the requesting party as text searchable image files (*e.g.*, PDF or TIFF) except as follows: files that are not easily converted to image format, such as Excel and Access Files, should be produced in native format." (ECF 17, 12/4/17 Order, ¶2). The defendant should immediately produce all sampled class members' files in searchable PDF documents.

1

<u>any way refer, relate to, or discuss</u> a potential class member(s)' and/or their repossessed vehicle(s), <u>including all electronic discovery, [and] all communications</u> with any entity that provided goods or services in connection with the repossession, storage, transportation, repair, reconditioning, retitling, redemption, and/or sale of a potential class member's repossessed vehicle; and/or the reinstatement of any loan related to a repossessed vehicle.

(ECF 21, 1/11/18 Order, ¶6, p. 2-3).

The Court's 1/11/18 Order stated that:

"[t]he [discovery] conference shall discuss [the search methods, format, and time needed to produce] a random sample of account numbers and to produce **a random sample of 20% of the <u>potential putative class members' files (as described in Par. 3 above</u>) and other information sought in Paragraph 6, including whether the production can be conducted on a rolling basis, and other relevant details." [emphasis added] (ECF 21, 1/11/18 Order, ¶6, p. 2-3)

The paragraph 3 referenced, stated that the content of the files would be:

***All documents***, including autoIMS documents, <u>that in any way refer, relate to, or discuss</u> any of the Representative Plaintiffs or their repossessed vehicles, including <u>all electronic discovery, [and] all communications with any entity that provided goods or services in connection with the repossession</u>, storage, transportation, repair, reconditioning, retitling, redemption, and/or sale of any of Plaintiff(s)' repossessed vehicles, and/or reinstatement of the subject loan. [emphasis added]

Defendant later argued that a 20% sample would be burdensome[2] and Judge Lloret reduced the sample size to 10%. (ECF 174, 5/28/19 Order, p. 1-2). Defendant now claims, without any evidentiary support, that the full file, as ordered by Judge Beetlestone, is unduly burdensome – despite the reduction to a 10% sample size.

---

[2] Judge Lloret held an evidentiary hearing where he found that Defendant has a "history of unreasonable objections" (ECF 147, p. 11, footnote 2), and concluding that "[b]ased on my review of the motions and supporting documents, and on the testimony that I heard on October 26, 2018, I find that the Defendant has unreasonably delayed and obstructed discovery in this case." (*Id.*, p. 1, ¶ A). Judge Lloret also found that Defendant's first e-discovery liaison, Mr. Kaminski, was not qualified and that he was "not the person who would be best suited to talk about Defendant's software..." (ECF 131, p. 84) and was "not the person ... who's going to have primary knowledge of how documents are stored, kept, and so forth at Defendant." (*Id.* p. 83).

On June 12, 2018, Plaintiffs served Defendant with its First Set of Post Removal Discovery seeking the production of a sample:

### Request No. 6

A SAMPLE of all CLASSES identified in Plaintiff's Second Amended Complaint.

In response to Defendant's objection to this request. Judge Lloret entered an Order holding:

**No. 6** (Pl. Mem. 29; Def. Mem. 15-16). <u>Plaintiffs seek sample discovery of all classes. All of Defendant's objections are overruled</u>. Within <u>30 days</u> of the date the sampling <u>protocol is fixed, as contemplated under paragraphs 7, 8, and 9, above,</u> Defendant shall supply an unequivocal response under oath with responsive documents as to each of the Sampled Customers.

(ECF 147, 1/31/19 Order, p. 14, p. 7-9).

While Plaintiffs sent various letter to Defendant asking that the agreed-to sample methodology be applied and for the account lists to be submitted for selection, Defendant waited until December 23, 2020 at 5:27 p.m. to submit the list of accounts to the Court for selection. Subsequently, the parties agreed to select the sampled accounts themselves, using a random number generator (the task that would otherwise be performed by the Court). The Court signed an order adopting the parties' stipulated sample account selection process on February 1, 2021. (ECF 248).

***The sampled protocol was fixed on February 1, 2021.*** The sample accounts were selected on February 3, 2021. The Defendant was required to produce the sampled data "within 30 days of the date the sampling protocol is fixed," as contemplated in the January 31, 2019 order. Accordingly, the sample discovery production was due on March 3, 2021.

To date, Defendant has produced only two or three documents for each sampled account, the Retail Installment Sales Contracts (RISC's), the Notices of Repossession, and the Post-Sale Notices (if the repossessed vehicle was sold).

The delay in the production of the court ordered sample severely prejudices Plaintiffs, as class sample fact discovery is set to close in approximately three weeks, on March 31, 2021.

Considerable efforts have been made to resolve the parties' differences and even to attempt narrow the scope of the sampled production by proposing an initial and later tranche of documents/data, and even a limited set of interrogatories coupled with a smaller set of documents, but these efforts have failed.

WHEREFORE, Plaintiffs' request that this Honorable Court enter an Order requiring Defendant to produce, within seven (7) days, the entire file for each sampled account as defined in paragraphs 3 and 6 of the Court's January 11, 2018 Order.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.
*/s/ Richard Shenkan*
Richard Shenkan
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been sent to all counsel of record, each of whom subscribe to the Court's ECF system, as filed, on March 8, 2021.

SHENKAN INJURY LAWYERS, LLC.
*/s/ Richard Shenkan*
Richard Shenkan