UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD FLYNN, DOUGLAS ABBOTT, GENE DAISEY, PERCY CHAPMAN, and JANENE CHAPMAN, individually and on behalf of all others similarly situated | : : : : : | |
| Plaintiffs, | : : | No: 2:17-cv-4806-WB |
| v. | : : | |
| MANUFACTURERS AND TRADERS TRUST COMPANY a/k/a M&T BANK, | : : : | |
| Defendant. | : : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE LEGAL EXPERT WITNESSES DESIGNATED BY PLAINTIFFS**

**FAEGRE DRINKER BIDDLE & REATH LLP**
Alfred W. Putnam, Jr., Esq.
Michael P. Daly, Esq.
One Logan Square
Suite 2000
Philadelphia, PA 19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

**PARKER IBRAHIM & BERG LLP**
James P. Berg, Esq.
Scott W. Parker, Esq.
Fred W. Hoensch, Esq.
Marissa Edwards, Esq.
1635 Market Street, 11th Floor
Philadelphia, PA 19103
Telephone: (267) 908-9800
Facsimile: (267) 908-9888

*Counsel for Defendant,*
*Manufacturers and Traders Trust Company*
*a/k/a M&T Bank*

Defendant Manufacturers and Traders Trust Company a/k/a M&T Bank ("M&T") by and through its undersigned counsel, Parker Ibrahim & Berg LLP, respectfully submits this Memorandum of Law in support of its Motion to Exclude Legal Expert Witnesses Designated by Plaintiffs Edward R. Flynn, Gene Daisey, Douglas J. Abbott, Percy Chapman, and Janene Chapman, individually and on behalf of all others similarly situated (collectively, "Plaintiffs").[1]

## PRELIMINARY STATEMENT

The Third Circuit has consistently held that district courts "must ensure that an expert does not testify as to the governing law of the case." Yet, that is exactly what five of Plaintiffs' seven proposed experts propose to do. Simply put, on its face, Plaintiffs' designation of these experts is inappropriate and entirely unhelpful to this Court. Further, it represents a colossal waste of time and resources for both the Court and the parties, along with entirely unnecessary legal fees and costs. M&T respectfully submits that this Court should exclude these experts now.[2]

---

[1] On April 28, 2021, M&T and Plaintiffs met and conferred telephonically on this issue, and before that exchanged multiple correspondence relating to same. The parties, however, were unable to reach accord, thus necessitating the instant motion.

[2] M&T respectfully notes that this motion is not brought under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and M&T expressly reserves its right to bring such a motion against any expert designated by Plaintiffs in accordance with the operative Scheduling Order.

## STATEMENT OF FACTS

On April 14, 2021, Plaintiffs served Plaintiffs' Designation of Expert Witnesses. *See* Declaration of James P. Berg ("Berg Decl."), dated Apr. 29, 2021, Ex. A. Plaintiffs identified the following *seven* experts:

| Experts | Purpose/Area of Expertise |
|---|---|
| 1. Lila Laux, PhD. Human Factors Consulting | Human factors, understandability/readability of Post-Repossession. Consumer Disclosure |
| 2. Stott Matthews Spectrum Computer Forensics and Risk Management, LLC | E-discovery related issues, compliance with discovery requests/orders, including prior opinions filed of record), sanctions |
| 3. Jay Silberblatt, Esq. Silberblatt Mermelstein, PC | Compliance with Federal Rules, Judge's Policies and Procedures, Rules of Professional Conduct, Court Orders, and sanctions |
| 4. Thomas Tarter The Andela Consulting Group | Banking, credit, code of conduct, commercial reasonableness, and damages |
| 5. James J. White, Esq. University of Michigan Law School Robert A. Sullivan Prof. Emeritus of Law | Consumer law requirements and violations, including Uniform Commercial Code, commercial reasonableness |
| 6. John McGovern, Esq. John J. McGovern, Jr., Esq., CPA | Tax law compliance/SEC Disclosure, damages |
| 7. Russell Long, CPA O'Keefe, LLC | Damages |

Plaintiffs' Expert Nos. 2-6 are all plainly offered for purposes – and purport to have areas of expertise – that clearly invade the province of this Court in ruling upon issues of law.[3] Those

---

[3] M&T's instant motion does not address Lila Laux, Ph.D. (Expert No. 1) – with whom Plaintiffs' counsel has previously collaborated in *Jeffers v. American Honda Finance Corp.*, No.

issues of law include: (1) the substantive law that Plaintiffs allege M&T violated; (2) the import of this Court's ***own*** orders and directives in this lawsuit, along with the interpretation of the Court's ***own*** Policies and Procedures, and (3) the consequences Plaintiffs claim should result therefrom. Designating experts to speak on these issues is plainly improper and, as a result, this Court should strike these experts outright.

