IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD R. FLYNN, GENE DAISEY, DOUGLAS J. ABBOTT, PERCY CHAPMAN, and JANENE CHAPMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MANUFACTURERS AND TRADERS TRUST COMPANY a/k/a M&T BANK, <br><br> Defendant. | CIVIL ACTION <br><br> CLASS ACTION <br><br> Case No. 2:17-cv-04806 WB |

## AMENDED MOTION FOR CERTIFICATION

NOW COME the Plaintiffs, by and through their undersigned counsel, who respectfully request that this Court enter an order pursuant to Fed.R.Civ.P. 23 holding that this action may proceed as a class action against Defendant M&T Bank. In support thereof, Plaintiffs state:

1. Plaintiffs are filing this Amended Motion for Certification and a contemporaneous Brief in Support pursuant to this Court's February 2, 2022 Order (ECF 369).

2. Plaintiffs and their counsel are advocating on behalf of approximately 4,000 – 5,000 consumer borrowers with potential statutory damages of approximately $37 million dollars ($37,000,000), and other substantial relief, including equitable, declaratory, and injunctive relief. The other relief requested includes the removal of credit tradelines relating to the repossession and loan, refund of monies paid towards disputed deficiency balances (including setting-aside of loans financing deficiency balances), and a restraint on collection of the purported deficiency balances, are critically important features sought by these beleaguered consumers, and is a substantial motivating factor for Plaintiffs' efforts to advance this complex litigation.

3.      Plaintiffs are up against a sophisticated, seemingly endlessly-resourced financial institution that has demonstrated again and again that it will obstruct and obfuscate the issues at every single turn in an attempt to dodge its liability to this vulnerable population. As a result, this action has been a difficult, and at times, irregular journey.

4.      This consumer class action relates to the repossession and redemption or loan reinstatement of more than 3,000 vehicles in Pennsylvania. Plaintiffs allege that Defendant M&T Bank ("M&T") violated Pennsylvania's Uniform Commercial Code ("UCC"), 13 Pa.C.S.A. §§9601, *et seq.*, independently, and in *pari materia* with Pennsylvania's Motor Vehicle Sales Finance Act ("MVSFA"), 12 Pa.C.S.A. §§ 6201, *et seq.*[1], relating to the statutory content requirements for the (form) post-repossession consumer disclosure notices ("" or "NOR's") that must be sent after a vehicle is repossessed and prior to any potential sale of the vehicle.

5.      The UCC and MVSFA mandate specific requirements for creditor notices to borrowers in connection with the repossession and resale of collateral. The UCC and MVSFA create a strict liability framework in which neither the creditor's intent, nor the borrower's reliance or knowledge are relevant.

6.      The UCC independently, and in *pari materia* with the MVSFA, permit a secured lender to exercise its right to self-help repossession of its collateral, but only in strict adherence to the exacting requirements of the UCC. This includes, in pertinent part, the sending a written notice of the repossession ("NOR") that provides the debtor with information regarding their right to get their vehicle back by either a redemption (full loan payoff) or a reinstatement of the loan (payment of past due amounts).[2]

---

[1] The MVSFA was originally codified at 69 P.S. §60 et seq. In 2014, it was repealed and recodified in Chapter 62 of Title 12 of Pennsylvania Consolidated Statutes.
[2] Plaintiffs are no longer pursuing their Post-Sale Notice Claim (Count 2 of the Second Amended Complaint (ECF 59)).

7. This case seeks to redress M&T's pattern and practice of sending NOR's to Pennsylvania consumer debtors systematically improperly listing unincurred, spurious itemized storage and preparation/repair expenses.

8. Plaintiffs will demonstrate that Defendant's statutory breaches have been repeatedly, deliberately, and (covertly) methodically committed with template form NORs, such that thousands of identical violations have been committed, which renders this case ideal for class certification pursuant to Fed. R Civ. P. Rule 23.

9. The contemporaneously-filed Brief in Support and its exhibits, the Declarations of Plaintiffs' Counsel together with exhibits and references, and other documents contemporaneously filed in support of this Motion, are all incorporated herein.

WHEREFORE, Plaintiffs respectfully request that the Court certify the classes as proposed in the contemporaneously filed Brief in Support and Amended Declaration of Richard Shenkan, that Richard Shenkan, James Haggerty, and their respective law firms be appointed as class counsel, that Gene Daisey, Edward Flynn, Douglas Abbott, Percy Chapman, and Janene Chapman be appointed as Class Representatives, and, order that the proposed class notice proposed by Plaintiffs be sent to putative class members and that the information necessary to effectuate the class notice (i.e., names, addresses, etc.) be provided to Class Counsel.

Respectfully submitted,

| | |
|---|---|
| SHENKAN INJURY LAWYERS, LLC. | HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, LLC. |
| */s/ Richard Shenkan* | |
| Richard Shenkan | */s/ James Haggerty* |
| *Co-Counsel for Plaintiffs* | *Co-Counsel for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing has been sent, as filed, to all counsel of record through the Court's ECF system, which all counsel of record subscribe to.

SHENKAN INJURY LAWYERS, LLC.
*/s/ Richard Shenkan*
Richard Shenkan
*Attorney for Plaintiffs*