IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. FLYNN, GENE DAISEY, DOUGLAS J. ABBOTT, PERCY CHAPMAN, and JANENE CHAPMAN, individually and on behalf of all others similarly situated | ) ) ) ) ) | CIVIL ACTION<br><br>CLASS ACTION |
| Plaintiffs, | ) ) | Case No. 2:17-cv-04806-WB |
| v. | ) ) ) | |
| MANUFACTURERS AND TRADERS TRUST COMPANY a/k/a M&T BANK, | ) ) ) | |
| Defendant. | ) ) ) ) ) | |

**Plaintiffs' Final Class Action Settlement Agreement and Release**

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.
/s/ Richard Shenkan
Richard E. Shenkan
SHENKAN INJURY LAWYERS, LLC
P.O. Box 7255
New Castle, PA  16107
P: (800) 601-0808
F: (888) 769-1774
rshenkan@shenkanlaw.com
*Counsel for Plaintiffs*

Dated:  August 5, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. FLYNN, GENE DAISEY, DOUGLAS J. ABBOTT, PERCY CHAPMAN, and JANENE CHAPMAN, individually and on behalf of all others similarly situated, | ) ) ) ) | CIVIL ACTION<br><br>CLASS ACTION |
| Plaintiffs, | ) ) | Case No. 2:17-cv-04806-WB |
| v. | ) ) | |
| MANUFACTURERS AND TRADERS TRUST COMPANY a/k/a M&T BANK, | ) ) ) | |
| Defendant. | ) ) ) | |

**FINAL CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

## TABLE OF CONTENTS

1.   RECITALS ................................................................................................1

2.   DEFINITIONS.........................................................................................4

3.   CONDITIONAL NATURE OF THIS AGREEMENT .............................14

4.   CLASS CERTIFICATION FOR SETTLEMENT PURPOSES .................14

5.   CLASS SETTLEMENT PROCEDURES ..................................................15

6.   SETTLEMENT ADMINISTRATION ......................................................26

7.   THE SETTLEMENT FUND ....................................................................27

8.   ADDITIONAL CLASS RELIEF...............................................................33

9.   RELEASES................................................................................................37

10.  NO ADMISSION OF LIABILITY............................................................39

11.  TERMINATION OF THIS AGREEMENT ..............................................40

12.  MISCELLANEOUS PROVISIONS..........................................................41

**FINAL CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Subject to approval by the Court and in exchange for the good and valuable consideration set forth herein, this Class Action Settlement Agreement and Release (this "Agreement") is entered into by and between Plaintiffs Edward Flynn, Gene Daisey, Douglas Abbott, Percy Chapman, and Janene Chapman ("Plaintiffs") on their own behalf and on behalf of the Class Members, and Manufacturers and Traders Trust Company a/k/a M&T Bank ("M&T Bank") each a "Party" and, collectively, the "Parties."[1]

1.   **RECITALS**

WHEREAS, each Plaintiff and Class Member entered into a Retail Installment Sales Contract with an automobile dealership in connection with the purchase of a motor vehicle and the automobile dealership thereafter assigned the Plaintiffs' and Class Members' respective Auto Loans to M&T Bank;

WHEREAS, M&T Bank repossessed all Plaintiffs' and Class Members' motor vehicles due to an alleged default under the Auto Loan;

WHEREAS, M&T Bank mailed each Plaintiff and Class Member a post-repossession consumer disclosure notice stating that M&T Bank repossessed their respective vehicle and M&T Bank's intention to dispose of their respective motor vehicles (a "Post-Repossession Consumer Disclosure Notice" a/k/a "Notice of Repossession");

WHEREAS, M&T Bank subsequently mailed certain Plaintiffs and certain Class Members a notice explaining the calculation of the claimed post-sale deficiency balance for their respective Auto Loans (an "Explanation of Calculation of Surplus or Deficiency" a/k/a "Post-Sale Notice");

---

[1]   All capitalized terms herein shall have the meanings ascribed to them in §2 hereof.

1

WHEREAS, on September 22, 2017, Plaintiffs filed a Class Action Complaint with the Philadelphia Court of Common Pleas in an action captioned as *Edward R. Flynn, et al., v. Manufacturers and Traders Trust Company a/k/a M&T Bank*, September Term, 2017, No. 02754, and M&T Bank subsequently removed the action to the United States District Court for the Eastern District of Pennsylvania on or about October 26, 2017, under the caption *Edward R. Flynn, et al., v. Manufacturers and Traders Trust Company a/k/a M&T Bank*, Case No. 2:17-cv-04806-WB, where Plaintiffs filed a First Amended Complaint and then a Second Amended Complaint (the "Complaint");

WHEREAS, on March 12, 2021, Percy and Janene Chapman were substituted as Plaintiffs for Catherine Hosick, who remains a Class Member;

WHEREAS, in the Complaint, Plaintiffs assert claims on their own behalf and on behalf of putative classes of similarly-situated individuals, against M&T Bank for, *inter alia*, allegedly violating Pennsylvania's Uniform Commercial Code, independently, and in *pari materia* with the Pennsylvania Motor Vehicle Sales Finance Act;

WHEREAS, Plaintiffs, in their Complaint, on their own behalf and on behalf of the putative class members, sought the greater of actual and minimum statutory damages from M&T Bank in connection with their claims, together with declaratory relief and injunctive relief, *inter alia*, declaring that the Disputed Deficiency Balances are invalid and cannot be collected, ordering the return of funds collected on the Disputed Deficiency Balances, precluding M&T Bank from pursuing the collection of any Disputed Deficiency Balances, and the removal of the credit trade line in Plaintiffs' and the putative class members' credit reports;

WHEREAS, M&T Bank denies that it violated the UCC, independently, and in *pari materia* with the MVSFA, denies any liability to Plaintiffs or any Class Members, contends that its Notices of Repossession and Post-Sale Notices are compliant with applicable law, asserts other defenses and asserts, *inter alia*, that it is (and has been) entitled to pursue collection of the Disputed Deficiency

2

Balances on Plaintiffs' and the Class Members' Auto Loans and retain any amounts paid by the Class Members towards the Disputed Deficiency Balances;

WHEREAS, Plaintiffs, through Class Counsel, have vigorously pursued their claims against M&T Bank;

WHEREAS, M&T Bank, through Defense Counsel, has vigorously defended against Plaintiffs' claims;

WHEREAS, the Parties have negotiated in good faith in an effort to settle Plaintiffs' claims, including mediations and negotiations with the Honorable Tom Wallitsch (Ret.), a private mediator, and with the Honorable United States Magistrate Judge Richard A. Lloret;

WHEREAS, the Parties desire to fully settle and resolve the Action and Plaintiffs' Claims on a class basis in accordance with the Classes defined herein and the terms set forth herein, without admitting any liability or any defenses, and thereby releasing any and all Claims arising out of or relating to Plaintiffs' and the Class Members' Auto Loans, including, but not limited to, Claims arising out of or relating to the Notices of Repossession and/or Post-Sale Notices, except as expressly set forth herein; and

WHEREAS, M&T Bank denies liability, but nevertheless desires to resolve the Action and Plaintiffs' Claims on the terms set forth herein, for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by this Action.

NOW, THEREFORE, in consideration of the respective covenants, undertakings, mutual promises, representations, and conditions contained herein, and intending to be legally bound hereby, the Parties agree to the settlement of the Action (subject to Court approval and the provisions contained in this Agreement), that the Action and the Claims against the M&T Bank Releasees are

fully and finally compromised, settled and released, and that the Action shall be dismissed with prejudice, as follows, subject to court approval:

2.    **DEFINITIONS**

2.01.    The definitions contained herein shall apply only to this Agreement and, as explicitly incorporated, to other documents necessary to effectuate this Settlement, and shall not apply to any other agreement, including without limitation any retail installment sales contract. Nor shall the definitions contained herein be used as evidence of the meaning of any term, except as set forth herein with respect to this Agreement and related settlement documents. Each defined term stated in a singular form shall include the plural form, and each defined term stated in a plural form shall include the singular form.

2.02.    **"Action"** means the putative class action currently captioned, *Edward Flynn, Douglas Abbott, Gene Daisey, Percy Chapman, and Janene Chapman, individually and on behalf of all others similarly situated, v. Manufacturers and Traders Trust Company a/k/a M&T Bank*, No. 2:17-cv-4806-WB, which was originally filed in the Court of Common Pleas of Philadelphia County, September Term, 2017, No. 02754, and later removed to the United States District Court for the Eastern District of Pennsylvania.

2.03.    **"Agreement"** means this Class Action Settlement Agreement and Release, as fully executed by the Parties.

2.04.    **"Auto Loan"** means (i) a loan issued by M&T Bank to one or more Borrowers where the loan is secured by the Borrower's or Borrowers' motor vehicle, and the motor vehicle related to the loan was subsequently repossessed and such repossession is the subject of this Action; or (ii) a loan issued by an automobile dealership to one or more Borrowers, where the loan is secured by the Borrower's or Borrowers' motor vehicle, which thereafter was assigned

4

by the automobile dealership to M&T Bank, and the motor vehicle related to the loan was subsequently repossessed and such repossession is the subject of this Action.

2.05.   **"Auto Loan Account"** means a separate account, identified by an M&T Bank account number, associated with an Auto Loan.

2.06.   **"Borrower"** means an individual who entered into an Auto Loan, including a debtor, co-borrower, guarantor or co-obligor.

2.07.   **"Claims"** means any and all rights, remedies, actions, claims, counterclaims, cross-claims, demands, liabilities, obligations, promises, agreements, controversies, actions, causes of action, suits, verdicts, judgments, liens, damages, costs, losses, debts, charges, and expenses (including attorneys' fees and disbursements of counsel and other professionals), of any and every nature whatsoever, including monetary, injunctive, or declaratory or equitable relief, rescission, general, special, and punitive damages, as well as any and all claims for treble damages, penalties, attorneys' fees, costs, or expenses, whether currently known or unknown, suspected or unsuspected, foreseen or unforeseen, contingent or noncontingent, liquidated or non-liquidated, whether in law or in equity, whether now recognized by law or whether later created or recognized by statute, regulation, judicial decision, or in any other manner, whether based upon contract, breach of contract, intentional acts, warranty or covenant, breach of warranty or covenant, tort, negligence, gross negligence, recklessness, joint and several liability, guarantee, contribution, reimbursement, subrogation, indemnity, defect, fault, strict liability, bad faith, misrepresentation, common law fraud, quantum meruit, breach of fiduciary duty, violation of statute, administrative regulation, or common law, and any other legal, equitable, or other theory or right of action, or otherwise, which the Plaintiffs or any Class Member has had, now has, or will ever have relating to their Auto Loan, the collection of sums under the Auto Loan, the repossession and/or sale of any repossessed or surrendered vehicles, the propriety or

5

commercial reasonableness of any notice (including the Notice of Repossession and Post-Sale Notice), repossession and/or sale of any repossessed or surrendered motor vehicles, collection efforts by M&T Bank or its agents regarding any balances or deficiency balances alleged to be due or owing, the conditions of reinstatement and/or redemption, and credit reporting. This includes, but is not limited to, any alleged violations of any unfair or deceptive trade practices statute, any alleged violations of any consumer protection statute, or any other body of case or statutory law or regulation, whether federal, state or local, and specifically including without limitation, the Pennsylvania Uniform Commercial Code, the Pennsylvania Motor Vehicle Sales Finance Act, 69 P.S. § 601 *et seq.*, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. § 201-1 and any implementing regulations, related to said repossession practices, repossession collection efforts, and any alleged damages or losses incurred in connection with the repossession or surrender of vehicles and/or the sale of any repossessed or surrendered vehicles. "Claims" shall not include any other loans that Plaintiffs or Class Members may have with M&T Bank that are unrelated to the Auto Loan and/or the Disputed Deficiency Balances.

2.08.    **"Class"** means all Borrowers: (1) who entered into a retail installment sales contract in Pennsylvania for the financing of the purchase of a Motor Vehicle primarily used for personal, family or household use and whose retail installment sales contract was assigned or sold to M&T Bank; and, (2) from whom M&T Bank, as secured party, repossessed the vehicle or ordered it to be repossessed; and (3) whose vehicle was repossessed in Pennsylvania; and, (4) who were sent a Notice of Repossession at any time on or after September 22, 2011 through the Preliminary Approval Date. The Class also includes those Borrowers who were either: (1) sent a Post-Sale Notice after their vehicle was sold or (2) not sent a Post-Sale Notice after their

vehicle was sold. M&T Bank's electronic business records reflect that, as of July 18, 2022, the Class consists of 6,414 unique Auto Loans and 7,985 Class Members.

2.09.     **"Class Counsel"** means Richard Shenkan of Shenkan Injury Lawyers, LLC and James Haggerty of Haggerty, Goldberg, Schleifer, and Kupersmith, P.C., counsel of record for Plaintiffs in the Action.

2.10.     **"Class Counsel Costs"** means the reasonable costs and expenses incurred by Class Counsel in connection with the investigation, prosecution, settlement, and administration of the Action, as approved by the Court.

2.11.     **"Class Counsel Fees"** means the reasonable attorneys' fees payable to Class Counsel, as approved by the Court, which shall be paid from the Settlement Fund.

2.12.     **"Class Members"** or **"Class"** or **"Classes"** means the members of the Classes.

2.13.     **"Class Notice"** means the Notice to Class Members, described in § 5.04 hereof, as approved by the Court and substantially in the form attached hereto as **Exhibit A**.

2.14.     **"Class Period"** means the period of time between September 22, 2011 through the Preliminary Approval Date, inclusive.

2.15.     **"Class Releasors"** and the **"Class Releasees"** mean (i) Plaintiffs; (ii) the Class Members, excluding only those Class Members whose requests for exclusion are approved by the Court in the Final Approval Order; and (iii) as to each of the foregoing, his or her heirs, executors, administrators, trustees, personal representatives, beneficiaries, and assigns.

2.16.     **"Court"** means the United States District Court for the Eastern District of Pennsylvania.

2.17.     **"Credit Reporting Agencies"** means Experian, Equifax, and TransUnion.

2.18.     **"*Cy Pres* Recipients"** means one or more IRS 501(c)(3) non-profit organization(s) to be agreed upon by Class Counsel and Defense Counsel and approved by the

7

Court in the Final Approval Order to receive *cy pres* payments of any residual amount from the Settlement Account as set forth in § 7.10 hereof.

      2.19.    **"Defense Counsel"** means James P. Berg, Esq., Scott Parker, Esq., Fred W. Hoensch, Esq., and Marissa Edwards, Esq. of Parker Ibrahim & Berg LLP, and Alfred W. Putnam, Jr., Esq. and Michael Daly, Esq. of Faegre Drinker Biddle & Reath LLP.

      2.20.    **"Disputed Deficiency Balances"** means the deficiency balances, in any sum, which M&T Bank contends remain due and owing on any of the Plaintiffs' or any of the Class Members' Auto Loans after the repossession and disposition of the Plaintiffs' or any Class Members' vehicle and the application of the proceeds of the sale to that Auto Loan, plus the accrued interest and other charges, minus any payments made post-repossession. This includes deficiency balances which have resulted in modified payment terms or which have been financed or re-financed. This excludes: (1) any deficiency balances that M&T Bank has reduced to judgment as of the Preliminary Approval Date; (2) any deficiency balances that M&T Bank has settled as of the Preliminary Approval Date; and (3) any deficiency balances on Auto Loans that have been sold to a third-party as of the Preliminary Approval Date; and (4) the balances of Class Members who reinstated their Auto Loan and/or had their repossessed vehicle returned (and therefore do not have a deficiency balance as defined above) and whose vehicle was not subsequently repossessed and sold prior to the Effective Date (hereafter "Disputed Deficiency Balance Exclusions"). According to M&T Bank's business records, as of July 18, 2022, the total amount of the deficiency balances of all Class Members (excluding only the loan balances for those Class Members whose vehicles have not been sold as of July 18, 2022) is $42,228,253.43.

2.21.     **"Distribution Date"** means the date upon which the Settlement Administrator shall begin to make distributions of the Net Settlement Fund to the Class Members, not later than thirty (30) days after the Effective Date.

2.22.     **"Effective Date"** means the date upon which Final Approval occurs.

