IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD R. FLYNN, GENE DAISEY, DOUGLAS J. ABBOTT, PERCY CHAPMAN, and JANENE CHAPMAN, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>MANUFACTURERS AND TRADERS TRUST COMPANY a/k/a M&T BANK,<br><br>Defendant. | CIVIL ACTION<br><br>CLASS ACTION<br><br>Case No. 2:17-cv-04806-WB |

## ORDER

**AND NOW**, this 8th day of August, 2022, upon consideration of Plaintiffs' Motion for Preliminary Settlement Approval, Certification of Settlement Classes, and Approval of Class Settlement Notice (the "Motion") and response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is further **ORDERED** as follows:

1. **Summary of Claims.** Plaintiffs[1] commenced this putative class action against Defendant, Manufacturers and Traders Trust Company a/k/a M&T Bank ("M&T Bank"),[2] asserting claims on their own behalf and on behalf of similarly-situated Pennsylvania consumer auto loan borrowers arising from M&T Bank's practices with respect to sending: (i) Post-

---

[1] On March 12, 2021, the Court entered an Order dismissing Catherine Hosick as a named Plaintiff (and holding that she would participate as a putative class member) and replacing her with Percy Chapman and Janene Chapman, who were added as named Plaintiffs on this date. (ECF 259).

[2] Plaintiffs Second Amended Complaint (ECF 59) also named M&T Bank Corporation as a Defendant, but this Defendant was voluntarily dismissed without prejudice on June 21, 2018. (ECF 68; ECF 69).

Repossession Consumer Disclosure Notices[3] informing Pennsylvania consumer borrowers of the repossession of their motor vehicles and M&T Bank's intention to dispose of the repossessed motor vehicle; and, (ii) Post-Sale Notices to Pennsylvania consumer borrowers explaining the calculation of the claimed post-sale deficiency balances on the borrowers' loans. Plaintiffs allege, *inter alia*, that M&T Bank violated the Pennsylvania Uniform Commercial Code, 13 Pa. C.S. § 9601, *et seq.* (the "UCC"), independently and violated the UCC *in pari materia* with the Pennsylvania Motor Vehicle Sales Finance Act ("the MVSFA"). In addition to seeking statutory damages, Plaintiffs seek the compromise of the Disputed Deficiency Balances that M&T Bank claims are owed following the sales (where applicable) of Plaintiff(s)' and the putative class members' repossessed motor vehicles, the reimbursement of certain amounts paid by the putative class members in respect of the Disputed Deficiency Balances, and the removal of the credit trade lines for Plaintiffs and each putative class member relating to their Auto Loans. M&T Bank, on the other hand, denies that it violated the UCC or the MVSFA, denies any liability to Plaintiffs or any putative class members, and asserts that it is entitled to pursue collection of all deficiency balances on Plaintiffs' and the putative class members' Auto Loans.

2. **Proposed Settlement.** Plaintiffs and M&T Bank (the "Parties") have agreed, subject to final approval by the Court, to resolve this action on a class-wide basis in accordance with the terms of an executed Class Action Settlement Agreement and Release (the "Settlement Agreement"), a copy of which has been filed at [ECF 404]. Pursuant to the Settlement Agreement, in exchange for a release of the claims of Plaintiffs and the Class Members, except those claims and defenses expressly preserved by the Settlement Agreement, M&T Bank, without admitting

---

[3] Unless defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Settlement Agreement. The Settlement Agreement, including its exhibits, is incorporated by reference in this Order.

any liability, agrees to: (i) make a gross settlement payment of $7,000,000.00; (ii) compromise the Disputed Deficiency Balances on Plaintiffs' and certain Class Members' Auto Loans[4]; (iii) request that the Credit Reporting Agencies delete the tradelines associated with Plaintiffs' and the Class Members' Auto Loans;[5] and (iv) return to the Class Members any Post-Approval Payments they may make toward their Disputed Deficiency Balances on or after the Effective Date.

3. **Preliminary Settlement Approval.** The Court preliminarily finds that the Settlement between the Parties, as memorialized in the Settlement Agreement, is fair, adequate, in the best interests of the Class Members, and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Settlement resulted from arm's length negotiations; (b) the Disputed Deficiency Balances being compromised by M&T Bank are disputed liabilities between the Parties; and (c) the Settlement is sufficiently reasonable to warrant notice of the Settlement to the Class Members and a full hearing on the approval of the Settlement.

