IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. FLYNN, GENE DAISEY, DOUGLAS J. ABBOTT, PERCY CHAPMAN, and JANENE CHAPMAN, individually and on behalf of all others similarly situated | ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) ) | CLASS ACTION |
| v. | ) ) ) | Case No. 2:17-cv-04806-WB |
| MANUFACTURERS AND TRADERS TRUST COMPANY a/k/a M&T BANK, | ) ) ) ) | |
| Defendant. | ) ) ) ) ) | |

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, CERTIFICATION OF SETTLEMENT
CLASS, APPROVAL OF ATTORNEY FEES AND COSTS, ENTRY OF
FINAL JUDGMENT, AND DISMISSAL WITH PREJUDICE**

Plaintiffs, by and through their undersigned counsel, file this Motion for Final Approval

Settlement Agreement, Certification of Settlement Class, Approval of Attorney Fees and Costs,

Entry of Final Judgment, and Dismissal with Prejudice, stating as follows:

1.      On July 21, 2022, Plaintiffs filed their Motion for Preliminary Settlement Approval,

Certification of Settlement Class, and Approval of Class Settlement Notice and Memorandum in

Support (ECF 395).

2.      On August 8, 2022, the Court entered an Order (ECF 407) preliminarily approving

the Settlement Agreement and Class Notice, certifying the Class, and authorizing the

dissemination of Notice of the proposed Settlement to the members of the Class.

3.      On October 7, 2022, court-approved Class Notice was sent to 8,001 Class Members

with a response deadline of November 16, 2022.

4.      No objections to the Settlement or opt-out notices were received by the Settlement Administrator to date.  This brief is being filed prior to the Opt-Out Deadline and Objection Deadline, and a supplement as to any opt-outs or objections received after the filing of this Motion will be filed by Plaintiffs before the Final Approval Hearing.

5.      On November 22, 2022, the Court is scheduled to convene a Final Approval Hearing, commencing at 10:00 a.m. (ECF 407).

6.      For the reasons set forth in the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval Settlement Agreement, Certification of Settlement Class, Approval of Attorney Fees and Costs, Entry of Final Judgment, and Dismissal with Prejudice, which is being filed contemporaneously herewith, and based on the other pleadings filed in this matter, as well as the legal arguments, and the testimony and the other evidence adduced at the Fairness Hearing, Plaintiffs submit that they have made all appropriate showings and satisfied any other requirements necessary for the Court to grant the present Motion.

WHEREFORE, Plaintiffs respectfully request that the Court grant the relief requested in the present Motion in full, including, *inter alia*, the following elements comprising it:

- Final approval of the Settlement Agreement and the Settlement of this action;

- Certifying, unconditionally, the Settlement Class as defined in the Settlement Agreement;

- Approving Class Counsel Costs as requested;

- Approving Class Counsel Costs and Settlement Administration Costs incurred to date;

- Approving the Incentive Awards to the Representative Plaintiffs and former Representative Plaintiff Catherine Hosick;

- Entering final judgment in this matter; and,

- Dismissing the Released Claims with prejudice, leaving open the docket for administrative matters only.

A proposed Final Approval Order, which has been approved by Defendant M&T, (Settlement

Agreement, ¶5.08, ECF 404), is attached as **Exhibit 1**.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.

_____          10/24/22
By: Richard Shenkan                       Date
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent to all counsel of record on October 24, 2022
via the Court's electronic court filing system (ECF).

SHENKAN INJURY LAWYERS, LLC.

_____          10/24/22
By: Richard Shenkan                       Date

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. FLYNN, GENE DAISEY, DOUGLAS J. ABBOTT, PERCY CHAPMAN, and JANENE CHAPMAN, individually and on behalf of all others similarly situated, | ) ) ) ) ) | CIVIL ACTION<br><br>CLASS ACTION |
| Plaintiffs, | ) ) ) | Case No. 2:17-cv-04806-WB |
| v. | ) ) ) | |
| MANUFACTURERS AND TRADERS TRUST COMPANY a/k/a M&T BANK, | ) ) ) | |
| Defendant. | ) ) | |

## [PROPOSED] FINAL APPROVAL ORDER

The matter coming before the Court on the request for final approval of the class action settlement by Plaintiffs, Edward Flynn, Gene Daisey, Douglas Abbott, Percy Chapman, and Janene Chapman ("Plaintiffs"), and defendant Manufacturers and Traders Trust Company a/k/a M&T Bank ("Defendant"), due notice given, the parties appearing through counsel, and the Court being fully advised in the premises, **IT IS HEREBY ORDERED:**

1.     This Court has jurisdiction over the parties, the Classes [1], and the claims asserted in this lawsuit.

2.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement, in the best interests of the Settlement Class, in light of the factual, legal, practical and procedural considerations raised by this case.