## LEGAL ARGUMENT

Simply put, this Court does not need "expert" assistance in interpreting and ruling upon the areas of law that Plaintiffs' Expert Nos. 2-6 purport to offer. Testimony from Plaintiffs'

---

15-CV-03181 (MSG), filed in the Eastern District of Pennsylvania – but M&T reserves its right to file a motion to exclude testimony and opinions she may offer in this lawsuit. Indeed, at least one Court has rejected Dr. Laux's testimony, finding that "[s]he seems to play the role of an 'uber-juror' rather than as an expert, offering opinions that invade the province of the jury, which can reasonably be expected to consider and evaluate testimony from actual experts who have specialized, technical knowledge on the subject matter pertinent to this litigation." *In re Fema Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873 Section "N" 5, 2009 U.S. Dist. LEXIS 126556, at *8-*9 (E.D. La. July. 15, 2009) (finding that Dr. Laux's testimony would not assist the jury in determining the facts, and stating that "'Human factors' experts appear to this court to resemble the old time 'jack of all trades;' 'he is master of none'") (quoting *Calvit v. Procter & Gamble Manufacturing Company*, 207 F. Supp. 2d 527 (M.D. La. 2002)).

Additionally, M&T's instant motion does not address Russell Long, CPA (Expert No. 7), whom Plaintiffs designate to offer expert testimony on "damages." As Plaintiffs have expressly represented to the Court that they solely seek to recover statutory damages, it is unclear what value expert testimony from this individual would offer the Court in making simple mathematical calculations that could easily be performed by a layperson. *See* D.I. 211-1, at 14 (advising that Plaintiffs will "drop their claim for actual damages", and that "[t]he remaining statutory minimum damages can be determined with mathematical precision simply by adding two figures…"); *see also* Berg Decl. at Composite Exhibit B ("Plaintiff is only seeking minimum statutory damages for the alleged failure to send the Post-Sale Notice and a compliant NOR"). In light of Plaintiffs' never-ending attempts to change the positions they take in this lawsuit, however, M&T reserves its right to file a motion to exclude testimony and opinions Mr. Long may offer in this lawsuit.

Finally, it is M&T's understanding that, on April 27, 2021, Plaintiffs withdrew Mr. Long as a potential expert witness. Plaintiffs have asked the Court for permission for an extension of time to replace Mr. Long.

3

purported legal experts cannot possibly be helpful to this Court – which exists for the precise purpose of deciding these very issues.

Pursuant to Fed. R. Evid. 702(a), "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702(a).

Although Fed. R. Evid. 704 allows an expert to give testimony that "embraces the ultimate issue to be decided by the trier of fact," *U.S. v. Leo*, 941 F.2d 181, 195-96 (3d Cir. 1991), "[i]n considering whether to allow expert testimony, a district court must limit expert testimony so as to not allow the expert to offer opinion on 'what the law required' or 'testify as to the governing law.'" *Coregis Ins. Co. v City of Harrisburg*, No. 03-CV-920 (YK), 2005 U.S. Dist. LEXIS 29738, at *7-*8 (M.D. Pa. Nov. 8, 2005) (citing *Leo*, 941 F.2d at 196-197).

It is well-established that this Court "must ensure that an expert does not testify as to the governing law of the case." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006). Expert witnesses are prohibited from rendering a legal opinion because "it would usurp the District Court's pivotal role in explaining the law to the jury." *Id.* (citing *First Nat'l State Bank v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981)). "[An] expert [is] not free to reach conclusions about the reasonableness of [a party's] beliefs when such an opinion necessarily would have required an interpretation of the relevant . . . law." *In re Wellbutrin SR*, Nos. 04-CV-5525 (LFS), 04-CV-5898 (LFS), 05-CV-396 (LFS), 2010 U.S. Dist. LEXIS 144271, at *14 (E.D. Pa. Mar. 31, 2010); *see also QVC, Inc. v. MJC Am., Ltd.*, No. 08-CV-3830 (TNO), 2012 U.S. Dist. LEXIS 468, at *6-*7 (E.D. Pa. Jan. 4, 2012) (noting that experts may not apply the resulting law to the facts of a case

4

to draw a legal conclusion, and holding that "[e]xpert testimony that 'merely tells the [factfinder] what result to reach is improper'") (quoting *Burger v. Mays*, 176 F.R.D. 153, 156 (E.D. Pa. 1997)).