2.23.     **"Final Approval"** means the entry of the Final Approval Order, the expiration of the applicable period for filing a notice of appeal from the Final Approval Order, and, if any appeal is taken from the Final Approval Order, the final affirmance of the Final Approval Order without any right of further appeal or upon entry of any stipulation dismissing any such appeal without any right of further appeal.

2.24.     **"Final Approval Hearing"** means the hearing to be held by the Court to determine whether the Settlement shall receive final approval pursuant to Fed. R. Civ. P. 23(e)(2).

2.25.     **"Final Approval Order"** means an Order of the Court finally approving the Settlement.

2.26.     **"Incentive Award"** means the sum to be awarded to the Representative Plaintiffs[2], not to exceed $10,000 per person, and to former Representative Plaintiff Catherine Hosick, not to exceed $4,500, as approved by the Court, as an award for the Plaintiffs' time and effort in bringing, prosecuting, and settling the Action on behalf of the Class Members, which shall be paid from the Settlement Fund.

2.27.     **"IRS"** means the Internal Revenue Service.

2.28.     **"M&T Bank"** means the Defendant in this Action, Manufacturers and Traders Trust Company a/k/a M&T Bank and its owners, affiliates, subsidiaries or parent companies

---

[2] The incentive award will be disclosed to the Bankruptcy Trustees in Edward Flynn's, Douglas Abbott's and Catherine Hosick's bankruptcy proceedings as the trustee(s) may have a claim to some or all of any Incentive Award.

and/or divisions, and all of its or their respective officers, directors, shareholders, partners, employees, associates, trustees, agents, accountants, attorneys, predecessors, successors, and assigns.

2.29.   **"M&T Bank Releasees"** and the **"M&T Bank Releasors"** means (i) M&T Bank; (ii) M&T Bank's respective past, present, and future, direct and indirect, parents, subsidiaries, partners, joint ventures, and affiliates; (iii) as to each of the foregoing, their past, present, and future officers, directors, employees, principals, representatives, agents, attorneys, members, shareholders, and insurers, each in their capacity as such; (iv) the predecessors, successors, heirs, executors, administrators, trustees, personal representatives, beneficiaries, and assigns of any of the foregoing; and (v) any persons or entities, including without limitation any service provider, vendor, collection agency, servicer, assignee or holder, and each of their affiliated, subsidiary or parent companies and/or divisions, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, accountants, attorneys, predecessors, successors and assigns that were involved in the issuance of M&T Bank's Notice of Repossession or Post-Sale Notice for the Auto Loans that form the basis of this case, the repossession and sale of repossessed motor vehicles for the Auto Loans that form the basis of this case, the conditions of reinstatement and/or redemption for the Auto Loans that form the basis of this case, the collection of balances and/or deficiency balances on Auto Loans that form the basis of this case, and/or the reporting of balances and/or deficiency balances for the Auto Loans that form the basis of this case to any credit reporting agencies.  The release of the persons/entities described in subsection (v) above is expressly limited to their conduct concerning M&T Bank and the Class Members regarding the Auto Loan and motor vehicles that form the basis of this Case.  The release of the persons/entities described in subsection (v) is not intended to impair any rights, claims and/or defenses the Class Releasors may have relating to:

10

1) services performed for and/or by any lenders other than M&T Bank (or M&T Bank's agents) or 2) for conduct unrelated to M&T Bank and the Class Members.

2.30.    **"MVSFA"** refers to the Pennsylvania Motor Vehicle Sales Finance Act, which was originally found in Chapter 7 of Title 69 of Purdon's Statutes. In 2014, it was repealed and recodified in Chapter 62 of Title 12 of Pennsylvania Consolidated Statutes (hereafter "MVSFA").

2.31.    **"Net Settlement Fund"** means the Settlement Fund less the Class Counsel Fees, Class Counsel Costs, Settlement Administration Costs, and the Incentive Awards.

2.32.    **"Parties"** refers collectively to Plaintiffs and M&T Bank, and **"Party"** refers individually to any of the Parties.

2.33.    **"Plaintiffs"** means Plaintiffs Edward Flynn, Gene Daisey, Douglas Abbott, Percy Chapman, and Janene Chapman, individually, and as representatives of the Class Members.

2.34.    **"Post-Approval Payments"** means any monies paid to M&T Bank by any Class Member on or after the Effective Date toward the Class Member's Disputed Deficiency Balance, including any Disputed Deficiency Balances which have resulted in modified payment terms or which have been financed or re-financed with M&T Bank. Excluded from this definition are payments made towards: (1) deficiency balances that M&T Bank has reduced to judgment as of the Preliminary Approval Date; (2) deficiency balances that M&T Bank has settled as of the Preliminary Approval Date; (3) deficiency balances on Auto Loans that have been sold to a third-party as of the Preliminary Approval Date; and (4) the balances of Class Members who reinstated their Auto Loan and/or had their repossessed vehicle returned as of the Effective Date (provided that they did not subsequently have their vehicle repossessed again and sold by M&T Bank prior to the Effective Date).

11

2.35.   **"Post-Repossession Consumer Disclosure Notice"** means the notice which M&T Bank sent to a Borrower notifying the Borrower, *inter alia*, of the repossession of the Borrower's motor vehicle and M&T Bank's intention to dispose of the Borrower's repossessed motor vehicle. This is also known as a **"Notice of Repossession"**.   Exemplars of Notices of Repossession are attached as Exhibits 2 and 3 to the Complaint.

2.36.   **"Post-Sale Notice"** has the same meaning as the term "Explanation of Calculation of Surplus or Deficiency" in 13 Pa. C.S.A. § 9616.   An Exemplar Post-Sale Notice is attached as Exhibit 4 to the Complaint.

2.37.   **"Preliminary Approval Date"** means the date upon which the Court issues the Preliminary Approval Order.

2.38.   **"Preliminary Approval Order"** means an Order of the Court preliminarily and conditionally certifying the Class and ordering the mailing of the Class Notice.   In connection with the application for Preliminary Approval of this Agreement, the Parties shall offer to the Court an amended proposed order in the form annexed hereto as **<u>Exhibit B</u>**, *inter alia*, granting Preliminary Approval to the Settlement, and permitting notice to issue.

2.39.   **"Proper Notification and Documentation"** means, with respect to a deceased Class Member and, in the discretion of Class Counsel, a release and discharge, a death certificate and/or a copy of the official filing appointing an executor, administrator or other personal representative of the estate or fiduciary of an incompetent, and sufficient information as to the identity and address of the executor, administrator, personal representative or fiduciary to enable mailing of a check/wire instructions, or other similar documentation.

2.40.   **"Protective Order"** means the Protective Order entered by the Court in this Action on January 26, 2018 (ECF 22).

12

2.41.    **"Released Claims"** means the Claims released by the Class Releasors in § 9.01 hereof, and the Claims released by the M&T Bank Releasors in § 9.02 hereof.

2.42.    **"Settlement"** means the settlement between Plaintiffs and M&T Bank as set forth in this Agreement.

2.43.    **"Settlement Account"** means the bank account holding the Settlement Fund.

2.44.    **"Settlement Administrator"** means Class-Settlement.com or any other Settlement Administrator the Court appoints.

2.45.    **"Settlement Administration Costs"** means the reasonable fees, costs, and expenses of the Settlement Administrator in connection with administering the Settlement in accordance with this Agreement.

2.46.    **"Settlement Amount"** or **"Settlement Fund"** means the sum of seven million dollars and zero cents ($7,000,000.00).

2.47.    **"Settlement Fund Purposes"** means (i) the payment to Class Counsel of Class Counsel Fees, as approved by the Court; (ii) the reimbursement to Class Counsel of Class Counsel Costs, as approved by the Court; (iii) the reimbursement to the Settlement Administrator of Settlement Administration Costs, as approved by the Court; (iv) the payment to Plaintiffs and the previous plaintiff, Catherine Hosick, of the Incentive Awards, as approved by the Court; (v) the distribution of the Settlement Amount to the eligible Class Members, as approved by the Court; and (vi) the payment of any residual portion of the Settlement Fund to the *Cy Pres* Recipient(s), as approved by the Court.

2.48.    **"UCC"** refers to Pennsylvania's Uniform Commercial Code, 13 Pa. C.S. § 9601, *et seq.*

3.    **CONDITIONAL NATURE OF THIS AGREEMENT**

      3.01.    This Agreement, including all associated exhibits and attachments, is made in compromise of disputed claims on a class-wide basis.  This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge and settle the Claims upon and subject to the terms and conditions set forth in this Agreement, without any admission of liability.  The Parties hereby acknowledge and agree that the Settlement is subject to preliminary and final approval by the Court in accordance with the Federal Rules of Civil Procedure.  Accordingly, the Parties enter into this Agreement on a conditional basis that is subject to Final Approval and M&T Bank's right to terminate the Agreement as set forth in § 11.01 hereof.

      3.02.    The Parties hereby acknowledge and agree that in the event the Settlement does not become final for any reason including, *inter alia*, the Court does not enter the Preliminary Approval Order or the Final Approval Order, the Final Approval Order is vacated as the result of any appeal, preventing the Agreement from becoming final and effective, or this Agreement is terminated in accordance with § 11.01, then: (i) this Agreement will be deemed terminated, null and void *ab initio*, and of no force or effect whatsoever in accordance with § 11.01; (ii) the Parties shall not reference or utilize this Agreement, any other documents prepared by any Party to effectuate this Settlement, or any other evidence of this Agreement's terms or the Parties' settlement discussions to establish or oppose liability, damages, or class certification; and, (iii) the Parties' settlement discussions shall remain subject to the protections of Federal Rule of Evidence 408.

4.    **CLASS CERTIFICATION FOR SETTLEMENT PURPOSES**

      4.01.    Solely for the purposes of this Agreement and the Settlement, the Parties stipulate and agree that the Class shall be certified for purposes of settlement under Federal Rule of Civil Procedure 23.

4.02.    Solely for the purposes of this Agreement and the Settlement, the Parties agree that Plaintiffs are members of and shall be appointed as the class representatives for the Class.

4.03.    Solely for the purposes of this Agreement and the Settlement, the Parties agree that Class Counsel shall be appointed as counsel for the Class.

4.04.    In the event the Court does not enter the Preliminary Approval Order or the Final Approval Order, the Final Approval Order is vacated as the result of any appeal, preventing the Agreement from becoming final and effective, or this Agreement is terminated in accordance with § 11.01, then the provisions of §§ 4.01, 4.02, and 4.03 shall be void and of no force and effect.

5.    **CLASS SETTLEMENT PROCEDURES**

5.01.    <u>Motions for Preliminary and Final Approval</u>.  Plaintiffs, through Class Counsel, have filed a Motion for Preliminary Approval, together with a brief in support thereof, and a proposed Preliminary Approval Order.  At the Court's request, Plaintiffs, through Class Counsel, shall file an amended Preliminary Approval Order on or before August 5, 2022.  The proposed amended Preliminary Approval Order shall provide, among other things:

(a)    That the Preliminary Approval Order, substantially in the form of **Exhibit B** to the Settlement Agreement, is approved.

(b)    That this Agreement and the Settlement are deemed by the Court to be within the range of reasonableness such that preliminary approval of the Settlement is warranted and the Class Notice should be disseminated to the Class Members;

(c)    That, solely for the purposes of this Agreement and the Settlement, the requirements for conditional certification of the Class set forth in Fed. R. Civ. P. 23 have been satisfied;

(d)      That, solely for the purposes of this Agreement and the Settlement, the Class is conditionally certified;

(e)      That, solely for the purposes of this Agreement and the Settlement, Plaintiffs are preliminarily appointed as the representative for the Class;

(f)      That, solely for the purposes of this Agreement and the Settlement, Class Counsel is preliminarily appointed as counsel for the Class;

(g)      That, solely for the purposes of this Agreement and the Settlement, Class-Settlement.com is appointed as the Settlement Administrator and is permitted to handle the mailing and processing of all notices, checks, and the disposition of the Settlement Fund;

(h)      That, as a condition of the Settlement Administrator's appointment, the Settlement Administrator shall execute an agreement to be bound by the Protective Order, substantially in the form attached as Exhibit A to the Protective Order and acceptable to M&T Bank, and return same to Defense Counsel;

(i)      That, solely for the purposes of this Agreement and the Settlement, the Class Notice substantially in the form attached as **Exhibit A** to the Settlement Agreement, meets all applicable legal requirements and is approved by the Court;

(j)      That, solely for the purposes of this Agreement and the Settlement, the mailing of the Class Notice to the Class Members in the manner set forth in the Preliminary Approval Order meets all applicable legal requirements and is approved by the Court;

(k)      That deadlines shall be established consistent with this Agreement and the Class Notice for (i) the mailing of the Class Notice to the Class Members; (ii) the filing of objections to the Settlement; (iii) the filing of requests by Class Members for exclusion from the Class; (iv) the filing of any motions to intervene (no later than forty (40) days after the mailing of the Notice); and (v) deadlines for the filing of any papers in connection with the final approval hearing (which shall be

16

held no sooner than ninety (90) days after the filing of the Motion for Preliminary Approval) and the consideration of the approval or disapproval of the Settlement;

(l)     That any objections by the Class to: (i) the proposed Settlement contained in the Agreement and described in the Notice, and/or (ii) the entry of the Final Approval Order, shall be heard and any papers submitted in support of such objections shall be considered by the Court at the Final Approval Hearing only if, on or before a date (or dates) to be specified in the Notice and Preliminary Approval Order, such objector files with the Court a notice of his or her intention to appear, submits documentary proof that he or she is included in the Class, and states the basis for such objections. Any objection shall be postmarked or electronically filed with the Court on or before the date specified in the Notice, which shall be forty (40) days from the date of the initial mailing of the Notice;

(m)    That a written request for exclusion from the Class, as set forth in the Class Notice, must: (i) set forth the Class Member's full name, current address, and telephone number and email address, if available; (ii) contain the signature of the Class Member (or his or her guardian, administrator, or executor); and, (iii) state the intent of all signatory(ies) not to participate in the Settlement. For those Auto Loans with more than one Borrower, a request for exclusion by any one Borrower shall be deemed to be a request for exclusion by all Borrowers of that Auto Loan. The written request for exclusion shall be postmarked and mailed to the Settlement Administrator on or before the date specified in the Notice, which shall be forty (40) days from the date of the initial mailing of the Notices;

(n)    That the Class Members who do not timely exclude themselves from the Class in accordance with the Class Notice shall be bound by the Final Approval Order;

(o)    The date for the Final Approval Hearing and deadlines for the filing of motion papers in connection with seeking a Final Approval Order.

17

(p)     That Plaintiffs' motion for final approval, for approval of Incentive Award and for an award of Class Counsel Fees and Class Counsel Costs, with supporting affidavits and exhibits, shall be filed at least fourteen (14) days prior to the Final Approval Hearing.

(q)     That at the Final Approval Hearing the Court will consider, *inter alia*: (i) whether the Settlement is fair and reasonable; (ii) whether the Class Counsel Fees are fair and reasonable; (iii) whether the Class Counsel Costs are fair and reasonable; (iv) whether the Settlement Administration Costs (if separate from Class Counsel Fees) are fair and reasonable; (v) whether the Incentive Award is fair and reasonable; (vi) whether the Final Approval Order, dismissing the Action on the merits and with prejudice as to the Class Members who did not timely exclude themselves from the Class, should be entered, and (vii) to consider such other matters as may properly come before the Court in connection with the Final Approval Hearing.

(r)     That the Final Approval Hearing may, from time to time and without further notice to the Class (except those who filed timely and valid objections), be continued or adjourned by order of the Court; and

(s)     That all Class Members (except those who timely excluded themselves) will be bound by the Final Approval Order.

5.02.     M&T Bank's Non-Opposition to Motion for Preliminary Approval. M&T Bank does not oppose the relief sought in the Motion for Preliminary Approval (ECF 395) as memorialized by its concurrence (ECF 401).  Plaintiffs will file an amended Preliminary Approval Order, agreed upon by the parties, no later than on or before August 5, 2022.