4. **Certification of Settlement Class.** Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court certifies, for settlement purposes only, a Class consisting of all Borrowers: (1) who entered into a retail installment sales contract in Pennsylvania for the financing of a Motor Vehicle purchased primarily for personal, family or household use and whose retail installment sales contract was assigned or sold to M&T Bank; and, (2) from whom M&T Bank, as secured

---

[4] All Class Members are eligible to have their Disputed Deficiency Balances compromised, except: (1) Class Members whose deficiency balances were reduced to judgments as of the Preliminary Approval Date; (2) Class Members who settled their deficiency balances with M&T Bank as of the Preliminary Approval Date; (3) Class Members whose Auto Loans were sold to third-parties as of the Preliminary Approval Date; and (4) Class Members who reinstated their Auto Loans with M&T Bank and/or had their vehicles returned (provided that the vehicles were not subsequently repossessed and sold prior to the Effective Date). Settlement Agreement, § 2.20. Unless otherwise noted, under the terms of the Settlement, these Class Members receive the other benefits of the Settlement in consideration for the release of claims.

[5] All Class Members are eligible to receive this benefit with the exception of those Class Members who redeemed their vehicle and/or reinstated their Auto Loans with M&T Bank and had their vehicles returned (provided that the vehicles were not subsequently repossessed and sold prior to the Effective Date).

party, repossessed the vehicle or ordered it to be repossessed; and (3) whose vehicle was repossessed in Pennsylvania; and, (4) who were sent a Notice of Repossession at any time on or after September 22, 2011 through the Preliminary Approval Date. This Class also includes those Borrowers who were either: (1) sent a Post-Sale Notice after their vehicle was sold or (2) not sent a Post-Sale Notice after their vehicle was sold.

5. **Class Period.** The Class period is September 22, 2011 through the date of this Order.

6. **Findings as to the Class.** Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily finds, for settlement purposes only, that:

   a. The Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Class for the purposes of determining whether the Settlement should be approved;

   c. Plaintiffs' claims are typical of the Class claims being resolved through the Settlement;

   d. Plaintiffs are capable of fairly and adequately protecting the interests of the Class in connection with the proposed Settlement;

   e. Common questions of law and fact predominate over questions affecting only individual Class Members, and the Class appears to be sufficiently cohesive for settlement of the claims on a class-wide basis; and,

   f. Certification of the Class is superior to other available methods for the fair and efficient resolution of the Class claims.

7. **Findings as to the Compromise of the Disputed Deficiency Balances.** Pursuant to the Settlement, M&T Bank shall compromise the Disputed Deficiency Balances of the Class Members (excluding those individuals whose requests for exclusion are approved by the Court or who are not eligible to receive this benefit as described in footnote 4, above).

8. **Preliminary Appointment of Class Representatives and Class Counsel.** For settlement purposes only, the Court preliminarily appoints Plaintiffs as the class representatives

for the Class and preliminarily appoints Richard Shenkan and Shenkan Injury Lawyers, LLC, and James Haggerty and Haggerty, Goldberg, Schleifer & Kupersmith, P.C. as Class Counsel for the Class. The Court preliminarily finds that Plaintiffs and Class Counsel have and will fairly and adequately represent the interests of the Class Members with respect to the Settlement. Plaintiffs and Class Counsel, on behalf of the Class, are authorized to take all appropriate actions required and permitted to be taken by the Settlement Agreement to effectuate its terms.

9. **Appointment of Settlement Administrator.** Class-Settlement.com is appointed as the third-party administrator (the "Settlement Administrator") to assist in the administration of the Settlement and the notification to the Class Members, as set forth in the Settlement Agreement. The Court finds that it is necessary for M&T Bank to disclose to the Settlement Administrator certain confidential class data, including the names, addresses, telephone numbers, email addresses, and Social Security Numbers of the Class Members, with such information being deemed "Confidential Information" for the purposes of the Confidentiality Agreement and Stipulated Protective Order entered by the Court in this action. (ECF 22, the "Protective Order"). The Settlement Administrator shall agree to be bound by the terms of the Protective Order and shall agree to be subject to the jurisdiction of the Court for the purposes of this action and the Settlement. The Settlement Administrator shall implement rigorous security measures to protect the Class Members' personal Confidential Information and shall not disclose such information to any person other than for purposes to advance the orderly administration of this settlement. The personal Confidential Information of Class Members shall only be used by the Settlement Administrator for purposes of the administration of this Settlement and the Settlement Administrator shall not use the personal Confidential Information for any other purpose.