3.     The Class is defined in paragraph 2.08 of the Settlement Agreement.

---

[1] Capitalized terms in this Order have the same meaning as defined in the Settlement Agreement.

4.      Upon the Affidavit of Dorothy Merryman of Class-Settlement.com, the Settlement Administrator, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(l).

5.      Defendant has served the CAFA Notice of Proposed Settlement and complied in all respects with its obligations under 28 U.S.C. § 1715.

6.      _____ objections and ____ opt-out requests were made by Class Members.

7.      The Court hereby finds that the Settlement Agreement is the result of good faith, arm's-length negotiations by the parties thereto, and that it will further the interests of justice. The Settlement Agreement is hereby incorporated into and adopted as part of this Order.

8.      After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that (a) the class representatives and class counsel have adequately represented the class; (b) the settlement was negotiated at arm's length, (c) the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the class, including the method of processing class member claims, (iii) the terms of the proposed award of attorneys' fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the settlement treats class members equitably relative to each other, and is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of

settlement terms that would be considered fair, adequate and reasonable. Accordingly, the Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him or her) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement, if applicable to them.

9.      A Settlement Fund has been created consisting of the $7,000,000 Settlement Amount. The Settlement Fund shall be used to pay Class Members, the Settlement Administration Costs, Class Counsel Fees, Class Counsel Costs, and Incentive Awards as set forth in the Settlement Agreement. All unclaimed and excess monies in the Settlement Fund shall be distributed to *Cy Pres* recipient(s) _____ no later than 180 days after the Distribution Date.

10.     The Court approves Class Counsel Fees in the total amount of $2,800,000 plus Class Counsel Costs incurred to date in the amount of $_____. Those amounts shall be paid from the Settlement Fund as directed by the Settlement Agreement or otherwise by direction of Richard Shenkan. In light of the tax related matters pertaining to the class members and as additional costs are anticipated for the execution of the terms of the settlement, Plaintiffs' counsel may make subsequent requests for additional reimbursement of costs.

11.     The Court approves Incentive Awards of $10,000 each for Edward Flynn, Gene Daisey, Douglas Abbott, Percy Chapman, Janene Chapman, and $4,500 for Catherine Hosick for having served as the Class Representatives. This amount shall be paid from the Settlement Fund as directed by the Settlement Agreement. By consent of M&T Bank and for good cause, the funds escrowed in Douglas Abbott's bankruptcy proceeding in the amount of $4,376.25 is hereby

released and directed to be returned to Douglas Abbott, subject only to order of the Bankruptcy Court.

12.      The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties shall carry out their respective obligations under that Agreement.

13.      The Released Claims of the Class Releasors and of the M&T Bank Releasors, as set forth in paragraphs 2.15, 2.29, 2.41, 9.01, and 9.02 of the Settlement Agreement, are hereby dismissed with prejudice.

14.      The terms of the Settlement Agreement and of this Order shall be forever binding on the Class Releasors and M&T Bank Releasors, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve Released Claims.

15.      If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement, this Order, or the Judgment do not for any reason become effective, or (c) the Settlement Agreement, this order, or the Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this order and the Judgment shall be void and be deemed vacated.

16.      The Court finds that Class Counsel have adequately represented the Class in this matter.

17.      After the Effective Date, the Court shall only retain jurisdiction to address any issues associated with the distribution(s) to any *Cy Pres* recipients. In any action or proceeding to

enforce the terms of this Agreement or the Final Approval Order and final judgment, the prevailing

party shall be entitled to any award of reasonable attorneys' fees, costs and expenses.

      18.    Final judgment is entered as provided herein.

      19.    All claims against the Defendant are hereby dismissed with prejudice. This case

shall remain open for administrative matters only.

**BY THE COURT:**

**Dated:** _____, 202        _____

**WENDY BEETLESTONE, J.**
**United States District Judge**