This Court – when confronted with testimony directly akin to that contemplated to be offered by Plaintiffs' experts – unequivocally rejected it in *Dille Family Trust v. Nowlan Family Trust,* 276 F. Supp. 3d 412, 426 (E.D. Pa. 2017) (Beetlestone, J.):

> The problem is that opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible. Such testimony is unnecessary for the Court to determine the applicable law. And even during a bench trial there seems no compelling reason to allow live testimony by conflicting experts on the law, as written briefs, supplemented by oral argument by counsel if appropriate, will serve the same function. Lazzara's testimony risks wasting a substantial amount of time, as his opinion would presumably duplicate whatever arguments Plaintiff's counsel would make as to the legal implications of the facts in evidence vis-à-vis Plaintiff's trademark rights in BUCK ROGERS. Such redundancy is both unnecessary and unhelpful to the trier of fact, and so Defendant's motion to exclude Lazzara's opinion testimony will be granted.

The same is true here, and this Court – with a clear vision of what Plaintiffs are attempting by virtue of their designation and where that effort will lead them – should preclude Plaintiffs from introducing expert testimony from Expert Nos. 2-6 as "nothing more than advocacy from the witness stand." *King Drug Co. v. Cephalon, Inc.*, No. 06-CV-1797 (MSG), No. 06-CV-1833 (MSG), No 06-CV-2768 (MSG), 2015 U.S. Dist. LEXIS 150151, at *77-78 (E.D. PA. Nov. 5, 2015) (precluding experts because "[t]he proposed experts are attorneys who are evaluating the merits of a legal argument by applying the facts to the law, which invades the jury's role."); *see also FedEx Ground Package Sys., Inc. v. Applications Intern. Corp.*, 695 F. Supp. 2d 216, 221-22 (W.D. Pa. 2010) (excluding expert testimony where "opinions result from nothing more than an application of law to the facts in issue as alleged by [the defendant]"); *see Bainbridge v. U.S. Bank, N.A.,* No. 16-CV-411 (MEM), 2020 U.S. Dist. LEXIS 115879, at *9 (M.D. Pa. Jul. 2, 2020) (excluding expert report where expert applied the law to the facts and provided a legal conclusion).

5

As recently observed at the last conference, this Court has never had a case that has taken up more judicial resources than this one. Further, M&T would have to incur a tremendous amount of unnecessary legal expenses to address Plaintiffs' seven expert reports, given that five of them are, as this Court's decision in *Dille* makes plain, "unnecessary and unhelpful to the trier of fact". That is exactly why M&T is filing the instant motion now: M&T seeks to conserve both its own and this Court's resources, and move this matter forward efficiently on the merits. The only way to do that is to stop Plaintiffs' expert-related sideshow before it even starts.

Accordingly, to "ensure that an expert does not testify as to the governing law of the case", *Berckeley*, 455 F.3d at 217, and in the interest of judicial economy, this Court should preclude Expert Nos. 2-6 from introducing the testimony designated by Plaintiffs.

## **CONCLUSION**

M&T respectfully requests that this Court grant M&T's motion, and preclude Plaintiffs from introducing expert testimony from Expert Nos. 2-6 for the Purposes/Areas of Expertise identified in their designation.

*Respectfully submitted,*
**PARKER IBRAHIM & BERG LLP**

 /s/ James P. Berg
James P. Berg, Esq.
Scott W. Parker, Esq.
Fred W. Hoensch, Esq.
Marissa Edwards, Esq.
1635 Market Street, 11th Floor
Philadelphia, PA 19103
Telephone: (267) 908-9800
Facsimile: (267) 908-9888

*Counsel for Defendant,*
Manufacturers and Traders Trust Company
a/k/a M&T Bank

Dated: April 29, 2021