5.03.     Identification of Class Members.

(a)     By the later of fourteen (14) business days after the Court enters the Preliminary Approval Order, or the Settlement Administrator's execution and return to Defense Counsel of the agreement to be bound by the Protective Order described above, M&T Bank shall provide to Class

18

Counsel and the Settlement Administrator an Excel spreadsheet containing the following information as currently reflected in M&T's electronic records: (i) The last eight digits of each Auto Loan account number; (ii) the name of each Class Member affiliated with each Auto Loan Account (such that it will be easy to determine if an Auto Loan Account has one obligor or co-obligors and their identities); (iii) the last known mailing address for each Class Member; (iv) the last known telephone number(s) for each Class Member; (v) the last known email address for each Class Member, if any; (vi) the Social Security Number for each Class Member; and (vii) the deficiency balance for each Class Member's Auto Loan (as of the Preliminary Approval Date), excluding those Class Members who reinstated their Auto Loan Accounts and/or had their vehicles' returned to them following repossession (and whose vehicles were not subsequently repossessed and sold again prior to the Preliminary Approval Date). An authorized representative of M&T Bank will execute a verification pursuant to 28 U.S.C. § 1746 affirming the accuracy of this information according to M&T Bank's electronic business records.

(b)     M&T Bank is providing the information in the above subparagraph, including the Class Members' Social Security Numbers, to Class Counsel and the Settlement Administrator for legitimate business purposes. Specifically, the purpose of providing Class Members' Social Security Numbers is both to assist the Settlement Administrator in locating valid addresses where necessary as described in § 5.03(e) below, and to assist Class Counsel in verifying that Class Members' credit reports are appropriately corrected as agreed herein.

(c)     The Parties acknowledge and agree that the information provided by M&T Bank is "Confidential Information" as defined in the Protective Order and subject to the protections of that Order. The Settlement Administrator and Class Counsel shall hold such information in confidence.

(d)     M&T Bank agrees to respond within a reasonable period of time to reasonable written inquiries, if any, from Class Counsel and the Settlement Administrator regarding Class Member information.

(e)     The Settlement Administrator shall review, verify, and, if applicable, update the Class Member mailing addresses in the spreadsheets provided by M&T Bank through the United States Postal Service National Change of Address database and through the Accurint and/or Westlaw databases or another equivalent database and provide updated spreadsheets to Class Counsel and Defense Counsel prior to the sending of the Class Notice and as updated information is obtained and/or as requested of Class Counsel.

5.04.     The Class Notice.  Subject to the Court's approval, and substantially in the form attached hereto as **Exhibit A**, the Class Notice of the Settlement shall be sent to the Class Members by the Settlement Administrator.

(a)     The Class Notice shall explain in plain language that compromise of any Disputed Deficiency Balance claimed due in an amount of $600.00 or more may result in the issuance of IRS Form 1099C.

(b)     Within the timeframe set forth in the Preliminary Approval Order, the Settlement Administrator shall mail the Class Notice, in the form approved by the Court, by First Class United States Mail to the Class Members at their last known mailing addresses as updated and verified in accordance with § 5.03 hereof.

(c)     If a mailed Class Notice is returned with a forwarding address provided by the United States Postal Service or if the Settlement Administrator becomes aware of another more suitable address, the Settlement Administrator will re-mail the Class Notice to such address or addresses as directed by Class Counsel.

(d)     If a mailed Class Notice is returned without a forwarding address provided by the United States Postal Service or is otherwise designated by the United States Postal Service as bearing an invalid address, the Settlement Administrator will use the Accurint and/or Westlaw databases or another equivalent database and use skip-tracing, as applicable, to attempt to locate an updated address for the particular Class Member, and will re-mail the Class Notice to the Class Member at the most recent, updated address(es) located if different from an address that was previously returned by the United States Postal Service.

5.05.    The Class Notice shall inform Class Members that they will not be eligible for a compromise of their deficiency balance if they fall into one of the four Disputed Deficiency Balance Exclusions, and that they may call Class Counsel to ask if they fall into one of the Disputed Deficiency Balance Exclusions.  If a Class Member calls Class Counsel with such a request, Defense Counsel shall, within seven (7) business days of a request by Class Counsel, inform Class Counsel whether that individual Class Member falls into the Disputed Deficiency Balance Exclusion, and which exclusion(s) he/she falls into.

5.06.    <u>Objections to the Settlement</u>.

(a)     The Class Notice, as approved by the Court, shall permit any Class Member to object to the Settlement, provided that the Class Member submits a written objection to the Settlement Administrator, Class Counsel, and/or Defense Counsel in the manner set forth in the Class Notice on or before the deadline for objections set forth in the Class Notice, which shall be forty (40) days from the date of the initial mailing of the Class Notice.

(b)     Any Class Member can withdraw his or her objection to the Settlement, provided that the Class Member submits a written withdrawal of the objection to the Settlement Administrator, Class Counsel, and/or Defense Counsel within fourteen (14) business days prior to the Final Approval Hearing.

(c)     Within three (3) business days of receipt of any objection, the Settlement Administrator shall provide to Class Counsel and Defense Counsel: (i) the name, address, telephone number, and email address of the objecting Class Member, as provided by the Class Member; (ii) if applicable, the name, address, telephone number, and email address of the objecting Class Member's counsel; and (iii) a copy of the objecting Class Member's written objection.

(d)     Within three (3) business days after the deadline for objections set forth in the Class Notice, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a list of the Class Members (by name and Auto Loan Account Number) who submitted non-withdrawn objections and, thereafter, promptly update such list if any belated objections are received.

(e)     At least fifteen (15) business days before the Final Approval Hearing, the Settlement Administrator shall prepare a list of the Class Members who submitted non-withdrawn objections to the Settlement, in a form suitable for submission to the Court with Plaintiffs' Motion for Final Approval. The list shall be filed under seal subject to the Protective Order, with a copy provided to Class Counsel and Defense Counsel.  If the Court requires that the list be filed on the docket, the list shall include only the last eight digits of the Auto Loan Account number, for confidentiality purposes.

5.07.    Requests for Exclusion from the Class.

(a)     The Class Notice, as approved by the Court, shall permit any Class Member to request exclusion from the Class, provided that the Class Member submits a written request for exclusion in the manner set forth in the Class Notice on or before the deadline for requests for exclusion set forth in the Class Notice approved by the Court, which shall be no later than forty (40) days after the initial mailing of the Class Notices.  Upon the entry of the Final Approval Order, the persons who timely and properly requested exclusion from the Class will not be considered Class Members for purposes of this Agreement.

22

(b)     The written request for exclusion shall:  (i) set forth the Class Member's full name, current address, telephone number, and email address, if available; (ii) contain the signature of the Class Member; and (iii) state an intent of all signatories not to participate in the Settlement.  For Auto Loans with more than one Borrower, a request for exclusion by any one Borrower of that Auto Loan shall be deemed to be a request for exclusion by all Borrowers of that Auto Loan.  The written request for exclusion must be postmarked on or before the date specified in the Notice, which shall be no later than forty (40) days after the initial mailing of the Notices.

(c)     No Class Member, or proxy, may exclude any other Class Member, except for those Class Members whose Auto Loan has more than one Borrower.  For those Class Members, a request for exclusion by any one Borrower of that Auto Loan shall be deemed to be a request for exclusion by all Borrowers of that Auto Loan.

(d)     Any Class Member can withdraw his or her request for exclusion from the Class, provided that the Class Member submits a written withdrawal of the request for exclusion to the Settlement Administrator on or before the deadline for requests for exclusion set forth in the Class Notice, which shall be no later than forty (40) days after the initial mailing of the Class Notices. For Auto Loans with more than one Borrower, a request to withdraw an exclusion by any one Borrower of that Auto Loan shall be deemed a request to withdraw an exclusion by all Borrowers of that Auto Loan. Within three (3) business days of receipt of any request for exclusion, the Settlement Administrator shall notify Class Counsel and Defense Counsel of the following information: (i) the name, address, telephone number, and email address of the Class Member requesting exclusion; (ii) if applicable, the name, address, telephone number, and email address of counsel for the Class Member requesting exclusion; and, (iii) a copy of the Class Member's written request for exclusion.

(e)     Within fifteen (15) business days after the deadline for requests for exclusion set forth in the Class Notice, the Settlement Administrator shall provide Class Counsel and Defense

Counsel with a list of the Class Members (by name and Auto Loan Account number) who submitted non-withdrawn requests for exclusion from the Class together with copies of the Class Members' written requests for exclusion and, thereafter, promptly update such list if any belated written requests for exclusion are received.

        (f)        At least fifteen (15) business days before the Final Approval Hearing, the Settlement Administrator shall prepare a list of the Class Members who submitted non-withdrawn requests for exclusion from the Class, in a form suitable for submission to the Court with Plaintiffs' Motion for Final Approval. The list shall be filed under seal subject to the Protective Order, with a copy provided to Class Counsel and Defense Counsel.  If the Court requires that the list be filed on the docket, the list shall include only the last eight digits of the Auto Loan Account number, for confidentiality purposes.

        5.08.    <u>Motion for Final Approval and Order of Final Approval</u>.  In accordance with the Preliminary Approval Order, after the Class Notice has been mailed to the Class Members and before the Final Approval Hearing, Plaintiff shall file a Motion for Final Approval seeking a Final Approval Order in accordance with this Agreement, and substantially in the form attached as **Exhibit C**, including any modifications made by the Court, approving this Agreement as final, fair, reasonable, adequate, and binding on all Class Members who have not excluded themselves from the Class, ordering that the Settlement Fund be distributed in accordance with § 7 hereof and that the additional class relief be conferred to all eligible Class Members who have not excluded themselves, ordering an award of attorneys' fees, costs and expenses be paid to Class Counsel in accordance with this Agreement, and dismissing the Action with prejudice, keeping the action open only for purposes of the orderly administration of this Settlement. Plaintiffs shall provide M&T Bank with a draft copy of the Motion for Final Approval that Plaintiffs intend to file at least seven (7) business days in advance of filing.

Provided that the content of Plaintiffs' Motion for Final Approval is accurate, M&T Bank shall file with the Court a concurrence of the motion within five (5) business days after the filing of the motion, stating that M&T Bank does not oppose the relief sought in the Motion for Final Approval. The timing herein may be subject to modification by the Court or counsel by letter, without the need for an amendment to this settlement agreement, and either party's failure to comply with such dates will not be a breach of the Settlement Agreement.

    5.09.   <u>Settlement Administrator</u>. The Settlement Administrator shall, by virtue of its voluntary appointment, deem itself subject to the jurisdiction of the Court for purposes of this administration and this case.

    5.10.   <u>Class Counsel Fees and Class Counsel Costs</u>.

    (a)   The Parties understand that in connection with seeking Final Approval, Class Counsel intends to apply for an award of Class Counsel Fees, and an allowance for the reimbursement of Class Counsel Costs, both of which shall be paid from the Settlement Fund on a common fund basis without affecting M&T Bank's payment obligations hereunder.

    (b)   M&T Bank takes no position with respect to the Class Counsel Fees sought by Class Counsel and shall not object to Class Counsel's request for Class Counsel Fees. M&T Bank will not be responsible for payment of any fees incurred in this matter by Class Counsel, which shall be made from the Settlement Amount.

    (c)   M&T Bank takes no position with respect to the Class Counsel Costs sought by Class Counsel and shall not object to Class Counsel's request for reimbursement of Class Counsel's Costs. M&T Bank will not be responsible for payment of any costs incurred in this matter by Class Counsel, which shall be made from the Settlement Amount.

    (d)   The Class Counsel Fees awarded by the Court shall include compensation to Class Counsel for addressing, *in futuro*, ongoing Class Member inquiries concerning the Settlement

25

and the relief provided thereunder, including the compromise of the Disputed Deficiency Balances, trade line deletions, and any Reimbursement of Post-Approval Payments.

(e)  If this Settlement becomes final, then under no circumstances shall M&T Bank be required to pay additional amounts other than those set forth in § 2.46.

**6.  SETTLEMENT ADMINISTRATION**

6.01.  <u>The Settlement Administrator</u>.  Class Counsel will seek the appointment of Class-Settlement.com to serve as the Settlement Administrator. M&T Bank does not object to this request so long as Class-Settlement.com will: (1) deem itself subject to the jurisdiction of the Court for purposes of this administration and this case and (2) agree to be bound by the Protective Order.  If the Court does not appoint Class-Settlement.com to serve as the Settlement Administrator or if Class-Settlement.com is unable or unwilling to serve, then the Parties agree to cooperate in good faith to select a mutually-agreeable alternative to serve as the Settlement Administrator and Class Counsel shall seek the Court's approval of the appointment of such alternative Settlement Administrator.

6.02.  <u>Settlement Administration Costs</u>.  The Settlement Administration Costs shall be paid from the Settlement Fund. M&T Bank shall not object to the Settlement Administration Costs, provided that the Settlement Administration Costs do not exceed one hundred thousand dollars and zero cents ($100,000.00).

(a)  Upon or after M&T Bank's payment of seven million dollars and zero cents ($7,000,000.00) to the Settlement Account, the Settlement Administrator may withdraw an initial payment of up to fifty-thousand dollars and zero cents ($50,000.00) for administration costs and fees.

(b)  In the event that due to unforeseen circumstances, the Settlement Administration Costs reasonably necessary to administer the Settlement exceed one hundred thousand dollars and zero cents ($100,000.00), Class Counsel shall seek authorization from the Court for the

payment of such Settlement Administration Costs from the Settlement Account. M&T Bank agrees not to object to any such request.

        (c)      The Settlement Administrator shall promptly respond to all queries and communications from Defense Counsel and Class Counsel regarding account balances and status, the calculations, cash payments and distributions called for by this Agreement.

7.      **THE SETTLEMENT FUND**

        7.01.    <u>Qualified Settlement Fund</u>. The Settlement Fund shall constitute a Qualified Settlement Fund, with the Settlement Administrator serving as the "Administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3).

        (a)      Upon or before the establishment of the Settlement Fund, the Settlement Administrator shall apply for a tax identification number for the Settlement Fund in accordance with Treasury Regulation § 1.468B-2(k)(4), utilizing IRS Form SS-4.

        (b)      If requested by M&T Bank, as transferor of the Settlement Fund, or by the Settlement Administrator, as Administrator of the Settlement Fund, M&T Bank and the Settlement Administrator shall fully cooperate in jointly filing a relation-back election under Treasury Regulation § 1.468B-1(j)(2) to treat the Settlement Fund as coming into existence as a Qualified Settlement Fund as of the earliest possible date.

        (c)      The Settlement Administrator shall file or cause to be filed, on behalf of the Settlement Fund, all required federal, state, and local tax returns, information returns, including but not limited to any Form 1099-MISC returns, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § 1.468B-2(l)(2)(ii). Any contract, agreement or understanding entered into with the Settlement Administrator relating to the Settlement Fund must require the Settlement Administrator or its agent to file or cause to be filed, on behalf of the Settlement Fund, all such required returns and statements.

27

(d)     The Settlement Administrator shall cause any proper Form 1099 or comparable tax document to issue, if and as required by the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, for the cash distribution(s) to the Class Members over $600. M&T Bank shall determine whether IRS Form 1099C or similar is necessary in connection with the compromise of any Disputed Deficiency Balance.

7.02.     Payment of the Settlement Amount by M&T Bank.

Within thirty (30) business days after (i) the Court's issuance of the Preliminary Approval Order; (ii) M&T Bank's receipt of a completed and signed IRS Form W-9 with the taxpayer identification number associated with the Settlement Account; and, (iii) M&T Bank's receipt of wire transfer instructions for payment to the Settlement Account, M&T Bank shall wire transfer seven million dollars and zero cents ($7,000,000.00) to the Settlement Account.

7.03.     Management of the Settlement Fund.

(a)     The Settlement Fund shall be used solely for Settlement Fund Purposes.

(b)     The Settlement Fund shall not be commingled with any other funds and shall be held in cash, cash equivalents, certificates of deposit or instruments insured by the United States Government, and/or corporate bonds that are rated Investment Grade by Standard and Poors or Moody's Investors Service.