10. **Approval of Manner and Form of Proposed Class Notice.** The Court approves the

proposed Class Notice attached as Exhibit B to the Settlement Agreement and the proposed manner of mailing the Class Notice, as set forth in the Settlement Agreement, and finds that the Class Notice fully satisfies the requirements of Due Process, the applicable requirements of the Federal Rules of Civil Procedure, and Class Counsels' obligations to Class Members, and constitutes reasonable and sufficient notice to all Class Members, as practicable under the circumstances. The Class Notice shall be sent by the Settlement Administrator to the Class Members by first-class U.S. mail, postage prepaid, not later than sixty (60) days following the entry of this Order.

11. **Qualified Settlement Fund.** Class Counsel and/or the Settlement Administrator is/are authorized to establish the Settlement Account at PNC Bank (or another federally-insured financial institution to be selected by Class Counsel) which satisfies the requirements to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1, promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. As set forth in the Settlement Agreement, the Settlement Administrator will administer the Settlement Fund and will be the "Administrator" of this Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3). Class Counsel and/or the Settlement Administrator shall establish the Qualified Settlement Fund in accordance with the terms of the Settlement Agreement.

12. **Class Members' Right to Object to the Settlement.** As set forth in the Settlement Agreement and the proposed Class Notice, all Class Members have the right to object to the Settlement or, if a co-obligor, to object to the equal division of the settlement payment for the Auto Loan Account, by sending a written objection to the Settlement Administrator in accordance with the Class Notice. Any objections, filings or other submissions: (a) must identify the case name and docket number; (b) must state the name, address, and telephone number of the objector or, if represented by counsel, the name of the objector, and the name, address, and telephone number of

his or her counsel; (c) must be signed by the objector or his or her counsel; and (d) must contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s). Any objecting Class Member shall have the right to appear and be heard personally or through counsel at the Final Approval Hearing provided that they file and serve a notice of intent to appear at the Final Approval Hearing with his or her objection(s).  As set forth in the Class Notice, any written objections to the Settlement must be post marked on or before the deadline for objections set forth in the Class Notice, which shall be forty (40) days from the date of the initial mailing of the Class Notice. The Settlement Administrator shall, within three (3) business days of receipt, provide Defense Counsel and Class Counsel with copies of any and all written objections to the Settlement.

13.     Unless the Court orders otherwise, any person who does not make his or her objection in the manner provided herein shall, upon the Effective Date, (a) be deemed to have forever waived his or her right to object to any aspect of the proposed Settlement; (b) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement; and (c) be deemed to have waived and forever be barred and foreclosed from being heard in this or any other proceeding with respect to the Settlement.

14.     **Class Members' Right to Request Exclusion from the Classes**. As set forth in the Settlement Agreement and the proposed Class Notice, all Class Members have the right to request exclusion from the Class by sending a written request for exclusion to the Settlement Administrator in accordance with the Class Notice. Any written request for exclusion must: (i) set forth the Class Member's full name, current address, telephone number, and email address, if available; (ii) contain the signature of the Class Member; and (iii) state an intent of all signatories not to participate in the Settlement.  For Auto Loans with more than one Borrower, a request for exclusion by any one Borrower of that Auto Loan shall be deemed to be a request for exclusion by all

Borrowers of that Auto Loan. The written request for exclusion must be postmarked on or before the date specified in the Notice, which shall be no later than forty (40) days after the initial mailing of the Notices. Class Members who do not timely exclude themselves from any of the Classes in accordance with the Class Notice shall be bound by the Court's Order finally approving the Settlement, if final approval is granted. Class Counsel shall file copies of all written requests for exclusion from the Classes with Plaintiffs' motion for final approval of the Settlement in advance of the final approval hearing.