(c)     The Settlement Fund may, but need not, bear interest, at the sole discretion of Class Counsel. In the event the Court does not issue the Final Approval Order, the Final Approval Order is vacated as the result of any appeal preventing the Agreement from becoming final and effective, or this Agreement is otherwise terminated in accordance with § 11.01, the Settlement Fund, including any accrued interest, shall be returned to M&T Bank in accordance with § 11.03 except for fifty percent (50%) of any monies already paid to the Settlement Administrator for actual costs that have been incurred by the Settlement Administrator for Settlement Administration Costs, not to

28

exceed a total of fifty thousand dollars ($50,000). Plaintiffs will be responsible for the remaining 50% of any monies paid to the Settlement Administrator for actual costs that have already been incurred by the Settlement Administrator for Settlement Administration Costs.

(d)     The Settlement Administrator shall be authorized to immediately withdraw the initial payment as set forth in § 6.02(a) hereof. Other than the initial payment, no portion of the Settlement Fund shall be released from or paid out of the Settlement Account prior to the Effective Date.

(e)     After the Effective Date, no portion of the Settlement Fund shall revert to or otherwise be returned to M&T Bank, except in accordance with § 11.03.

7.04.     Payments to Class Counsel and Plaintiffs.  Subject to Final Approval, no later than fourteen (14) days after the Effective Date unless otherwise instructed by Class Counsel and agreed to by M&T Bank, the Settlement Administrator shall pay from the Settlement Fund:

(a)     To Class Counsel, Class Counsel Fees and Class Counsel Costs in the amount approved by the Court in the Final Approval Order; and,

(b)     To Plaintiffs and former plaintiff, Catherine Hosick, at the addresses to be provided by Class Counsel, the amount approved by the Court in the Final Approval Order for payment of the Incentive Award; M&T Bank will not oppose an incentive award for the Representative Plaintiffs not to exceed $10,000 per Plaintiff and for former Representative Plaintiff Catherine Hosick not to exceed $4,500; and,

(c)     Any other fees and costs associated with this action.

7.05.     Payment of Settlement Administration Costs.  Subject to Final Approval and Class Counsel's approval, on or after the Effective Date, the Settlement Administrator may withdraw an additional payment not to exceed $50,000.00 from the Settlement Fund for Settlement Administration Costs.

7.06.    Distribution of the Net Settlement Fund.

(a)    Subject to Final Approval, no later than sixty (60) days after the Effective Date, the Settlement Administrator shall commence distributions of the Net Settlement Fund to the Class Members, excluding only those Class Members whose requests for exclusion are approved by the Court in the Final Approval Order.

(b)    The Net Settlement Fund shall be distributed in an equal division as to each Auto Loan associated with one or more Class Member(s), excluding any Auto Loan with a Class Member whose request for exclusion was approved. Class Members are eligible for only one payment per Auto Loan, regardless of whether the Auto Loan was subject to more than one repossession.  In the event there is more than one Borrower associated with the Auto Loan, each Borrower will share in a single recovery. The settlement payment for an Auto Loan with more than one Borrower shall be split evenly among the Borrowers for that Auto Loan, with separate checks made payable to each Borrower. However, the Borrowers on a given Auto Loan may request that their settlement payments be divided in some other fashion among the Borrowers. In the event of a dispute between the Borrowers regarding the allocation of their settlement payments, the Settlement Administrator shall hold the payments for the Borrowers in escrow pending resolution of the dispute, and Class Counsel will use reasonable efforts to resolve the dispute.

(c)    The above settlement payments to Class Members shall be made by way of checks mailed to the Class Members at their last known mailing addresses absent direction from Class Counsel.

7.07.    Treatment of Class Members Who Have Moved or Died.

(a)    For each Class Member whose mailed check(s) is/are returned without a forwarding address provided by the United States Postal Service or is otherwise designated by the United States Postal Service as bearing an invalid address, the Settlement Administrator will use the

30

Accurint and/or Westlaw databases or another equivalent database(s) and use skip-tracing, as applicable, as directed by Class Counsel, to attempt to locate an updated address for the particular Class Member, and will re-mail the check(s) to the Class Member at the most recent, updated address located if different from an address that was previously returned by the United States Postal Service unless otherwise instructed by Class Counsel or the Class Member. The Settlement Administrator may, but shall have no further obligation to, locate Class Members.

(b)     If the Settlement Administrator receives notice that a Class Member is deceased or incompetent, the Settlement Administrator will, upon receipt of Proper Notification and Documentation within thirty (30) days of said notice, make the Class payment to the Class Member's estate or next of kin if deceased, or trust or guardian if incompetent. Any payments to or on behalf of an estate, next of kin, or guardian of an incompetent must be made within one hundred fifty (150) days after the Distribution Date.

7.08.    <u>Treatment of Uncashed or Unclaimed Settlement Checks</u>. Except as otherwise ordered by the Court or as directed by Class Counsel, those Class Members who are not located within 180 days after the Distribution Date will be ineligible to receive a payment under this Settlement unless Class Counsel deems otherwise, but will otherwise receive the non-cash benefits of this Settlement including the compromise of the Disputed Deficiency Balances and the deletion of trade lines.  For those Class Members whose checks are not cashed or claimed within sixty (60) days after the Distribution Date or another date at Class Counsel's discretion, the Settlement Administrator will issue and mail replacement checks. The follow-up mailing may remind the Class Member that the class settlement check was previously mailed, has not been negotiated, and will expire if not deposited or cashed timely. The Settlement Administrator, in its or Class Counsel's discretion, shall replace any lost or non-cashed check upon proper request from a Class Member within 180 days of the Distribution Date, or as otherwise directed

31

by Class Counsel, so long as the Settlement Fund has not been fully distributed.  M&T Bank does not object to further reasonable efforts by Class Counsel to ensure distribution to Class Members of the cash distributions, including the reasonable extension of the dates regarding distribution or having the Settlement Administrator take reasonable alternative means to locate class members or their respective heirs.

7.09.   Settlement Administrator's Notification to Class Counsel and Defense Counsel.  Within one hundred and fifty (150) days after the Distribution Date, the Settlement Administrator must notify Class Counsel and Defense Counsel in writing of: (i) the number of Class Members to whom settlement checks were mailed; (ii) the number of Class Members who cashed their settlement checks; (iii) the number of Class Members who did not cash their settlement checks; (iv) the total dollar amount of the Settlement Fund distributed; and, (v) the remaining balance of the Settlement Fund, accounting for interest (if any), bank fees, and similar direct expenses of the administration.

7.10.   *Cy Pres*.  This Settlement does not entail a reverter. Except as otherwise ordered by the Court, within one hundred eighty (180) days after the Distribution Date, the remaining balance of the Settlement Fund, comprised of the principal of any uncashed or returned checks together with accrued interest, if any, shall be distributed by the Settlement Administrator to the *Cy Pres* Recipients approved by the Court in the Final Approval Order, made by way of checks mailed to the *Cy Pres* Recipients at addresses to be provided to the Settlement Administrator by Class Counsel. Upon distribution of the balance of the Settlement Fund to the *Cy Pres* Recipients, the Settlement Administrator shall close the Settlement Account.

7.11.   The parties shall agree upon *Cy Pres* recipient(s) by October 2, 2022 and approved by the Court in the Final Approval Order.  The *Cy Pres* recipient(s) will be related to

the subject matter of the Complaint (*e.g.,* the National Consumer Law Center, National Association of Consumer Advocates, Public Justice Center or similar).

      7.12.   <u>Certification of Distribution</u>.  Within twenty (20) days after the final distribution of all portions of the Settlement Fund, the Settlement Administrator shall provide to Class Counsel an affidavit attesting to the Court that the distributions provided for by this Agreement have all been timely made, and shall serve a copy thereof on Defense Counsel.

      7.13.   <u>No Liability of M&T Bank or Defense Counsel</u>.  M&T Bank and Defense Counsel have no responsibility for, interest in, control over, or liability whatsoever with respect to:  (i) the management, investment, allocation, or distribution of the Settlement Fund; (ii) the administration of the Settlement and the Fund, the processing of claims and opt out letters, the allowance or disallowance of claims by Class Members, the calculation or payment of Counsel Fees, Settlement Administration Costs, Incentive Awards, settlement payments to Class Members, or payments to *Cy Pres* Recipients; (iii) the calculation, withholding, or payment of any taxes, penalties, interest, charges, or fees related to the Settlement Fund or its distributions; or, (iv) any Claims by Plaintiff, the Class Members, Class Counsel, the Settlement Administrator, or anyone else with respect to any of the foregoing, since it is agreed that the deposit as described in § 7.02 shall fully discharge M&T Bank's obligation to Plaintiffs, Class Members, Class Counsel and expenses of administration with respect to the disposition of the Settlement Amount.

**8.**     <u>**ADDITIONAL CLASS RELIEF**</u>

      8.01.   <u>Compromise of Disputed Deficiency Balances</u>.

      (a)   As a result of this litigation, there is a bona fide dispute as to the validity (including amount claimed) of the Disputed Deficiency Balances whereby M&T Bank claims that the

debt is owed and in an amount certain and Plaintiffs claim that the debt, in full, is not owed, in any amount.

(b)     Immediately upon the Effective Date, M&T Bank will cease all collection efforts related to the Disputed Deficiency Balances. No later than (30) business days after the Effective Date, M&T Bank shall permanently compromise the Disputed Deficiency Balances as of the Effective Date, excluding any Class Members whose requests for exclusion were approved by the Court in the Final Approval Order.

(c)     M&T Bank does not compromise the outstanding balances for those Class Members who reinstated their Auto Loan Accounts and/or had their vehicles returned to them following repossession (and whose vehicles were not subsequently repossessed and sold again prior to the Effective Date) nor does M&T Bank waive any deficiency balances that may result from the repossession and/or disposition of any Class Member's vehicle after the Effective Date.

(d)     As part of the discovery process in this matter, M&T Bank produced a sample of approximately 580 Auto Loan Accounts ("Sample Class Members") which the Court held to be a fair representative index of the putative class. While the exact size and contours of the putative Class is yet to be determined as of the date of the execution of this Settlement Agreement (as the Class Period extends through the Preliminary Approval Date), according to Class Counsel's analysis, which M&T Bank's counsel does not dispute, the Disputed Deficiency Balance Exclusions vis-à-vis the representative sample reflect as follows: (1) M&T Bank did not sell any of the Sample Class Members' Auto Loans to any third parties; (2) approximately .17% of the Sample Class Members (or one Sample Class Member) had their deficiency balance reduced to judgment; (3) approximately 5% of the Sample Class Members settled their deficiency balance with M&T Bank; and, (4) approximately 15% of the Sample Class Members either reinstated their Auto Loan Account or redeemed their repossessed vehicle (and therefore do not have a deficiency balance).

34

8.02.   Tax Treatment of Relief.

(a)   The Settlement Administrator shall be responsible for carrying out the tax related provisions set forth in § 7.01.

(b)   The parties acknowledge that M&T Bank may have certain obligations under the IRS and related regulations.  M&T Bank shall determine whether IRS Form 1099C or similar is necessary in connection with the full compromise of any Disputed Deficiency Balance as it would in the ordinary course of business and may send a 1099C to any Class Member regardless of Plaintiffs and Class Counsel's contention noted in section 8.02(d) below.  Similarly, Plaintiffs and Class Counsel's contention that the Compromise of the Disputed Deficiency Balances constitutes an Accord and Satisfaction is not a precondition of this settlement.

(c)   The Parties and their Counsel have provided no tax advice with respect to the terms of this Settlement.  In all events, M&T Bank shall have no liability or responsibility for any taxes, penalties, interest or any other charges related to taxes.

(d)   In the event that M&T Bank sends a 1099C to any Class Member for the compromise of a Disputed Deficiency Balance, Plaintiffs and Class Counsel contend that the IRS may claim that such happening constitutes a taxable event. *See Zarin v. Commissioner of Internal Revenue*, 916 F.2d 110 (3d Cir. 1990).  Plaintiffs' and Class Counsel's contention will not impact the approval of this settlement.  Regardless of Plaintiffs' and Class Counsel's contention, all other terms of this Agreement shall be unaffected and shall remain in full force and effect.

8.03.   Requests for Deletion of Trade Lines.

(a)   No later than thirty (30) business days after the Effective Date, M&T Bank will, to the extent permitted by law, submit a request to the Credit Reporting Agencies for the deletion of the entire trade lines associated with the Auto Loans for all Class Members (except those who redeemed their vehicle and/or reinstated their account and whose vehicle was not subsequently

35

repossessed and sold again prior to the Effective Date) who did not request exclusion from the Class. If, after a reasonable period of time, one or more of the Credit Reporting Agencies fail(s) to delete the trade line, Class Counsel may request in writing that M&T Bank resubmit the request for deletion of the trade line.  If such a written request is received, and to the extent permitted by law, M&T Bank will make a second request to have it deleted within thirty (30) days of receiving such written request. If, after two (2) affirmative requests by M&T Bank to the Credit Reporting Agencies to delete the trade line, the trade line is still not removed and the Class Member disputes the trade line with one or more of the Credit Reporting Agencies, then in such an instance M&T Bank agrees to respond to such dispute by stating that, in connection with this settlement, M&T Bank agreed to request (and would then request again) that the trade line of the Class Member be deleted in its entirety.  Nothing herein is intended to, or shall be construed to, prevent M&T Bank from taking steps to effectuate the requests for deletion of the trade lines between the date of the Court's entry of the Final Approval Order and the Effective Date.

    (b)  The Parties acknowledge and agree that:  (i) the Credit Reporting Agencies are independent entities that are not affiliated with M&T Bank; (ii) M&T Bank cannot and does not control whether, when, or how the Credit Reporting Agencies will act upon the requests for deletion of the Class Members' trade lines; (iii) M&T Bank is not responsible for ensuring or compelling the Credit Reporting Agencies' action in response to the requests for deletion of the Class Members' trade lines; and (iv) M&T Bank shall not be liable to any Plaintiff or Class Member for the failure of a Credit Reporting Agency to delete the Plaintiff's or Class Member's trade line and that no cause of action can or will be stated against M&T Bank, including any for breach of this Settlement as a result. The Parties further acknowledge and agree that M&T Bank shall not be liable to any Plaintiff or Class Member under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the Fair Credit Extension

Uniformity Act, 73 Pa. C.S. § 2270.1 *et seq.*, or any similar law for any action taken pursuant to this Settlement Agreement.

       8.04.   <u>Reimbursement of Post-Approval Payments</u>.  M&T Bank shall return any Post-Approval Payments made on or after the Effective Date.  M&T Bank shall also provide a copy of the transmittal letter to Class Counsel within thirty (30) business days of receipt of a Post-Approval Payment for any Post-Approval Payment received within 180 days of the Effective Date.

## 9.    **RELEASES**

       9.01.   <u>Release by Class Releasors</u>.  Subject to Final Approval, on the Effective Date, the Class Releasors, by operation of this Agreement, do and shall forever release, remise, waive, acquit, and discharge the M&T Bank Releasees from, and covenant not to sue the M&T Bank Releasees in connection with, any and all Claims the Class Releasors ever had or now have against the M&T Bank Releasees and, without further action by any person, shall be deemed (a) to have consented to the dismissal with prejudice of any and all Claims; (b) to have released and forever discharged any and all Claims; and (c) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state, federal or foreign court or regulatory agency, any Claim.   This excludes only claims that arise after the Preliminary Approval Date (or, in the case of subsection 4, the Effective Date) and relate to: (1) a deficiency balance that M&T Bank has reduced to judgment prior to the Preliminary Approval Date; (2) a deficiency balance that M&T Bank has settled with the Class Member prior to the Preliminary Approval Date; (3) a deficiency balance on an Auto Loan Account that has been sold to a third party and not repurchased prior to the Preliminary Approval Date; and (4) the balance remaining on an Auto Loan Account that has been reinstated with M&T Bank, and was not subsequently repossessed and sold prior to the Effective Date. Any and all surviving claims

must relate directly to the deficiency balance or remaining balance after the Preliminary Approval Date (or, in the case of subsection 4, the Effective Date).  Any and all claims arising out of or in any way relating to M&T Bank's repossession related practices, including the sending of Notice of Repossessions and Post-Sale Notices at any time during the Class Period, are waived in their entirety by all Class Members.