15. **Final Approval Hearing**. A final approval hearing with respect to the Settlement (the "Final Approval Hearing") shall take place before the Honorable Wendy Beetlestone in Courtroom 10-A, at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, on **November 22, 2022, at 10:00 A.M.** in accordance with Fed. R. Civ. P. 23 and the Class Action Fairness Act. At the Final Approval Hearing the Court will consider in accordance with Fed. R. Civ. P. 23(e)(2), *inter alia*: (i) whether the Settlement is fair and reasonable; (ii) whether the Class Counsel Fees are fair and reasonable; (iii) whether the Class Counsel Costs are fair and reasonable; (iv) whether the Settlement Administration Costs are fair and reasonable; (v) whether the Incentive Awards are fair and reasonable; and (vi) whether the Final Approval Order, dismissing the Action on the merits and with prejudice as to the Class Members who did not timely excluded themselves from the Classes, should be entered. The Court will also hear and consider any properly lodged objections to the Settlement. Any Class Member may appear and be heard at the Final Approval Hearing, either in person or through counsel retained at the Class Member's expense. The Final Approval Hearing may be postponed, adjourned, or rescheduled by Order of the Court without further notice to the Class Members.

16. **Hearing Adjournment**. The Court reserves the right to adjourn the date of the Final

Approval Hearing and to modify any other dates set forth in this Order without further notice to the Class Members. The Court may decide to hold the Final Approval Hearing by telephone or videoconference without further notice to Class Members, if circumstances so warrant.  Any Class Member (or his or her counsel) who wishes to appear at the Final Approval Order should consult the Court's docket and/or the Settlement Administrator's website for any changes in the date, time, or format of the hearing.

17. **Motion for Final Approval.** After the Class Notice has been mailed to the Class Members, and no later than thirty (30) days before the Final Approval Hearing, Plaintiffs shall file a Motion for Final Approval seeking a Final Approval Order in accordance with the Settlement Agreement, approving the Agreement as final, fair, reasonable, adequate, and binding on all Class Members who have not excluded themselves from the Classes and ordering that the Settlement Fund be distributed in accordance with the Settlement Agreement and that the additional class relief be conferred to the eligible Class Members in accordance with the Settlement Agreement. The Motion for Final Approval shall include Class Counsel's application for awards of Class Counsel Fees, Class Counsel Costs, Settlement Administration Costs, and Plaintiffs' Incentive Awards.

18. **Stay of Proceedings.** All proceedings in this action, including the disposition of any pending or outstanding motions or other requests for relief – with the exception of ECF 329, 398 and 400 –  are stayed pending final approval of the Settlement, except as may be necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination whether the proposed Settlement should be approved, the Court bars and enjoins the Representative Plaintiffs from commencing, instituting, or prosecuting any of the Released Claims against any of the M&T Bank Releasees in any forum.

19. **Effect of Termination.** If the Settlement Agreement is terminated or is not consummated for any reason, or if Final Approval is not obtained, this Order, including the preliminary approval of the Settlement, the conditional certification of a the Class, the preliminary appointment of Plaintiffs as class representatives, and the preliminary appointment of Class Counsel, shall be vacated and deemed void and of no effect, and this action shall proceed as though such approval, certification, and appointments never occurred, with the Parties reserving all rights, including with respect to class certification. Further, in such event, neither the Settlement Agreement, the Motion, this Order, nor any documents related thereto shall be referred to or used by any Party to establish or defend liability, damages, or class certification or for any other purpose.

20. **No Admissions.** Neither this Order nor any act or omission in connection therewith is intended or shall be deemed to be a presumption, concession, or admission by (a) any of the M&T Bank Releasees as to the validity of any claims, causes of action, or other issues raised, or which might have been raised, in the Action, or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability; or (b) Plaintiffs as to the infirmity of any claim or the validity of any defense, or to the amount of any damages.  The existence of the Settlement Agreement, its contents, or any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the Action or otherwise, except as may be necessary to effectuate or enforce the Settlement Agreement.  This provision shall remain in force in the event that the Settlement Agreement is terminated for any reason whatsoever. Notwithstanding the foregoing, any of the M&T Bank Releasees may file the Settlement

Agreement or any judgment or order of the Court in any other action that has been or may be brought against them, in order to support any and all defenses based on *res judicata*, collateral estoppel, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

21. **Modification of Settlement**.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

22. **Limited Retention of Jurisdiction.**  After the Effective Date, the Court shall only retain jurisdiction to address any issues associated with the distribution(s) to any *Cy Pres* recipients.  In any action or proceeding to enforce the terms of this Agreement or the Final Approval Order and final judgment, the prevailing party shall be entitled to any award of reasonable attorneys' fees, costs and expenses.

IT IS SO ORDERED.                              BY THE COURT:

/s/Wendy Beetlestone, J.

_____
HON. WENDY BEETLESTONE, U.S.D.J.