9.02.    Release by M&T Bank Releasors.  Subject to Final Approval, on the Effective Date, the M&T Bank Releasors, by operation of this Agreement, do and shall forever release, remise, waive, acquit, and discharge the Class Releasees from, and covenant not to sue the Class Releasees in connection with, any and all claims the M&T Bank Releasors ever had or now have against the Class Releasees arising out of or in any way relating to the Action, the Auto Loans and Auto Loan Accounts that are the subject of this Settlement, the Notice of Repossession and Post-Sale Notices sent by M&T Bank during the Class Period, and the Disputed Deficiency Balances.  This excludes only claims that arise after the Preliminary Approval  Date (or, in the case of subsection 4, the Effective Date) and relate to: (1) a deficiency balance that M&T Bank has reduced to judgment; (2) a deficiency balance that M&T Bank has settled with the Class Member prior to the Preliminary Approval Date; (3) a deficiency balance on an Auto Loan Account that has been sold to a third party and not repurchased prior to the Preliminary Approval Date; and (4) the balance remaining as of the Effective Date on an Auto Loan Account that has been reinstated with M&T Bank, and was not subsequently repossessed and sold prior to the Effective Date. Any and all surviving claims must relate directly to the deficiency balance or remaining balance after the Preliminary Approval Date (or, in the case of subsection 4, the Effective Date). This Settlement Agreement is not intended to affect any other loans between M&T Bank and the Class Members such as, by way of example only, a mortgage of a home, nor is it intended to affect M&T Bank's continued management, collection, and/or enforcement of

those Auto Loan Accounts that have been reinstated by Class Members (and were not subsequently repossessed and sold prior to the Effective Date).

10.   **NO ADMISSION OF LIABILITY**

10.01.   No Admission of Liability by M&T Bank Releasors.  M&T Bank denies all of the claims as to liability, damages, restitution and all other forms of relief including the individual and class action allegations asserted in this Action.  Neither the Settlement, nor this Agreement, nor any of the Parties' settlement discussions, shall be construed as an admission or concession of any legal violations, any legal requirement, or any failure to comply with any applicable law by M&T Bank as to any liability to Plaintiffs or the Class Members.

10.02.   No Admission of Liability by Class Releasors. Plaintiffs and Class Members dispute the existence, amount, and validity of any Disputed Deficiency Balances.  Neither the Settlement, nor this Agreement, nor any of the Parties' settlement discussions, shall be construed as an admission or concession of any legal violations, any legal requirement, or any failure to comply with any applicable law by Plaintiffs or any Class Members as to the existence, amount, or validity of any Disputed Deficiency Balance or as to any liability to M&T Bank.

10.03.   Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and any evidence of the Settlement or the Parties' settlement discussions, shall not be offered or received as evidence in any action, proceeding, or suit to establish any liability or admission by any Party.

10.04.   The Parties expressly agree and represent that, in the event the Court does not enter the Preliminary Approval Order or the Final Approval Order, the Final Approval Order is vacated as the result of any appeal preventing the Agreement from becoming final and effective, or this Agreement is terminated in accordance with § 11.01, no Party will use or attempt to use any conduct or statement of any other Party in connection with this Agreement or any effort to

seek approval of the Agreement to affect or prejudice any other Party's rights in any ensuing litigation.

10.05.    M&T Bank has agreed to resolve the Action through this Agreement, but in the event that the Court does not enter the Preliminary Approval Order or the Final Approval Order, the Final Approval Order is vacated, in whole or in part, as the result of any appeal, preventing the Agreement from becoming final and effective, or this Agreement is terminated in accordance with § 11.01, M&T Bank does not waive, but rather expressly reserves, all rights, claims, and defenses, including the Released Claims. To the extent this Agreement is deemed void or Final Approval does not occur, M&T Bank reserves the right to defend against Plaintiffs' claims in the Action on any available legal, factual, or procedural grounds, including without limitation on the grounds that Plaintiffs do not satisfy the requirements for class certification.

10.06.    Plaintiffs have agreed to resolve the Action on their own behalf and on behalf of the Class Members through this Agreement, but in the event the Court does not enter the Preliminary Approval Order or the Final Approval Order, the Final Approval Order is vacated as the result of any appeal, preventing the Agreement from becoming final and effective, or this Agreement is terminated in accordance with § 11.01,  Plaintiffs, on their own behalf and on behalf of the Class Members, do not waive, but rather expressly reserve, all rights, claims, and defenses including the Released Claims. To the extent this Agreement is deemed void or Final Approval does not occur, Plaintiffs reserves their rights to pursue their claims in the Action on any available legal, factual, or procedural grounds.

**11.    TERMINATION OF THIS AGREEMENT**

11.01.    Excessive Requests for Exclusions. M&T Bank has the right to void the Settlement and this Agreement, in its sole and absolute discretion, if at least five percent (5%) of Class Members to whom Notice is mailed opt out of the Settlement.  M&T Bank must so

40

notify Class Counsel within fourteen (14) days after the Settlement Administrator provides to Defense Counsel the list of the Class Members who requested exclusions from the Classes as set forth in this Agreement.

11.02.   Exclusion Solicitation.   Neither Plaintiffs, Class Members, Class Counsel, M&T Bank, nor Defense Counsel shall directly or indirectly solicit or encourage any Class Member to request exclusion, or take any action which would or might have the effect of inducing or encouraging any person included in the Class to seek exclusion from the Class. This paragraph, however, is not intended to impair Class Counsel's duty to inform Class Members of their legal rights.

11.03.   Effect of Termination.   In the event that this Agreement terminates without Final Approval, the Final Approval Order is vacated as the result of any appeal, preventing the Agreement from becoming final and effective, or this Agreement is terminated in accordance with § 11.01, the Action will revert to its status as it existed immediately prior to the execution of this Agreement, and the Settlement Fund (including any accrued interest) will be returned to M&T Bank within fourteen (14) days, except for fifty percent (50%) of any monies paid to the Settlement Administrator for actual costs that have already been incurred by the Settlement Administrator for Settlement Administration Costs, not to exceed a total of fifty thousand dollars ($50,000). Plaintiffs will be responsible for the remaining 50% of any monies paid.

## 12.   MISCELLANEOUS PROVISIONS

12.01.   Dismissal of the Action.   Subject to Final Approval, within seven (7) days after the Effective Date, Plaintiffs shall file with the Court a Stipulation dismissing the Action with prejudice.

12.02.   Confidentiality.   The Parties, Class Counsel, and Defense Counsel agree:

41

(a)     That the Class Members' personally-identifiable information and personal financial information, including their Social Security Numbers and the details relating to their Auto Loan Accounts, are governed by the operative Protective Order and shall remain strictly confidential and shall not be disclosed to anyone other than M&T Bank, the individual Class Member whose personally-identifiable information it is, Class Counsel, Defense Counsel, and the Settlement Administrator, as necessary to administer the Settlement (which includes, but is not limited to, the provision of any notice to any state and federal officials as to the pendency of the Settlement as required by the Class Action Fairness Act (28 U.S.C. § 1715)).

12.03.   <u>Right to Cure</u>.  The Parties, Class Counsel, and Defense Counsel agree to reasonably cooperate to comply with the terms of this Agreement.  If any Party fails to comply with a term or condition of this Agreement, the Party shall have the right to cure such non-compliance within fourteen (14) days after receiving written notice by the other Party.  No Party shall commence legal action or seek intervention by the court with respect to another Party's failure to comply with the terms or condition of this Agreement without first providing written notice and an opportunity for the other party to cure the non-compliance(s).

12.04.   <u>Notices</u>.  Any notices or requests required to be sent under this Agreement shall be sent via hand delivery, overnight delivery (by Federal Express or United Parcel Service), email, or a facsimile, as follows:

(a)     <u>If to Plaintiff or Class Counsel</u>:

Richard E. Shenkan
Shenkan Injury Lawyers, LLC.
6550 Lakeshore Street
West Bloomfield, MI  48323
rshenkan@shenkanlaw.com
Fax: (888) 769-1774

(b)     If to M&T Bank or Defense Counsel:

PARKER IBRAHIM & BERG LLP
James P. Berg, Esq.
Scott W. Parker, Esq.
Fred W. Hoensch, Esq.
Marissa Edwards, Esq.
1635 Market Street, 11th Floor
Philadelphia, PA 19103
Fax: (267) 908-9888
james.berg@piblaw.com
scott.parker@piblaw.com
fred.hoensch@piblaw.com
marissa.edwards@piblaw.com

12.05.    Governing Law and Enforcement.  This Agreement shall be governed by the laws of the Commonwealth of Pennsylvania without regard to any conflict of laws rules which may apply. This Agreement shall be enforced by the U.S. District Court for the Eastern District of Pennsylvania.  The Parties waive any objection that any such party may have or hereafter may have to the venue of such suit, action, or proceeding.

12.06.    Entire Agreement.  The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend that this Agreement, including any exhibits attached hereto, constitutes the complete and exclusive statement of these terms as between them and that no extrinsic evidence whatsoever may be introduced in any judicial proceeding, if any, involving this Agreement.

12.07.    Cooperation.  The Parties, Class Counsel, and Defense Counsel shall cooperate with each other and the Settlement Administrator as reasonably necessary to effectuate the Settlement.

12.08.    Parties to Use Best Efforts to Effectuate Settlement.  The Parties, Class Counsel, and Defense Counsel shall use their best efforts to cause the Court to grant Preliminary

Approval to this Agreement as promptly as practicable, to take all steps contemplated by this Agreement, to effectuate the Settlement on the stated terms and conditions and to obtain final approval of this Agreement

12.09.   Headings.   The headings and sub-headings in this Agreement are for the purpose of convenience only and are not to have any legal effect.

12.10.   Modification in Writing Only.   This Agreement may be altered, amended, modified or waived, in whole or in part, only in a writing signed by the Parties and counsel for the Parties.  This Agreement may not be orally amended, altered, modified or waived, in whole or in part.

12.11.   No *Contra Proferentem*.  The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto.  Accordingly, this Agreement will be considered neutral and no ambiguity will be construed in favor or against any of the Parties.

12.12.   Successors.   This Agreement shall be binding upon, and inure to the benefit of, the respective heirs, successors and assigns of the Parties hereto.

12.13.   Execution.   The Parties may execute this Agreement in counterparts, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.  This Agreement may be executed by facsimile signature, and a facsimile signature will have the same legal effect as an original signature.

12.14.   Waiver.   The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

12.15.   Limited Retention of Jurisdiction.   After the Effective Date, the Court shall only retain jurisdiction to address any issues associated with the distribution(s) to any *Cy Pres* recipients.  In any action or proceeding to enforce the terms of this Agreement or the Final

Approval Order and final judgment, the prevailing party shall be entitled to any award of reasonable attorneys' fees, costs and expenses.

12.16.   CAFA Notice.  M&T Bank shall assure that timely notice is provided to any state and federal officials of the pendency of the Settlement as required by the Class Action Fairness Act (28 U.S.C. § 1715).

IN WITNESS WHEREOF, the Parties and their Counsel, being duly authorized, have caused this Agreement to be executed on the dates shown below.

_____
Edward Flynn

Date:  8-05-22

_____
Gene Daisey

Date:  _____

_____
Douglas Abbott

Date:  _____

_____
Percy Chapman

Date:  _____

_____
Janene Chapman

Date:  _____

45

Approval Order and final judgment, the prevailing party shall be entitled to any award of reasonable attorneys' fees, costs and expenses.

    12.16   CAFA Notice. M&T Bank shall assure that timely notice is provided to any state and federal officials of the pendency of the Settlement as required by the Class Action Fairness Act (28 U.S.C. § 1715).

    IN WITNESS WHEREOF, the Parties and their Counsel, being duly authorized, have caused this Agreement to be executed on the dates shown below.

Edward Flynn
_____

Date: _____

Gene Daisey
_____

Date: ___ 8 / 5 / 2 2 ___

Douglas Abbott
_____

Date: _____

Percy Chapman
_____

Date: _____

Janene Chapman
_____

Date: _____

45

Approval Order and final judgment, the prevailing party shall be entitled to any award of reasonable attorneys' fees, costs and expenses.

     12.16.   <u>CAFA Notice</u>.  M&T Bank shall assure that timely notice is provided to any state and federal officials of the pendency of the Settlement as required by the Class Action Fairness Act (28 U.S.C. § 1715).

     IN WITNESS WHEREOF, the Parties and their Counsel, being duly authorized, have caused this Agreement to be executed on the dates shown below.

 

Edward Flynn

Date: _____

 

Gene Daisey

Date: _____

 

Douglas Abbott

Date: _08/05/2022_____

 

Percy Chapman

Date: _____

 

Janene Chapman

Date: _____

45

Approval Order and final judgment, the prevailing party shall be entitled to any award of reasonable attorneys' fees, costs and expenses.

     12.16.   <u>CAFA Notice</u>.  M&T Bank shall assure that timely notice is provided to any state and federal officials of the pendency of the Settlement as required by the Class Action Fairness Act (28 U.S.C. § 1715).

     IN WITNESS WHEREOF, the Parties and their Counsel, being duly authorized, have caused this Agreement to be executed on the dates shown below.

 

 

_____
Edward Flynn

Date: _____

 

_____
Gene Daisey

Date: _____

 

_____
Douglas Abbott

Date: _____

 

_____
Percy Chapman

Date: _____

 

_____
Janene Chapman

Date: _____

45

_____
SHENKAN INJURY LAWYERS, LLC
(Class Counsel)
By:  Richard E. Shenkan, Esq.

Date: _____8/5/22_____


M&T Bank

By:       _____

Its:      _____

Date:     _____


_____
PARKER IBRAHIM & BERG LLP
(Defense Counsel)
By:  James P. Berg, Esq.


Date:     _____


46

SHENKAN INJURY LAWYERS, LLC
(Class Counsel)
By:  Richard E. Shenkan, Esq.

Date:  _____

M&T Bank
By:  _Michael  P. Ryan_____
Its:  _Senior Vice President___
Date:  _8/5/22._____

PARKER IBRAHIM & BERG LLP
(Defense Counsel)
By:  James P. Berg, Esq.

Date:  _8/5/22_____

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*RE:  Case No. 2:17-cv-04806-WB; Edward R. Flynn, et. al., individually and on behalf of all
others similarly situated v. Manufacturers and Traders Trust Company a/k/a M&T Bank*

***A Court has authorized this Notice. This is not a solicitation from a lawyer. You are
receiving this Notice because you may be a class member for purposes of a proposed
Settlement. Your rights may be affected whether or not you act in response to this
Notice. Please read this Notice carefully***

### WHY HAVE YOU BEEN SENT THIS NOTICE

The parties have reached a proposed settlement (the "Settlement") in the above referenced matter.
This Settlement, if approved by the Court, will resolve a class action lawsuit against Manufacturers
and Traders Trust Company, also known as M&T Bank ("M&T Bank"), over whether M&T Bank
complied with the Pennsylvania Uniform Commercial Code (UCC), independently, and in
conjunction with the Pennsylvania Motor Vehicle Sales Finance Act (MVSFA) relating to notices
that must be sent to car loan borrowers after their vehicle was repossessed ("Post-Repossession
Consumer Disclosure Notices") and after the repossessed vehicle was sold ("Post-Sale Notices").
The relevant time period for the Settlement is from September 22, 2011 through the Preliminary
Approval Date (the date the Judge entered a Preliminary Approval Order), inclusive. According to
M&T Bank's records, you are a member of the Class.

The class action lawsuit, *Edward R. Flynn, et. al., individually and on behalf of all others similarly
situated v. Manufacturers and Traders Trust Company a/k/a M&T Bank*, Case No. 2:17-cv-04806-
WB (the "Lawsuit"), is pending before the Honorable Wendy Beetlestone in the United States
District Court for the Eastern District of Pennsylvania. M&T Bank denies and disputes the claims
asserted in the Lawsuit. The parties disagree about whether any money (and if so, how much)
could have been awarded to you if the Plaintiffs were to prevail at trial.  The Settlement avoids the
costs and risks to the parties associated with proceeding with the Lawsuit.

Under the Settlement, M&T Bank will provide a gross settlement payment of $7.0 million to a
Settlement Fund to be used to pay (i) a settlement payment to Class Members, (ii) administrative
costs, (iii) class counsel's legal fees and costs, and (iv) an incentive payment to the representative
Plaintiffs and one former representative Plaintiff.

M&T Bank will also compromise the Disputed Deficiency Balances[1] that it claims are presently
owed on the Class Members' Auto Loans (subject to the exclusions below).  As of July 18, 2022,
the total amount of the deficiency balances of all Class Members (excluding only the loan balances
for those Class Members whose vehicles have not been sold as of July 18, 2022) is $42,228,253.43.
M&T Bank will also request that the credit reporting agencies Experian, TransUnion, and Equifax
delete the credit reporting trade lines associated with the Class Members' Auto Loans with M&T

---

[1] The Capitalized Terms refer to terminology that is defined in the Settlement Agreement.

Bank (except those Class Members who redeemed their vehicle and/or reinstated their account after repossession and whose vehicle was not subsequently repossessed and sold again prior to the Effective Date.) In exchange, M&T Bank and each Class Member will release each other from liability (or potential liability), in connection with the Class Member's Auto Loan, as more fully set forth in the Settlement Agreement. The Settlement Agreement can be reviewed at [website address], by reviewing the pleadings at _____, or by requesting a copy from Class Counsel Richard Shenkan and Shenkan Injury Lawyers, LLC (contact information below).

## SUMMARY OF SETTLEMENT
## <u>BENEFITS AND YOUR OPTIONS</u>

The Settlement will provide several benefits to the Class Members.

### *Settlement Payments*

All Class Members will receive a net settlement payment in an equal proportionate share according to the number of unique accounts after payment of attorney fees, incentive awards, reimbursement of expenses, and payment of administrative fees. Settlement payments on accounts with more than one borrower will be split evenly among the coborrowers, unless requested otherwise as set forth below.

### *Compromise of Disputed Deficiency Balances*

The balance remaining on an Auto Loan after the financed vehicle is repossessed and sold by a bank or financing company is called a "deficiency balance." The parties are in a good faith dispute as to the validity of this debt. In connection with the Settlement Agreement, M&T Bank has agreed to compromise the Disputed Deficiency Balances it claims are presently due and owing by the Class Members relating to their subject Auto Loans. Because of this, if you do not exclude yourself from the Class and the settlement is granted final approval, any payments you make afterwards towards the Disputed Deficiency Balance will be returned by M&T Bank.

### *IMPORTANT INFORMATION REGARDING YOUR AUTO LOAN DEBT*

Your deficiency balance is not a "Disputed Deficiency Balance" under the Settlement Agreement and will **not** be compromised if:

1- After your vehicle was sold, your deficiency balance was reduced to judgment as of the Preliminary Approval Date as a result of a lawsuit filed against you by M&T Bank or its agents;

2- After your vehicle was sold, you entered into an agreement with M&T Bank as of the Preliminary Approval Date to settle your deficiency balance; and/or

3- Your Auto Loan Account was sold to a third party prior to the Preliminary Approval Date.

Additionally, a "deficiency balance" only arises after a vehicle has been sold. As such, if you got your vehicle back after it was repossessed (*i.e.*, if you redeemed your vehicle or reinstated your account with M&T Bank) and your vehicle was not subsequently repossessed and sold prior to the Effective Date, you do not have a "deficiency balance" and your loan balance will not be compromised as a result of this Settlement.  Any balance remaining on your Auto Loan Account will continue to be due and owing to M&T Bank.

---

***Will I Receive a Compromise of My Deficiency Balance?***

**If you are unsure whether any of these exclusions apply to you, kindly contact the Settlement Administrator or Class Counsel immediately.  Your failure to obtain this information in a timely fashion may impair your ability to make an informed decision as to the impact of this Settlement on your legal rights.**

---

### *Request to Delete Credit Reporting*

M&T Bank has agreed to submit requests to the three major credit reporting agencies – Experian, Equifax, and TransUnion – to delete the credit reporting related to all Class Members' Auto Loans except for those Class Members who redeemed their vehicle and/or reinstated their account and whose vehicle was not subsequently repossessed again and sold prior to the Effective Date.

### *Your Options*

At this time, you are assumed to be a Class Member who is participating in the Settlement. Therefore, your rights will be affected even if you do nothing. Please read this Notice carefully. The following is a general summary of the actions you can take and the results of those actions. If you want to have a detailed discussion regarding your specific situation or have other questions or concerns, you may contact Class Counsel at [toll-free number].

| <u>YOUR ACTION</u> | <u>RESULT OF THAT ACTION</u> |
|---|---|
| **DO NOTHING** | You remain in the Settlement. If the Settlement is approved, you **will receive the benefits** summarized above **unless you fall into one of the exclusions listed above**. In exchange, you give up the right to sue M&T Bank for matters concerning your Auto Loan and the repossession and sale of your vehicle as set forth in the Settlement Agreement. |

| **ASK TO BE EXCLUDED** | You are removed from the Settlement. You will not receive the benefits summarized above. However, this is the only option that allows you to pursue your own lawsuit or to participate in any other lawsuit against M&T Bank concerning your Auto Loan or the repossession and sale of your vehicle. The deadline for you to submit your signed request to be excluded is **[DATE]**, forty (40) days after the date of this Notice, so you must act promptly. |
|---|---|
| **OBJECT TO SETTLEMENT** | If you object to the Settlement, you are still in the Settlement, but you have notified the Court in writing that you don't like the Settlement and the reason for your objection. The deadline for you to submit a signed objection is **[DATE]**, forty (40) days after the date of this Notice, so you must act promptly. See Paragraph 23 below. |
| **OBJECT TO ALLOCATION OF SETTLEMENT PAYMENTS (CO-BORROWERS ONLY)** | If you are a co-borrower you may also object to the equal allocation between co-borrowers on an Auto Loan of the settlement payment. This is not the same as objecting to the Settlement and you will still be a part of the Settlement. The deadline for you to submit an objection to the equal payment allocation is **[DATE]**, forty (40) days after the date of this Notice, so you must act promptly. See Paragraph 24 below. |
| **GO TO THE HEARING WHERE THE COURT CONSIDERS WHETHER TO APPROVE THE SETTLEMENT** | You are still in the Settlement and get the benefits of the Settlement, if approved by the Court. You do not need to attend the hearing to get the benefits of the Settlement, but you are invited to attend and will be afforded an opportunity to speak in Court about the fairness of the Settlement (should you choose to do so) or, if applicable, why any belatedly submitted objection or request for exclusion should be considered. If you object to the settlement, you need to state in your objection your intention to appear at the fairness hearing. See Paragraph 24 below. |

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION

1.    Why is there a Notice?.................................................................................................................

2.    What is this Lawsuit About?.......................................................................................................

3.    Why is this a Class Action?........................................................................................................

4.    Why is there a Settlement?

......................................................................................

WHO IS IN THE SETTLEMENT?

5.   How do I know if I am part of the
     Settlement?........................................................................

6.   What if I am not sure whether I am included in the
     Settlement?....................................................

THE SETTLEMENT BENEFITS

7.   What does the Settlement
     provide?.....................................................................................

8.   What is the Settlement payment? ......................................

9.   What is the benefit of the compromise regarding the contested liability of the disputed
     deficiency balances? ..........................

10.  What is the credit reporting benefit? ..........................................

11.  When will I receive my benefits? ............................................

12.  What am I giving up and what claims might I still have to pursue if I remain in the
     Settlement? .....

13.  Will this affect my taxes? ................................................

14.  What happens if this notice is addressed to a class member that has passed
     away?...................

15.  What happens if this debt was discharged in or is presently included in a bankruptcy?
     ..............

16.  What happens if I voluntarily surrendered my vehicle, redeemed my vehicle, or reinstated
     my account? .....................................................

HOW TO GET BENEFITS

17.  Do I need to do anything to get the settlement payment, credit reporting benefit or to have
     my alleged but disputed deficiency balance compromised?................................................

EXCLUDING YOURSELF FROM THE SETTLEMENT

18.  How do I exclude myself from the Settlement? ...........................................................

19.  If I do not exclude myself, can I sue M&T Bank for the same thing
     later?.........................................

20.  If I exclude myself, can I still benefit from this
     Settlement?..............................................................

THE LAWYERS REPRESENTING YOU

21.  Do I have a lawyer in the case? ...................................................

22. How will the lawyers be paid?.............................................................................................

OBJECTING TO THE SETTLEMENT, REQUESTING EXCLUSION, OR OBJECTING TO THE EQUAL DISTRIBUTION OF THE SETTLEMENT PAYMENT FOR CO-BORROWERS

23. How do I tell the Court if I do not like the Settlement?....................................................

24. If I am a co-borrower, can I object to the equal division of the settlement payment as between both co borrowers?......................

25. What is the difference between objecting and asking to be excluded?...........................................

THE COURT'S FAIRNESS HEARING

26. When, where, and how will the Court decide whether to approve the Settlement?............................

27. Do I have to attend the fairness hearing?...................................................................................

28. May I speak at the hearing?............................................................................................

GETTING MORE INFORMATION

29. How do I get more information?...................................................................................

**BASIC INFORMATION**

**1. Why is there a Notice?**

A Court has authorized this Notice because you have a right to know about the proposed Settlement of the Lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. This Notice explains the Lawsuit, the key terms of the proposed Settlement in summary fashion, and your legal rights. If the Court approves the Settlement, after any appeals are resolved, the Settlement Administrator will make the payments and M&T Bank will provide the relief as described in the Settlement.

**2. What is this Lawsuit About?**

The individuals who sued M&T Bank (the "Plaintiffs") have claimed that M&T Bank violated the Pennsylvania Uniform Commercial Code (UCC) and the Pennsylvania Motor Vehicle Sales Finance Act (MVSFA) by failing to send its borrowers proper notices after repossession of a financed vehicle. Plaintiffs, on their own behalf and on behalf of the Class Members, seek to recover statutory damages and certain declaratory, injunctive, and equitable relief, including the compromise of Disputed Deficiency Balances on the Class Members' Auto Loan accounts which M&T Bank contends is presently due and owing, the expungement of all references to the loan and repossession on Class Members' credit reports, the return of monies paid towards the Disputed

Deficiency Balances, and the cessation of collection efforts for all Class Members relating to their Auto Loans. M&T Bank, on the other hand, contends that the notices it sent to Plaintiffs and the Class Members complied in all respects with its statutory obligations and denies all liability. M&T Bank further contends that it is entitled to pursue collection of the Disputed Deficiency Balances and asserts other defenses, including setoff of any amounts claimed due after repossession. These issues have not yet been decided by the Court, and, if this Settlement is approved, these issues will not be resolved on the merits. The settlement of these claims will not differentiate as to whether or not the Bank sent (or failed to send) a Notice of Repossession and/or Post-Sale Notice or the respective strengths, weaknesses, or amounts of each respective claim. Instead, all Class Members, on a per auto loan basis, will be accorded the same pro rata amount after attorney fees, reimbursement of expenses, payment of incentive awards, and administrative costs are made.

### 3. Why is this a Class Action?

In a class action, one or more people called "representative plaintiffs" sue on behalf of themselves and other people with similar claims. All of these people together are the "class" or "class members." In this Lawsuit, the Plaintiffs, Edward Flynn, Gene Daisey, Douglas Abbott, Percy Chapman, and Janene Chapman, are the Representative Plaintiffs. If this Settlement is approved, the Settlement will resolve the claims of all of the Class Members except for those individuals who exclude themselves from the class or pursue a claim that is expressly preserved by the Settlement Agreement. For purposes of this Settlement, you are a Class Member.

### 4. Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or the Defendant M&T Bank. Instead, both sides have agreed to a Settlement. By agreeing to this Settlement, both sides avoid the cost and risk of a trial, and the individuals affected may decide whether to participate in the Settlement. Class Counsel recommends the Settlement. Without a settlement, there would continue to be a dispute concerning class certification and disputes concerning liability and damages that would need to be determined at trial. A trial could result in a greater benefit to Class Members, a smaller benefit to Class Members, or no benefit to Class Members, and potentially could result in Class Members being held liable for the Disputed Deficiency Balances which, though disputed, M&T Bank claims are owed. This Settlement provides very substantial benefits, including monetary settlement payments, the compromise of all Disputed Deficiency Balances (as that term is defined in the Settlement Agreement), and requests to the credit reporting agencies to delete the Class Members' trade lines related to their auto loans with M&T Bank (except for the trade lines of those Class Members whose vehicle was redeemed and/or reinstated after it was repossessed and whose vehicle was not subsequently repossessed and sold before the Effective Date). The Settlement does not mean that M&T Bank did anything wrong.

### WHO IS IN THE SETTLEMENT?

If you received this Notice in the mail, M&T Bank's records indicate you are a Class Member and are included in this Settlement. Even if you did not receive a mailed notice, you may still be a Class Member and included in this Settlement, as described below.

### 5. How do I know if I am part of the Settlement?

You are included in the Settlement if you fall within the definition of "Class Member" in the Settlement Agreement (see below for where this agreement can be reviewed).

**6.  What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are included in the Settlement, you may call Class Counsel at [toll free number], or write Class Counsel at the following address/email address, with questions.

Richard Shenkan
Shenkan Injury Lawyers, LLC.
6550 Lakeshore St. West Bloomfield, MI  48323
rshenkan@shenkanlaw.com
[toll free number]

## THE SETTLEMENT BENEFITS

**7.  What does the Settlement provide?**

If the Settlement is approved and becomes final, it will provide, among other things, the following benefits to Class Members who have not excluded themselves from the Settlement:

- Settlement payments (see Question 8);

- The compromise of the Class Members' Disputed Deficiency Balances (as that term is defined in the Settlement Agreement) (see Question 10); and

- Requests to the credit reporting agencies to delete the credit trade lines associated with the Class Members' Auto Loans with M&T Bank except for the tradelines of those Class Members whose vehicle was redeemed and/or reinstated after it was repossessed and whose vehicle was not subsequently repossessed and sold before the Effective Date (see Question 11).

More details are in the Settlement Agreement, which is available to be reviewed at [website address] or by accessing the record for this lawsuit at _____.

**8.  What is the Settlement payment?**

A cash payment will be sent to each borrower and coborrower who are Class Members and have not excluded themselves.  The settlement payment will be distributed in equal payments to all Class Members, on a pro rata, per auto loan basis, after attorney fees, reimbursement of expenses, payment of incentive awards, and administrative costs.  If there are coborrowers on an account, the payment will be split between the coborrowers, unless requested otherwise.

**9.  What is the benefit of the compromise regarding the contested liability of the Disputed Deficiency Balances?**

If M&T Bank sold your repossessed vehicle and the amount of the sale did not cover the amount that you purportedly owed on the loan, then you may owe M&T Bank a deficiency balance.

Plaintiffs dispute that any deficiency balance is owed by any Class Member. M&T Bank claims that the deficiency balances are owed. As part of the Settlement, M&T Bank agrees to compromise the class members' Disputed Deficiency Balances (as that term is defined in the Settlement Agreement). Compromise of any Disputed Deficiency Balance claimed due in an amount of $600.00 or more may result in the issuance of IRS Form 1099C.

Example: At the time M&T Bank sold Amanda's repossessed vehicle, she owed $10,000 on her loan. M&T Bank incurred $250 to repossess her vehicle and $250 to sell the vehicle. Amanda's vehicle sold for $6,000 at auction. Amanda's deficiency balance would be $4,500.

| [($10,000 + $250 + $250) | - | ($6,000)] | = | $4,500 |
|---|---|---|---|---|
| Total amount owed by Amanda | | Amount from vehicle sale | | Deficiency Balance |

Your deficiency balance is not a "Disputed Deficiency Balance" under the Settlement Agreement and will **not** be compromised if:

1- After your vehicle was sold, your deficiency balance was reduced to judgment as of the Preliminary Approval Date as a result of a lawsuit filed against you by M&T Bank or its agents;

2- After your vehicle was sold, you entered into an agreement with M&T Bank as of the Preliminary Approval Date to settle your deficiency balance; and/or

3- Your Auto Loan Account was sold to a third party prior to the Preliminary Approval Date.

Additionally, a "deficiency balance" only arises after a vehicle has been sold. As such, if you got your vehicle back after it was repossessed (*i.e.*, if you redeemed your vehicle or reinstated your account with M&T) and your vehicle was not subsequently repossessed and sold prior to the Effective Date, you do not have a "deficiency balance" and your loan balance will not be compromised as a result of this Settlement. Any balance remaining on your Auto Loan Account will continue to be due and owing to M&T Bank.

---

***Will I Receive a Compromise of My Deficiency Balance?***
**If you are unsure whether any of these exclusions apply to you, contact the Settlement Administrator or Class Counsel immediately. Your failure to obtain this information in a timely fashion may impair your ability to make an informed decision as to the impact of this Settlement on your legal rights.**

---

**10. What is the credit reporting benefit?**

As part of the Settlement, M&T Bank will ask Experian, Equifax, and TransUnion to delete the credit trade line associated with your Auto Loan with M&T Bank (except for those Class Members who redeemed their vehicle and/or reinstated their account and whose vehicle was not

subsequently repossessed and sold again prior to the Effective Date). It is likely that your credit score will increase as a result of this benefit; however, there is no guarantee as to this positive effect.

### 11. When will I receive my benefits?

Class Members will receive their benefits after the Court grants final approval of the Settlement (see Question 26) and after any appeals are resolved. If there are appeals, resolving them can take time. Please be patient.

### 12. What am I giving up and what claims might I still have to pursue if I remain in the Settlement?

Unless you exclude yourself from the Settlement, you will remain in the Settlement and you will give up your right to sue (or continue a lawsuit against) M&T Bank for alleged defects pertaining to your Auto Loan, including repossession-related matters. The claims which are released are set forth in the Settlement Agreement. The full Settlement Agreement is available at [website address].

### 13. Will this affect my taxes?

**We cannot give you a definitive answer in this Notice**. The compromise of any Disputed Deficiency Balance claimed due in an amount of $600.00 or more may result in the issuance of IRS Form 1099C. You should consult a tax professional to provide you with this answer because all situations are unique. It is most prudent to consult your tax professional about your unique tax situation. ***You are urged to contact a tax professional regarding the benefits of this Settlement for your particular circumstances***.

### 14. What happens if this notice is addressed to a Class Member that has passed away?

If proper documentation of the death of the Class Member is promptly sent to Class Counsel, a check will be issued (or re-issued) to the Class Member's estate or next of kin, or as otherwise may be applicable. If the Class Member is deceased, please send a copy of the death certificate to Class Counsel at the address listed in Question 6 and/or contact Class Counsel at [toll-free number].

### 15. What happens if this debt was discharged in or is presently included in a bankruptcy?

If the loan obligation was discharged in bankruptcy (yours and/or your co-borrower's bankruptcy) or is presently part of a bankruptcy proceeding, then you should consult a bankruptcy attorney regarding this matter. You may have an obligation to notify the bankruptcy trustee regarding the cash payment and other benefits you are expected to receive. The law (13 Pa. C.S. § 9625 footnote 4) permits you to obtain minimum statutory damages regardless of whether or not you suffered an injury. Furthermore, the equitable benefits such as the credit reparation relating to the expungement of the credit tradeline constitute permissible equitable relief pursuant to 13 Pa. C.S. §1103 and §9625(a).

### 16. What happens if I voluntarily surrendered my vehicle, redeemed my vehicle, or reinstated my account?

Because the lawsuit challenges the content of the Post-Repossession Consumer Disclosure Notices and is not based on actual harm you may have suffered, you will still have the right to share in all of the relief as may be applicable to you.

## HOW TO GET BENEFITS

**17.  Do I need to do anything to get the settlement payment, credit reporting benefit or to have my alleged but disputed deficiency balance compromised?**

No. Assuming that the Court approves the Settlement, you do not need to do anything further in order to remain a part of the Settlement and receive your portion of the settlement payment, the credit reporting benefit, and the compromise of the Disputed Deficiency Balance <u>unless you fall into one of the exclusions listed above.</u>

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**IF YOU DO NOT WANT THE CASH PAYMENT AND OTHER BENEFITS FROM THIS SETTLEMENT, AND YOU INSTEAD WANT TO KEEP THE RIGHT TO SUE OR CONTINUE TO SUE M&T BANK ON YOUR OWN ABOUT THE ISSUES IN THIS CASE, THEN YOU MUST TAKE STEPS TO EXCLUDE YOURSELF FROM (OR "OPT OUT" OF) THE SETTLEMENT.**

**18. How do I exclude myself from the Settlement?**

In order to exclude yourself, send a letter that clearly states that you want to be excluded from the Settlement. Be sure to include your full name, current address, email (if available), telephone number, and signature. If your Auto Loan has more than one Borrower, a request for exclusion by any one Borrower will be deemed to be a request for exclusion by all Borrowers of that Auto Loan. You must send a written exclusion request to Class Counsel by e-mail or to the mailing address set forth in Question 6 above. The exclusion request must be postmarked or sent with a transmittal date no later than **[DATE]**, forty (40) days after the date of this Notice.

**19. If I do not exclude myself, can I sue M&T Bank for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue M&T Bank for the claims that this Settlement resolves on your behalf. If you have a pending lawsuit, speak to your lawyer in that case immediately because your legal rights may be adversely affected by this Settlement. You must exclude yourself from this Settlement in order to start or to continue your own lawsuit for the same or similar claims. Your rights may be affected by this Settlement. The full Settlement Agreement is available at [website address].

**20. If I exclude myself, can I still benefit from this Settlement?**

No. If you exclude yourself, you will not receive any money from this lawsuit or Settlement, the compromise of your Disputed Deficiency Balance, or any other benefit in connection with the Settlement.

## THE LAWYERS REPRESENTING YOU

**21. Do I have a lawyer in the case?**

Yes. The Court has approved Richard Shenkan and the law firm of Shenkan Injury Lawyers, LLC. and James Haggerty and the law firm of Haggerty, Goldberg, Schleifer, and Kupersmith, P.C., to represent you and other Class Members. These lawyers and law firms are called "Class Counsel." You will not be charged individually for this legal service; rather, Class Counsel's fees will be paid from the Settlement Fund with the approval of the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. Class Counsel's phone number is [toll-free number]. You can speak with Class Counsel at no charge about this case.

**22. How will the lawyers be paid?**

Class Counsel has asked the Court to award attorneys' fees of $2,800,000 and reimbursement of expenses of up to $_____ respectively. An attorneys' fee in this amount represents less than 25% of the value of the aggregate benefit conferred including the compromise of the Disputed Deficiency Balances. The value of the requests for credit tradeline removal will vary based upon each Class Member; however, these are significant additional benefits. The attorney fees and expenses awarded by the Court, including payment to the Settlement Administrator, will be paid out of the $7 Million Dollar Settlement Fund. Class Counsel will also request incentive awards of no more than $10,000 for each Representative Plaintiffs (and $4,500 for prior Representative Plaintiff Catherine Hosick) for their respective services as class representative for the Class which will also be paid from the Settlement Fund. The Court could decide to award less than the amounts requested for fees, costs, and service payment.

**OBJECTING TO THE SETTLEMENT,
OR OBJECTING TO THE EQUAL DISTRIBUTION OF THE SETTLEMENT
PAYMENT FOR CO-BORROWERS**

**23. How do I tell the Court if I do not like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it. You should state why you object and why you think the Court should not approve the Settlement. The Court will consider your views. To do so, you must timely send a written communication request to Class Counsel by e-mail or to the mailing address set forth in Question 6 above. The objection must be postmarked or sent with a transmittal date no later than **[DATE]**, forty (40) days after the date of this Notice. The letter must include the following:

- A statement that you object to the Settlement;

- Your full name, address, email address (if available), and telephone number;

- The specific reasons why you object to the Settlement;

- Your signature; and,

- A statement whether or not you intend to appear at the fairness hearing.

**24. If I am a co-borrower, can I request an alternate division to the equal division of the settlement payment as between both co-borrowers?**

Yes. To do so, you (and your co-borrower, if they are in agreement) must timely send a written communication request to Class Counsel by e-mail or to the mailing address set forth in Question 6 above. The objection must be postmarked or sent with a transmittal date no later than **[DATE]**, forty (40) days after the date of this Notice. The letter must include the following:

- A statement that you are a co-borrower and that you (and your co-borrower on the account, if they are in agreement) request an alternative to the equal division of the settlement payment;

- A description of how you want the payment to be made and the reason;

- The full name, address, email address (if available), and telephone number of each co-borrower;

- The signature of at least one co-borrower.

**25. What is the difference between objecting and asking to be excluded?**

Objecting to the Settlement is informing the Court that you do not like something about the Settlement, and that you, for a clearly stated reason, do not want the Settlement to be approved or that you object to a particular part of the Settlement. You can object only if you do not exclude yourself from the Settlement. Excluding yourself is informing the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object, because the Settlement no longer affects you.

<u>**THE COURT'S FAIRNESS HEARING**</u>

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to do so. If you object to this settlement, however, you need to include in your objection your intention to appear at this hearing. See, Paragraph 23 above.

**26. When, where, and how will the Court decide whether to approve the Settlement?**

The Court will hold a fairness hearing on **[DATE]** at **[TIME]** in Courtroom **[Number]**, **___**. The hearing may be moved to a different date or time, or be held via videoconference or telephone conference, without additional notice (including a sooner date), so if you intend to attend the hearing, it is a good idea to confirm in advance that the date and time of the hearing has not changed. Additionally, in light of the restrictions necessitated by the COVID-19 pandemic, the Court, in its discretion, may change the mode or manner of the hearing. You may confirm this information by checking **[website address]** or calling **[toll-free number]**. At this fairness hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them and will listen to Class Members who ask to speak at the hearing. The Court may also decide several other aspects of the Settlement including how much to pay the Representative Plaintiffs for their incentive award and Class Counsel for their services and expenses. Following the hearing, the Court will decide whether to approve the Settlement. We do not know how long the Court's decision will take. Please be patient.

**27. Do I have to attend the fairness hearing?**

No. Class Counsel will answer questions the Court may have, but you are welcome to come at your expense. If you file an objection, you do not have to come to Court to talk about it, but you may. As long as you timely filed your written objection the Court will consider it. You may also pay your own lawyer to attend, but it is not required.

### 28. May I speak at the hearing?

Yes. Any Class Member that has not excluded himself/herself from the Settlement may speak at the fairness hearing.

### GETTING MORE INFORMATION

### 29. How do I get more information?

This notice briefly summarizes the key aspects of the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement and other important case documents at [website address]. You may also examine these documents in person during regular office hours at the _____. You may contact Class Counsel with questions at [toll-free number] or rshenkan@shenkanlaw.com or the Settlement Administrator at [toll-free number_____] at [email address]. You should not contact M&T Bank or the Court.

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. FLYNN, GENE DAISEY, DOUGLAS J. ABBOTT, PERCY CHAPMAN, and JANENE CHAPMAN, individually and on behalf of all others similarly situated | ) ) ) ) | CIVIL ACTION CLASS ACTION |
| Plaintiffs, | ) ) | Case No. 2:17-cv-04806-WB |
| v. | ) ) | |
| MANUFACTURERS AND TRADERS TRUST COMPANY a/k/a M&T BANK, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

AND NOW, this_____day of_____, 2022, upon consideration of Plaintiffs' Motion for Preliminary Settlement Approval, Certification of Settlement Classes, and Approval of Class Settlement Notice (the "Motion") and response thereto, it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED as follows:

1. **Summary of Claims.** Plaintiffs[1] commenced this putative class action against Defendant, Manufacturers and Traders Trust Company a/k/a M&T Bank ("M&T Bank"),[2] asserting claims on their own behalf and on behalf of similarly-situated Pennsylvania consumer auto loan borrowers arising from M&T Bank's practices with respect to sending: (i) Post-Repossession Consumer Disclosure Notices[3] informing Pennsylvania consumer borrowers of the

[1] On March 12, 2021, the Court entered an Order dismissing Catherine Hosick as a named Plaintiff (and holding that she would participate as a putative class member) and replacing her with Percy Chapman and Janene Chapman, who were added as named Plaintiffs on this date. (ECF 259).

[2] Plaintiffs Second Amended Complaint (ECF 59) also named M&T Bank Corporation as a Defendant, but this Defendant was voluntarily dismissed without prejudice on June 21, 2018. (ECF 68; ECF 69).

[3] Unless defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the

1

repossession of their motor vehicles and M&T Bank's intention to dispose of the repossessed motor vehicle; and, (ii) Post-Sale Notices to Pennsylvania consumer borrowers explaining the calculation of the claimed post-sale deficiency balances on the borrowers' loans. Plaintiffs allege, *inter alia*, that M&T Bank violated the Pennsylvania Uniform Commercial Code, 13 Pa. C.S. § 9601, *et seq.* (the "UCC"), independently and violated the UCC *in pari materia* with the Pennsylvania Motor Vehicle Sales Finance Act ("the MVSFA"). In addition to seeking statutory damages, Plaintiffs seek the compromise of the Disputed Deficiency Balances that M&T Bank claims are owed following the sales (where applicable) of Plaintiff(s)' and the putative class members' repossessed motor vehicles, the reimbursement of certain amounts paid by the putative class members in respect of the Disputed Deficiency Balances, and the removal of the credit trade lines for Plaintiffs and each putative class member relating to their Auto Loans. M&T Bank, on the other hand, denies that it violated the UCC or the MVSFA, denies any liability to Plaintiffs or any putative class members, and asserts that it is entitled to pursue collection of all deficiency balances on Plaintiffs' and the putative class members' Auto Loans.

2.    **Proposed Settlement.** Plaintiffs and M&T Bank (the "Parties") have agreed, subject to final approval by the Court, to resolve this action on a class-wide basis in accordance with the terms of an executed Class Action Settlement Agreement and Release (the "Settlement Agreement"), a copy of which has been filed at [ECF 404]. Pursuant to the Settlement Agreement, in exchange for a release of the claims of Plaintiffs and the Class Members, except those claims and defenses expressly preserved by the Settlement Agreement, M&T Bank, without admitting any liability, agrees to: (i) make a gross settlement payment of $7,000,000.00; (ii) compromise the

---

Settlement Agreement. The Settlement Agreement, including its exhibits, is incorporated by reference in this Order.

Disputed Deficiency Balances on Plaintiffs' and certain Class Members' Auto Loans[4]; (iii) request that the Credit Reporting Agencies delete the tradelines associated with Plaintiffs' and the Class Members' Auto Loans;[5] and (iv) return to the Class Members any Post-Approval Payments they may make toward their Disputed Deficiency Balances on or after the Effective Date.

3.    **Preliminary Settlement Approval.** The Court preliminarily finds that the Settlement between the Parties, as memorialized in the Settlement Agreement, is fair, adequate, in the best interests of the Class Members, and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Settlement resulted from arm's length negotiations; (b) the Disputed Deficiency Balances being compromised by M&T Bank are disputed liabilities between the Parties; and (c) the Settlement is sufficiently reasonable to warrant notice of the Settlement to the Class Members and a full hearing on the approval of the Settlement.

4.    **Certification of Settlement Class.** Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court certifies, for settlement purposes only, a Class consisting of all Borrowers: (1) who entered into a retail installment sales contract in Pennsylvania for the financing of a Motor Vehicle purchased primarily for personal, family or household use and whose retail installment sales contract was assigned or sold to M&T Bank; and, (2) from whom M&T Bank, as secured party, repossessed the vehicle or ordered it to be repossessed; and (3) whose vehicle was

---

[4] All Class Members are eligible to have their Disputed Deficiency Balances compromised, except: (1) Class Members whose deficiency balances were reduced to judgments as of the Preliminary Approval Date; (2) Class Members who settled their deficiency balances with M&T Bank as of the Preliminary Approval Date; (3) Class Members whose Auto Loans were sold to third-parties as of the Preliminary Approval Date; and (4) Class Members who reinstated their Auto Loans with M&T Bank and/or had their vehicles returned (provided that the vehicles were not subsequently repossessed and sold prior to the Effective Date). Settlement Agreement, § 2.20. Unless otherwise noted, under the terms of the Settlement, these Class Members receive the other benefits of the Settlement in consideration for the release of claims.

[5] All Class Members are eligible to receive this benefit with the exception of those Class Members who redeemed their vehicle and/or reinstated their Auto Loans with M&T Bank and had their vehicles returned (provided that the vehicles were not subsequently repossessed and sold prior to the Effective Date).

repossessed in Pennsylvania; and, (4) who were sent a Notice of Repossession at any time on or after September 22, 2011 through the Preliminary Approval Date. This Class also includes those Borrowers who were either: (1) sent a Post-Sale Notice after their vehicle was sold or (2) not sent a Post-Sale Notice after their vehicle was sold.

5.   **Class Period.** The Class period is September 22, 2011 through the date of this Order.

6.   **Findings as to the Class.** Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily finds, for settlement purposes only, that:

   a.   The Class is so numerous that joinder of all members is impracticable;

   b.   There are questions of law or fact common to the Class for the purposes of determining whether the Settlement should be approved;

   c.   Plaintiffs' claims are typical of the Class claims being resolved through the Settlement;

   d.   Plaintiffs are capable of fairly and adequately protecting the interests of the Class in connection with the proposed Settlement;

   e.   Common questions of law and fact predominate over questions affecting only individual Class Members, and the Class appears to be sufficiently cohesive for settlement of the claims on a class-wide basis; and,

   f.   Certification of the Class is superior to other available methods for the fair and efficient resolution of the Class claims.

7.   **Findings as to the Compromise of the Disputed Deficiency Balances.** Pursuant to the Settlement, M&T Bank shall compromise the Disputed Deficiency Balances of the Class Members (excluding those individuals whose requests for exclusion are approved by the Court or who are not eligible to receive this benefit as described in footnote 4, above).

8.   **Preliminary Appointment of Class Representatives and Class Counsel.** For settlement purposes only, the Court preliminarily appoints Plaintiffs as the class representatives for the Class and preliminarily appoints Richard Shenkan and Shenkan Injury Lawyers, LLC, and

4

James Haggerty and Haggerty, Goldberg, Schleifer & Kupersmith, P.C. as Class Counsel for the Class. The Court preliminarily finds that Plaintiffs and Class Counsel have and will fairly and adequately represent the interests of the Class Members with respect to the Settlement. Plaintiffs and Class Counsel, on behalf of the Class, are authorized to take all appropriate actions required and permitted to be taken by the Settlement Agreement to effectuate its terms.

9.      **Appointment of Settlement Administrator.** Class-Settlement.com is appointed as the third-party administrator (the "Settlement Administrator") to assist in the administration of the Settlement and the notification to the Class Members, as set forth in the Settlement Agreement. The Court finds that it is necessary for M&T Bank to disclose to the Settlement Administrator certain confidential class data, including the names, addresses, telephone numbers, email addresses, and Social Security Numbers of the Class Members, with such information being deemed "Confidential Information" for the purposes of the Confidentiality Agreement and Stipulated Protective Order entered by the Court in this action. (ECF 22, the "Protective Order"). The Settlement Administrator shall agree to be bound by the terms of the Protective Order and shall agree to be subject to the jurisdiction of the Court for the purposes of this action and the Settlement. The Settlement Administrator shall implement rigorous security measures to protect the Class Members' personal Confidential Information and shall not disclose such information to any person other than for purposes to advance the orderly administration of this settlement. The personal Confidential Information of Class Members shall only be used by the Settlement Administrator for purposes of the administration of this Settlement and the Settlement Administrator shall not use the personal Confidential Information for any other purpose.

10.     **Approval of Manner and Form of Proposed Class Notice.** The Court approves the proposed Class Notice attached as Exhibit B to the Settlement Agreement and the proposed manner

of mailing the Class Notice, as set forth in the Settlement Agreement, and finds that the Class Notice fully satisfies the requirements of Due Process, the applicable requirements of the Federal Rules of Civil Procedure, and Class Counsels' obligations to Class Members, and constitutes reasonable and sufficient notice to all Class Members, as practicable under the circumstances. The Class Notice shall be sent by the Settlement Administrator to the Class Members by first-class U.S. mail, postage prepaid, not later than sixty (60) days following the entry of this Order.

11. **Qualified Settlement Fund.** Class Counsel and/or the Settlement Administrator is/are authorized to establish the Settlement Account at PNC Bank (or another federally-insured financial institution to be selected by Class Counsel) which satisfies the requirements to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1, promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. As set forth in the Settlement Agreement, the Settlement Administrator will administer the Settlement Fund and will be the "Administrator" of this Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3). Class Counsel and/or the Settlement Administrator shall establish the Qualified Settlement Fund in accordance with the terms of the Settlement Agreement.

12. **Class Members' Right to Object to the Settlement.** As set forth in the Settlement Agreement and the proposed Class Notice, all Class Members have the right to object to the Settlement or, if a co-obligor, to object to the equal division of the settlement payment for the Auto Loan Account, by sending a written objection to the Settlement Administrator in accordance with the Class Notice. Any objections, filings or other submissions: (a) must identify the case name and docket number; (b) must state the name, address, and telephone number of the objector or, if represented by counsel, the name of the objector, and the name, address, and telephone number of his or her counsel; (c) must be signed by the objector or his or her counsel; and (d) must contain a

6

specific, written statement of the objection(s) and the specific reason(s) for the objection(s). Any objecting Class Member shall have the right to appear and be heard personally or through counsel at the Final Approval Hearing provided that they file and serve a notice of intent to appear at the Final Approval Hearing with his or her objection(s).  As set forth in the Class Notice, any written objections to the Settlement must be post marked on or before the deadline for objections set forth in the Class Notice, which shall be forty (40) days from the date of the initial mailing of the Class Notice. The Settlement Administrator shall, within three (3) business days of receipt, provide Defense Counsel and Class Counsel with copies of any and all written objections to the Settlement.

13.    Unless the Court orders otherwise, any person who does not make his or her objection in the manner provided herein shall, upon the Effective Date, (a) be deemed to have forever waived his or her right to object to any aspect of the proposed Settlement; (b) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement; and (c) be deemed to have waived and forever be barred and foreclosed from being heard in this or any other proceeding with respect to the Settlement.

14.    **Class Members' Right to Request Exclusion from the Classes**. As set forth in the Settlement Agreement and the proposed Class Notice, all Class Members have the right to request exclusion from the Class by sending a written request for exclusion to the Settlement Administrator in accordance with the Class Notice. Any written request for exclusion must: (i) set forth the Class Member's full name, current address, telephone number, and email address, if available; (ii) contain the signature of the Class Member; and (iii) state an intent of all signatories not to participate in the Settlement. For Auto Loans with more than one Borrower, a request for exclusion by any one Borrower of that Auto Loan shall be deemed to be a request for exclusion by all Borrowers of that Auto Loan.  The written request for exclusion must be postmarked on or before

7

the date specified in the Notice, which shall be no later than forty (40) days after the initial mailing of the Notices. Class Members who do not timely exclude themselves from any of the Classes in accordance with the Class Notice shall be bound by the Court's Order finally approving the Settlement, if final approval is granted. Class Counsel shall file copies of all written requests for exclusion from the Classes with Plaintiffs' motion for final approval of the Settlement in advance of the final approval hearing.

15.   **Final Approval Hearing.** A final approval hearing with respect to the Settlement (the "Final Approval Hearing") shall take place before the Honorable Wendy Beetlestone in Courtroom 10-A, at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, on _____ 2022, at _____ (at least ninety (90) days after this Preliminary Approval Order) in accordance with Fed. R. Civ. P. 23 and the Class Action Fairness Act. At the Final Approval Hearing the Court will consider in accordance with Fed. R. Civ. P. 23(e)(2), *inter alia*: (i) whether the Settlement is fair and reasonable; (ii) whether the Class Counsel Fees are fair and reasonable; (iii) whether the Class Counsel Costs are fair and reasonable; (iv) whether the Settlement Administration Costs are fair and reasonable; (v) whether the Incentive Awards are fair and reasonable; and (vi) whether the Final Approval Order, dismissing the Action on the merits and with prejudice as to the Class Members who did not timely excluded themselves from the Classes, should be entered. The Court will also hear and consider any properly lodged objections to the Settlement. Any Class Member may appear and be heard at the Final Approval Hearing, either in person or through counsel retained at the Class Member's expense. The Final Approval Hearing may be postponed, adjourned, or rescheduled by Order of the Court without further notice to the Class Members.

16.   **Hearing Adjournment**. The Court reserves the right to adjourn the date of the Final

Approval Hearing and to modify any other dates set forth in this Order without further notice to the Class Members. The Court may decide to hold the Final Approval Hearing by telephone or videoconference without further notice to Class Members, if circumstances so warrant.  Any Class Member (or his or her counsel) who wishes to appear at the Final Approval Order should consult the Court's docket and/or the Settlement Administrator's website for any changes in the date, time, or format of the hearing.

17. **Motion for Final Approval.** After the Class Notice has been mailed to the Class Members, and no later than thirty (30) days before the Final Approval Hearing, Plaintiffs shall file a Motion for Final Approval seeking a Final Approval Order in accordance with the Settlement Agreement, approving the Agreement as final, fair, reasonable, adequate, and binding on all Class Members who have not excluded themselves from the Classes and ordering that the Settlement Fund be distributed in accordance with the Settlement Agreement and that the additional class relief be conferred to the eligible Class Members in accordance with the Settlement Agreement. The Motion for Final Approval shall include Class Counsel's application for awards of Class Counsel Fees, Class Counsel Costs, Settlement Administration Costs, and Plaintiffs' Incentive Awards.

18. **Stay of Proceedings**. All proceedings in this action, including the disposition of any pending or outstanding motions or other requests for relief – with the exception of ECF 329, 398 and 400 – are stayed pending final approval of the Settlement, except as may be necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination whether the proposed Settlement should be approved, the Court bars and enjoins the Representative Plaintiffs from commencing, instituting, or prosecuting any of the Released Claims against any of the M&T Bank Releasees in any forum.

19. **Effect of Termination.** If the Settlement Agreement is terminated or is not consummated for any reason, or if Final Approval is not obtained, this Order, including the preliminary approval of the Settlement, the conditional certification of a the Class, the preliminary appointment of Plaintiffs as class representatives, and the preliminary appointment of Class Counsel, shall be vacated and deemed void and of no effect, and this action shall proceed as though such approval, certification, and appointments never occurred, with the Parties reserving all rights, including with respect to class certification. Further, in such event, neither the Settlement Agreement, the Motion, this Order, nor any documents related thereto shall be referred to or used by any Party to establish or defend liability, damages, or class certification or for any other purpose.

20. **No Admissions.** Neither this Order nor any act or omission in connection therewith is intended or shall be deemed to be a presumption, concession, or admission by (a) any of the M&T Bank Releasees as to the validity of any claims, causes of action, or other issues raised, or which might have been raised, in the Action, or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability; or (b) Plaintiffs as to the infirmity of any claim or the validity of any defense, or to the amount of any damages. The existence of the Settlement Agreement, its contents, or any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the Action or otherwise, except as may be necessary to effectuate or enforce the Settlement Agreement. This provision shall remain in force in the event that the Settlement Agreement is terminated for any reason whatsoever. Notwithstanding the foregoing, any of the M&T Bank Releasees may file the Settlement

Agreement or any judgment or order of the Court in any other action that has been or may be brought against them, in order to support any and all defenses based on *res judicata*, collateral estoppel, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

21.   **Modification of Settlement**.   The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

22.   **Limited Retention of Jurisdiction.**   After the Effective Date, the Court shall only retain jurisdiction to address any issues associated with the distribution(s) to any *Cy Pres* recipients.  In any action or proceeding to enforce the terms of this Agreement or the Final Approval Order and final judgment, the prevailing party shall be entitled to any award of reasonable attorneys' fees, costs and expenses.

**IT IS SO ORDERED.**                  **BY THE COURT:**

                              _____

                              **HON. WENDY BEETLESTONE, U.S.D.J.**

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. FLYNN, GENE DAISEY, DOUGLAS J. ABBOTT, PERCY CHAPMAN, and JANENE CHAPMAN, individually and on behalf of all others similarly situated, | ) ) ) ) | CIVIL ACTION |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) | Case No. 2:17-cv-04806-WB |
| v. | ) ) ) | |
| MANUFACTURERS AND TRADERS TRUST COMPANY a/k/a M&T BANK, | ) ) ) | |
| Defendant. | ) ) ) | |

## [PROPOSED] FINAL APPROVAL ORDER

The matter coming before the Court on the request for final approval of the class action settlement by Plaintiffs, Edward Flynn, Gene Daisey, Douglas Abbott, Percy Chapman, and Janene Chapman ("Plaintiffs"), and defendant Manufacturers and Traders Trust Company a/k/a M&T Bank ("Defendant"), due notice given, the parties appearing through counsel, and the Court being fully advised in the premises, **IT IS HEREBY ORDERED**:

1.     This Court has jurisdiction over the parties, the Classes[1], and the claims asserted in this lawsuit.

2.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement, in the best interests of the Settlement Class, in light of the factual, legal, practical and procedural considerations raised by this case.

3.     The Class is defined in paragraph 2.08 of the Settlement Agreement.

---

[1] Capitalized terms in this Order have the same meaning as defined in the Settlement Agreement.

4.      Upon the Affidavit of _____ of Class-Settlement.com, the Settlement Administrator, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

5.      Defendant has served the CAFA Notice of Proposed Settlement and complied in all respects with its obligations under 28 U.S.C. § 1715.

6.      [Number] objections or opt-out requests were made by Class Members. [Discussion of Objection / Opt-outs as necessary].

7.      The Court hereby finds that the Settlement Agreement is the result of good faith, arm's-length negotiations by the parties thereto, and that it will further the interests of justice. The Settlement Agreement is hereby incorporated into and adopted as part of this Order.

8.      After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that (a) the class representatives and class counsel have adequately represented the class; (b) the settlement was negotiated at arm's length, (c) the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the class, including the method of processing class member claims, (iii) the terms of the proposed award of attorneys' fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the settlement treats class members equitably relative to each other, and is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of

settlement terms that would be considered fair, adequate and reasonable. Accordingly, the Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him or her) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement, if applicable to them.

9.    A Settlement Fund has been created consisting of the $7,000,000 Settlement Amount. The Settlement Fund shall be used to pay Class Members, the Settlement Administration Costs, Class Counsel Fees, Class Counsel Costs, and Incentive Awards as set forth in the Settlement Agreement.  All unclaimed and excess monies in the Settlement Fund shall be distributed to *Cy Pres* recipient(s) _____ no later than 180 days after the Distribution Date.

10.    The Court approves Class Counsel Fees in the total amount of $2,800,000 plus Class Counsel Costs incurred to date in the amount of $_____. Those amounts shall be paid from the Settlement Fund as directed by the Settlement Agreement or otherwise by direction of Richard Shenkan. In light of the tax related matters pertaining to the class members and as additional costs are anticipated for the execution of the terms of the settlement, Plaintiffs' counsel may make subsequent requests for additional reimbursement of costs.

11.    The Court approves Incentive Awards of $10,000 each for Edward Flynn, Gene Daisey, Douglas Abbott, Percy Chapman, Janene Chapman, and $4,500 for Catherine Hosick for having served as the Class Representatives. This amount shall be paid from the Settlement Fund as directed by the Settlement Agreement. By consent of M&T Bank and for good cause, the funds escrowed in Douglas Abbott's bankruptcy proceeding in the amount of $4,376.25 is hereby

released and directed to be returned to Douglas Abbott, subject only to order of the Bankruptcy Court.

12.     The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties shall carry out their respective obligations under that Agreement.

13.     The Released Claims of the Class Releasors and of the M&T Bank Releasors, as set forth in paragraphs 2.15, 2.29, 2.41, 9.01, and 9.02 of the Settlement Agreement, are hereby dismissed with prejudice.

14.     The terms of the Settlement Agreement and of this Order shall be forever binding on the Class Releasors and M&T Bank Releasors, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve Released Claims.

15.     If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement, this Order, or the Judgment do not for any reason become effective, or (c) the Settlement Agreement, this order, or the Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this order and the Judgment shall be void and be deemed vacated.

16.     The Court finds that Class Counsel have adequately represented the Class in this matter.

17.     After the Effective Date, the Court shall only retain jurisdiction to address any issues associated with the distribution(s) to any *Cy Pres* recipients.  In any action or proceeding to

enforce the terms of this Agreement or the Final Approval Order and final judgment, the prevailing party shall be entitled to any award of reasonable attorneys' fees, costs and expenses.

18.     Final judgment is entered as provided herein.

19.     All claims against the Defendant are hereby dismissed with prejudice. This case shall remain open for administrative matters only.


**BY THE COURT:**


**Dated: _____, 202_**            _____
                                        **WENDY BEETLESTONE, J.**
                                        **United States District Judge**